UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,

Docket No.:

08 CV 01056

NOTICE OF REMOVAL

                    Plaintiffs,

       -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

                    Defendants.

-----------------------------------------------------------------X

COUNSELORS:

     **PLEASE TAKE NOTICE** that the defendant, THE VILLAGE OF PIERMONT,

(collectively referred to herein as "Village"), by and through their attorneys, RUTHERFORD &

CHRISTIE, LLP, hereby removes this action to the United States District Court for the Southern

District of New York, pursuant to 28 U.S.C.§1331 and §1441(b).

     1.    This action was commenced against the Village in the Supreme Court of the State of

New York, County of Rockland, by the filing of a Summons and Verified Complaint with the Clerk

of the Court on or about January 22, 2008;

     2.    Upon information and belief, and pursuant to the averments in the Summons and

Verified Complaint, the plaintiffs seek damages arising out of alleged  a) violations of the due

process and equal protection pursuant to the Fourteenth Amendment of the U.S. Constitution and b) violations of the right to free speech pursuant to the First Amendment of the U.S. Constitution. The Summons and Verified Complaint also seeks an Order requesting that Article 19 of New York State Real Property Tax law to be declared unconstitutional.

3.    The plaintiffs' complaint raises a federal question under 28 U.S.C. §1331. Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint, which constitutes all process, pleadings or orders served and/or filed in the Supreme Court of the State of New York by the parties to date, is annexed hereto as Exhibit "A" and made a part of this Notice of Removal by reference.

4.    This Court has original jurisdiction over the plaintiffs' claims of violations of constitutional rights and civil liberties pursuant to 28 U.S.C.§1343 and 1441(b). Accordingly, this cause of action, as well as any pendant state law claims, are subject to the within Court's jurisdiction.

5.    The Village was served with a copy of the initial pleading setting forth their claims, upon which this action is based, on or about January 23, 2008.

6.    In accordance with 28 U.S.C.§1446(b), defendants file this Notice of Removal within Thirty (30) days after receipt of the initial pleading.

7.    Based upon the facts set forth above, this Notice of Removal is timely under 28 U.S.C.§1446(b).

8.    The Village will pay all costs and disbursements by reason of this removal proceeding should it be determined that this case is not removable or is improperly removed.

9.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE,** and without waiver of any substantial or procedural defenses, defendant, THE VILLAGE OF PIERMONT, requests that this Court assume jurisdiction over this action and make such further orders herein as may be required to properly determine its controversy.

Dated: New York, New York
       February 1, 2008

Yours, etc.

**RUTHERFORD & CHRISTIE, LLP**

By: _____
       Lewis R. Silverman, Esq. (LRS 9723)
       Julie A. Rivera, Esq. (JAR 1817)
       Attorneys for the Defendant: Village of Piermont
       369 Lexington Avenue, 8th Floor
       New York, New York 10017
       (212) 599-5799
       Our File No.: 1020.028

To:    Feerick Lynch MacCartney PLLC
       Attn: Dennis Lynch, Esq.
       Attorneys for Plaintiff
       96 South Broadway
       South Nyack, New York 10960
       (845) 353-2000

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of DEFENDANT'S NOTICE OF REMOVAL, TO THE

CLERK OF THE SUPREME COURT, ROCKLAND COUNTY, NOTICE OF REMOVAL and

NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL were served via regular

mail to Feerick Lynch MacCartney PLLC, Attn: Dennis Lynch, Esq., Attorneys for Plaintiff, 96

South Broadway, South Nyack, New York 10960 on the 1ST day of February, 2008.

**RUTHERFORD & CHRISTIE, LLP**

By: _____

Julie A. Rivera, Esq. (JAR 1817)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X       Docket No.:

LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &            **NOTICE TO ADVERSE**
ABBOTTSFORD GATE CONDOMINIUM,               **PARTY OF FILING OF**
DeVRIES POINT CONDOMINIUM, and              **NOTICE OF REMOVAL**
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,

                 Plaintiffs,

      -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

               Defendants.
----------------------------------------------------------------X

     **PLEASE TAKE NOTICE,**  that on February 1, 2008, defendant, THE VILLAGE OF

PIERMONT, (collectively referred to herein as "Village"), duly filed the Notice of Removal in this

action in its entirety to the United States District Court for the Southern District of New York.

     A copy of the Notice of Removal with copies of all process, pleadings and orders served

on the defendant, Village, and/or filed in the Supreme Court of the State of New York, County of

Rockland, are annexed hereto.

Dated: New York, New York
      February 1, 2008           Yours, etc.

           **RUTHERFORD & CHRISTIE, LLP**

           By:_____
              Lewis R. Silverman, Esq. (LRS 9723)
              Julie A. Rivera, Esq. (JAR 1817)
              Attorneys for the Defendant: Village of Piermont
              369 Lexington Avenue, 8th Floor
              New York, New York 10017
              (212) 599-5799
              Our File No.: 1020.028

To:    Feerick Lynch MacCartney PLLC
       Attn: Dennis Lynch, Esq.
       Attorneys for Plaintiff
       96 South Broadway
       South Nyack, New York 10960
       (845) 353-2000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------X

LOUIS A. TERMINELLO, MICHAEL MILLER,        **Index No.: SU-2008-00538**
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &           **NOTICE OF REMOVAL**
ABBOTTSFORD GATE CONDOMINIUM,           **TO THE CLERK OF**
DeVRIES POINT CONDOMINIUM, and            **THE SUPREME COURT,**
PARADISE HARBOR AT PIERMONT LANDING   **<u>ROCKLAND COUNTY</u>**
CONDOMINIUM,

                Plaintiffs,


      -against-


THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

               Defendants.
------------------------------------------------------------------X

TO:    CLERK OF THE SUPREME COURT OF NEW YORK
       COUNTY OF ROCKLAND
       1 South Main Street, Suite 200
       New City, New York 10956


       **PLEASE TAKE NOTICE** that on February 1, 2008, the defendant, THE VILLAGE OF

PIERMONT duly filed a Notice of Removal, a copy of which is annexed hereto, removing this

action in its entirety to the United States District Court for the Southern District of New York.

Dated: New York, New York
      February 1, 2008          Yours, etc.,

             **RUTHERFORD & CHRISTIE, LLP**

             By:   _____
                  Lewis R. Silverman, Esq. (LRS 9723)
                  Julie A. Rivera, Esq. (JAR 1817)
                  Attorneys for Defendant: Village of Piermont
                  369 Lexington Avenue, 8th Floor
                  New York, New York 10017
                  (212) 599-5799
                  Our File No.: 1020.028

TO:   Feerick Lynch MacCartney PLLC
      Attn: Dennis Lynch, Esq.
      Attorneys for Plaintiff
      96 South Broadway
      South Nyack, New York 10960
      (845) 353-2000

## AFFIDAVIT OF SERVICE VIA MAIL

STATE OF NEW YORK        }
                         } ss.:
COUNTY OF NEW YORK       }

**Malta Gonzalez**, being duly sworn, deposes and says:

Deponent is not a party to the within action, is over 18 years of age and resides in New York, New York County.

That on the 1st day of February, 2008 deponent served the within **NOTICE OF REMOVAL TO THE CLERK OF THE SUPREME COURT, ROCKLAND COUNTY** upon:

Feerick Lynch MacCartney PLLC
Attn: Dennis Lynch, Esq.
Attorneys for Plaintiff
96 South Broadway
South Nyack, New York 10960
(845) 353-2000

in this action, at the address(es) designated by said attorney(s) for that purpose by depositing a certified mail and copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

**Malta Gonzalez**

Sworn to before me on this
1st day of February, 2008

NOTARY PUBLIC

LEWIS R. SILVERMAN
Notary Public, State of New York
No. 02SI5049718
Qualified in Westchester County
Commission Expires Sept. 18, 20___

JAN-23-2008 15:21   FROM:VILLAGE OF PIERMONT 8453593468          01/24/2008 10:32 AM D7AE2_78

Doc ID:    Type: COU
Recorded: 01/22/2008
Fee Amt: $210.00 Page 1 of
Rockland County, NY
Paul Piperato County Clerk

# SU-2008-00538

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------x
LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,

|  |  |
|---|---|
|  | Index No.: |
|  | Date Purchased: _____ |
|  | Plaintiff designates |
|  | ROCKLAND |
|  | as the place of trial |

                              Plaintiffs,

The basis of the venue is
residence of individual
Plaintiffs

    -against-

**SUMMONS**

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

Plaintiffs reside in
the Village of Piermont,
Rockland County, New York

                              Defendants.

------------------------------------------------------x

**To the above named Defendants:**

       **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of
your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the
Plaintiffs Attorney(s) within twenty (20) days after the service of this Summons, exclusive of the date of
service (or within 30 days after the service is complete if this Summons is not personally delivered to you
within the State of New York); and in case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the Complaint.

Dated: January 21, 2008
       South Nyack, New York

2008 JAN 23 PM 2: 53

RECEIVED
VILLAGE OF PIERMONT
CLERK'S OFFICE

                    **DEFENDANTS' ADDRESS:**

The Village of Piermont, New York            Board of Trustees of
478 Piermont Avenue                             The Village of Piermont, New York
Piermont, New York 10968                      478 Piermont Avenue
                                             Piermont, New York 10968

                              Yours, etc.
                              FEERICK LYNCH MacCARTNEY PLLC

                              By: _____
                              Dennis E. A. Lynch
                              Attorneys for
                              96 South Broadway
                              South Nyack, New York 10960
                              (845) 353-2000

JAN-23-2008 15:22  FROM:VILLAGE OF PIERMONT 8453593466                01/24/2008 10:32 AM D7AE2_78

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------------------------x
LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,

**VERIFIED
COMPLAINT**

Index No.: 2008 CC538

                             Plaintiffs,

          -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

FILED MC

JAN 2 2 2008

ROCKLAND COUNTY
CLERK'S OFFICE

                             Defendants.
----------------------------------------------------------x

The Plaintiffs, by their attorneys FEERICK LYNCH MacCARTNEY, PLLC as and for their

Complaint against the Defendants, respectfully state upon information and belief as follows:

## THE PARTIES

1.     At all times relevant herein, Plaintiff LOUIS A. TERMINELLO ("Terminello") is

and was a tax paying resident of the Village of Piermont, County of Rockland, State of New York.

2.     At all times relevant herein, Plaintiff MICHAEL MILLER ("Miller") is and was a tax

paying resident of the Village of Piermont, County of Rockland, State of New York.

3.     At all times relevant herein, Plaintiff PARADISE HOMEOWNERS ASSOCIATION

("Paradise") is and was a duly organized homeowners association consisting of resident taxpayers,

having an office for the conduct of business in the Village of Piermont, County of Rockland, State of

New York.

JAN-23-2008 15:22 FROM:VILLAGE OF PIERMONT 8453593469    TO:15168657782    P:15/26
01/24/2008 10:32 AM D7AE2_78

4.    At all times relevant herein, Plaintiff HOA OF PIERMONT LANDING (the "HOA") is and was a duly organized homeowners association, having an office for the conduct of business in the Village of Piermont, County of Rockland, State of New York.

5.    At all times relevant herein, Plaintiff REEDS & ABBOTTSFORD GATE CONDOMINIUM ("Reeds & Abbottsford Gate") is and was a duly organized condominium of resident taxpayers, formed pursuant to the laws of the State of New York, having an office for the conduct of business located in the Village of Piermont, County of Rockland, State of New York.

6.    At all times relevant herein, Plaintiff DeVRIES POINT CONDOMINIUM ("DeVries Point") is and was a duly organized condominium of resident taxpayers, formed pursuant to the laws of the State of New York, having an office for the conduct of business located in the Village of Piermont, County of Rockland, State of New York.

7.    At all times relevant herein, Plaintiff PARADISE HARBOR AT PIERMONT LANDING CONDOMINIUM ("Paradise Harbor at Piermont") is and was a duly organized condominium of resident taxpayers, formed pursuant to the laws of the State of New York, having an office for the conduct of business located in the Village of Piermont, County of Rockland, State of New York.

8.    At all times relevant herein, the Defendant VILLAGE OF PIERMONT, NEW YORK, by its BOARD OF TRUSTEES (collectively, the "Defendants") determined the method of taxing townhouse and condominium units within the Village of Piermont with either the comparable sales method or the income capitalization method or some other method.

9.    At all times relevant herein, Defendant Village of Piermont is a local municipal state government organized pursuant to the State of New York.

JAN-25-2008 15:22   FROM:VILLAGE OF FIERMONT 8453590466                04/24/2008 10:32 AM D7AE2_78

10.    The Defendants "JOHN DOES AND JANE DOES 1-10" are intended to persons whose identity is currently unknown or cannot be definitely ascertained who participated in the misconduct alleged against the Defendants in this Complaint and at all times acted in concert and conspiracy with those Defendants to violate the rights of the Plaintiffs.

## BACKGROUND OF TAX ASSESSMENT PRACTICES AND POLICY

11.    There is clearly a right to property under the United States Constitution and the New York State Constitution.

12.    Real estate taxes upon real property have increasingly become in New York State a larger and larger burden for property owners.

13.    A system of tax assessment for real property in New York State has existed in a manner calculated to minimize the ability of property owners to readily identify a fundamentally fair method to challenge tax assessments by municipalities, including the Defendant Village herein.

14.    Unless the tax assessment by a municipal authority, including the Defendant Village, is changed for real property located within that municipality, there is no notice given to the taxpayer regarding the assessment made in any taxing year.

15.    Accordingly, only if the tax assessment for any of the Plaintiffs is being changed would the Plaintiffs be informed of the tax assessment by any municipality with tax power, including the Defendant Village.

16.    Pursuant to applicable statutory law, within a Village the time for a property owner to challenge any tax assessment is fixed for a time each year, which actual date varies from year to year.

JAN-23-2008 15:23  FROM:VILLAGE OF PIERMONT 8453593466    TO:15162872552    P:6/9
01/24/2008 10:32 AM D7AE2_78

17.    For any property owner within any municipality including the Defendant Village, no specific notice of the assessment by the Defendant Village for each parcel of property is provided in advance of the time for challenging said taxes unless the assessment of that property has changed.

18.    The practice and policy of the Defendant Village not to provide annual notices of the assessment for each real property within the Defendant Village unless that assessment is changed is calculated to dissuade and otherwise discourage timely challenges of real property assessments by residents of the Defendant Village.

## CHALLENGING THE TAX ASSESSMENT

19.    The practice of assessing real property for a municipality, including the Defendant Village, provides for a substantial source of revenue for every municipality in New York State, including the Defendant Village.

20.    In a time of increasing mandates for services, local municipal governments including the Defendant Village are severely pressed for sources of income to provide necessary services to residents.

21.    Accordingly, the financial interest of local municipalities, including the Defendant Village, is to maintain a high level of tax income from real estate assessments.

22.    Until most recently, real estate values in parts of New York State, including the County of Rockland have substantially and steadily increased.

23.    More recently, real estate values in certain parts of New York State, including the County of Rockland, have stopped increasing dramatically in value and have either leveled off or actually decreased in value.

24.    Since any reassessment of real property in a declining real estate market would result in lower real estate tax income to a local municipality, including the Defendant Village, there is a

- 4 -


JAN-23-2008 15:34 FROM:VILLAGE OF PIERMONT 9450590466     TO:45462070773     P:14/15
01/24/2008 10:32 AM D7AE2_78

financial incentive for all local municipalities, including the Defendant Village, not to re-evaluate or reassess real property in a declining real estate market.

    25.    Accordingly, in a declining real estate market where no change of assessment of a parcel of real property within the Defendant Village takes place, the property owner would have no notice of a current and accurate valuation and an opportunity to challenge the assessment or valuation of that property owner's parcel of property.

    26.    Even if a property owner wishes to challenge the assessment, the practice and policies in New York State including the Defendant Village do not provide for any fundamentally fair method of challenging real property tax assessments within the Defendant Village whose Board of Trustees act as the Assessment Board of Review and final assessment authority.

    27.    The tax grievance process as conducted by the Defendant Village provides for a grossly arbitrary, capricious and poorly documented procedural and substantive process for the tax challenge.

    28.    As a result, the success of a tax grievance challenge depends more on political or other improper insulators and without a fundamentally fair process for an opportunity to be heard and a determination made upon only the merits of any tax challenge.

    29.    The Defendants have applied the foregoing policy and practices to the Plaintiffs and others similarly situated within the Defendant Village.

## ARTICLE 19 OF THE REAL PROPERTY TAX LAW

    30.    Certain governmental authorities within New York State, including the Defendant municipality, have rights under Article 19 of the Real Property Tax Law of the State of New York ("RPTL") to assess real properties within a defendant village differently based upon ownership rights in said real property.

JAN-22-2008 15:24   FROM:VILLAGE OF PIERMONT 8456590469                TO:4546637852      P:24/5
01/24/2008 10:32 AM D7AE2_78

31.    Pursuant to Article 19 of the RPTL, the Defendant Village is permitted to tax multi-family structures of a certain type differently depending upon whether ownership interest for each unit occupier in the real property is either fee simple absolute or only a leasehold interest.

32.    Within the Defendant Village, a multi-family structure consisting of more than five (5) residential units is taxed in a more beneficial manner if each unit within the real property is leased as opposed to being owned in fee simple by the taxpayer.

33.    In the Defendant Village, a condominium unit owner such as certain of the Plaintiffs is taxed in a more detrimental manner than property owners of similar real property who have a leasehold interest in the units.

34.    The application of Article 19 of the RPTL within the Defendant municipality is unequal and violates the rights of the Plaintiffs who are condominium owners within the Defendant Village.

35.    By reason of the foregoing, the application by the Defendant Village of Article 19 of the RPTL should be restrained, declared void and illegal and otherwise prohibited.

## BACKGROUND OF PLAINTIFFS' CHALLENGE TO TAX ASSESSMENTS

36.    On or about June 1, 2006 and continuing thereafter, the Defendant Village transmitted tax bills for real property owned and occupied by Plaintiffs both individually and as representatives of condominium and townhouse owners.

37.    The tax bills generated by the Defendant Village were the result of illegal selective reassessments and the illegal selective utilization of real property valuation methods by Defendant Village.

38.    The foregoing improper actions by the Defendant Village were in retaliation for actions by Plaintiff Terminello both individually and as a representative for other condominium

owners of real property that were not leased or traditional single-family residential units when petitioning the Village of Piermont government and another taxing authority for redress of grievances regarding taxation for condominium and townhouse ownership issues.

39.    As a result of actions undertaken in seeking a reduction of real property taxes and otherwise enjoying the same rights to municipal services as non-condominium and non-townhouse residential property owners, the Plaintiff Terminello was advised as an individual and representative of other condominium and townhouse owners in the Village that unless tax grievance challenges were discontinued, the Defendant Village was prepared to adversely change the method of real property tax assessments.

40.    The Plaintiff Terminello was advised that said Plaintiff and others who are residential condominium and townhouse owners would face severe and adverse financial consequences as a result of a change of method of valuing property from the income capitalization method to the comparable sales method.

41.    Those consequences confirmed by the Defendants included, but were not limited to, the change of valuation method of condominium and other similar ownership in the Village from an income method to a sales method.

42.    As a result, the real estate taxes imposed against Plaintiffs and other similarly situated have increased so as to constitute illegal, wrongful and punitive action by the Defendants in violation of the rights of Plaintiffs.

43.    The imposition of real property taxes by Defendants against the Plaintiffs and others similarly situated is also an improper and illegal assertion of tax authority in that Plaintiffs and others are being taxed for Village services that are not provided by Defendants to Plaintiffs and others similarly situated.

44.    The Defendants by generating Village tax bills on or about June 1, 2006 and continuing thereafter have compelled Plaintiffs and other similarly situated to pay for Village services that as residential condominium and townhouse owners Plaintiffs do not equally benefit from.

45.    Said Village services are enjoyed by other residents of the Village, in particular traditional single-family home residents, that residential condominium and townhouse unit owners do not equally enjoy.

46.    The foregoing conduct of Defendants was undertaken pursuant to and under color of law with Defendants acting as municipal officials and otherwise in an official capacity pursuant to an official policy of illegal, unconstitutional and unjust imposition of real estate taxes.

47.    It is a long-standing principle of law that a municipality may not assess any tax for services that the property owner does not benefit from as a basis for taxation.

48.    Defendants have a practice and policy of assessing the costs for certain municipal services (such as snow plowing, street lighting, fire hydrants, road improvements that are not provided to all residential condominium and townhouse owners) among all real property owners in the Village, including residential condominium and townhouse property owners.

49.    As such, the residential condominium and townhouse property owners are being illegally and improperly assessed for Defendant Village municipal services that are not provided to them. This practice and policy of Defendants in taxing the residential condominium and townhouse owners for services not provided constitutes an improper and illegal penalty upon residential condominium and townhouse ownership.

50.    Moreover, the practices and policies of Defendants aforesaid constitute the illegal delegation and contracting away of the right of taxation in whole or in part from non-residential

JAN-23-2008 15:34   FROM:VILLAGE OF PIERMONT 8453593488    TO:15169572753    P:5/15
01/24/2008 10:32 AM D7AE2_78

condominium and non-residential townhouse owners in the Village to residential condominium and townhouse owners in the Village.

51.    The foregoing is a violation of the Constitutional and other civil rights of Plaintiffs and other similarly situated.

52.    This litigation is brought because of the loss of property value, economic loss, personal loss and other loss sustained to the persons and properties of Plaintiffs having an economic value in total of $85,000,000 which injuries and economic loss, together with punitive damages should be assessed against the above-captioned Defendants in an amount to be determined by a Court of appropriate jurisdiction.

53.    All of the foregoing actions by Defendants violate Plaintiffs' rights.

54.    The foregoing actions of the Defendants were done in bad faith for an improper and illicit motive and in gross disregard for Plaintiffs' constitutional rights.

55.    The Defendant Village has determined a method of valuing townhouses and condominium units in a different manner so as to retaliate against Plaintiffs in a manner that is arbitrary and capricious and in disparate and discriminatory fashion.

56.    As a result of the discriminatory, selective and disparate treatment that has occurred and the Plaintiffs believe will continue, Plaintiffs' rights to equal protection and to other statutory and constitutional rights has been impaired in an unconstitutional manner.

57.    The Defendant Village has applied and/or enforced its real estate taxation laws, regulations and rules unequally and in a discriminatory fashion against the Plaintiffs and said conduct continues to date.

58.    At all times relevant herein, Defendants acted under color of state law.

JAN-23-2008 15:25 FROM:VILLAGE OF PIERMONT 8453598466    TO:15162572752    P:6/15
01/24/2008 10:32 AM D7AE2_78

59.    In taking all actions alleged in this Complaint, Defendants acted intentionally, maliciously and with deliberate indifference to the Plaintiffs' civil rights and pursuant to a formally and/or informally adopted policy.

## AS AND FOR A FIRST CAUSE OF ACTION

60.    Plaintiffs repeat and reallege paragraphs "1" through "59" as if fully set forth herein.

61.    The Defendants by their acts, have conspired and continue to conspire, in breach of applicable provisions of the New York State Constitution to violate and violated the property rights of Plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION

62.    Plaintiffs repeat and reallege paragraphs "1" through "61" as if fully set forth herein.

63.    Defendants have selectively, discriminatorily and improperly applied the laws and codes of the Village, in violation of Plaintiffs' right to obtain a redress of grievances as permitted by constitutional right.

64.    Defendants' unlawful aim is to force Plaintiffs to be unable to file tax grievances and otherwise initiate tax certiorari proceedings to reduce property taxes within the Village without due process of law, causing irreparable harm.

65.    Plaintiffs have no adequate remedy at law for the harm and damage caused by Defendants' violation of their constitutional rights.

66.    Defendants have caused Plaintiffs to suffer, and to continue to suffer, irreparable harm, damage and injury. Plaintiffs will continue to suffer such damages unless the Defendants' acts and conduct complained of are permanently enjoined.

## AS AND FOR A THIRD CAUSE OF ACTION

67.    Plaintiffs repeat and reallege paragraphs "1" through "66" as if fully set forth herein.

- 10 -

68.    As a direct and proximate result of the above-referenced violations of Plaintiffs' First and Fourteenth Amendment rights by Defendants, Plaintiffs have suffered and continue to suffer substantial losses.  The amount of such losses shall be determined at trial, but in no event less than $85,000,000.

## AS AND FOR A FOURTH CAUSE OF ACTION

69.    Plaintiffs repeat and reallege paragraphs "1" through "68" as if fully set forth herein.

70.    The Defendants by their acts, have conspired and continue to conspire, in breach of 42 U.S.C. §§ 1983 and 1985 (3), to abridge the rights of Plaintiffs to Due Process and Equal Protection to protect their property interests under the law in violation of the Fourteenth Amendment to the Constitution of the United States as well as Article I, §§ 1 and 11 and other provisions of the New York State Constitution.

71.    The foregoing actions are so wanton and reckless that punitive damages are warranted and sought in the amount of $4,500,000.

## AS AND FOR A FIFTH CAUSE OF ACTION

72.    Plaintiffs repeat and reallege paragraphs "1" through "71" as if fully set forth herein.

73.    The Defendants retaliated against the Plaintiffs and punished them for their exercise of their rights to freedom of speech in violation of the First Amendment to the United States Constitution and Article I, Section 8 of the New York State Constitution as well as other provisions of law.

74.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered a distinct and actual injury to their civil rights.

JAN-23-2008 15:25    FROM:VILLAGE OF PIERMONT 8453590455    TO:19162271282    P:8/15
01/24/2008 10:32 AM D7AE2_78

### RELIEF SOUGHT:

**WHEREFORE**, Plaintiffs demand Judgment against the Defendants, both individually and jointly, as follows:

1.    As to the First Cause of Action:

a)    Compensatory damages against Defendants jointly and individually in an amount to be determined at trial, but in no event less than $85,000,000;

b)    For an Order declaring that Article 19 of the Real Property Tax Law of the State of New York is unconstitutional;

c)    An award of attorneys' fees and costs;

2.    As to the Second Cause of Action:

a)    For a declaratory judgment holding the actions of all Defendants to be unconstitutional;

b)    For permanent injunctive relief enjoining all Defendants from selectively and discriminatorily enforcing the laws and codes of the Village;

3.    As to the Third and Fourth Causes of Action:

a)    Declaring that the Defendants have conspired in violation of 42 U.S.C. §§ 1985(3) to deprive Plaintiffs of their rights pursuant to 42 U.S.C.§§ 1981, 1982, 1983; the Fourteenth Amendment of the Constitution of the United States; Article I, §§ 1 and 11 of the New York State Constitution;

b)    Declaring that the failure of the Defendants to provide Plaintiffs with due process and equal protection of law was in furtherance of the conspiracy to deprive Plaintiffs of their constitutional and civil rights, and declaring that such failure constitutes and illegal official act;

c)      Enjoining the Defendants and all others acting in concert with them from undertaking any and all action in furtherance of the selective enforcement and any other individual or official act in furtherance of these discriminatory, selective and disparate acts;

d)      Compensatory damages against Defendants in an amount to be determined at trial, but in no event less than $4,500,000;

e)      Awarding Plaintiffs costs, disbursements and reasonable attorney's fees incurred in the prosecution of this action, pursuant to 42 U.S.C. §§ 1988;

f)      That punitive damages be assessed individually against each Defendant in the amount of $25,000,000.

## 4.    As to the Fifth Cause of Action:

a)      A judgment declaring Defendants' actions unconstitutional;

b)      A judgment awarding compensatory damages against the Defendants in an amount to be determined at trial, but in no event less than $4,500,000;

c)      A judgment of punitive damages to be assessed and disbursement of attorney fees pursuant to 42 U.S.C. § 1988 against the individual Defendants in the an amount of $85,000,000;

d)      An award of attorney fees and court costs.

5.      Granting such other, further and different relief as to this Court seems just, proper and equitable.

Dated: January 17, 2008
       South Nyack, New York

                                        Yours, etc.

                                        FEERICK LYNCH MacCARTNEY, PLLC

                                        By: _____
                                        Dennis E. A. Lynch
                                        Attorney for Plaintiffs
                                        96 South Broadway
                                        South Nyack, New York 10960
                                        (845) 353-2000

JAN-23-2008 15:25  FROM:VILLAGE OF PIERMONT 8453560466      TO:15162272352      P:11/15
01/24/2008 10:32 AM D7AE2_78

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------x
LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,          **VERIFICATION TO**
HOA OF PIERMONT LANDING, REEDS &          **VERIFIED COMPLAINT**
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and            **Index No.:** $\lambda 008-00538$
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,

                              Plaintiffs,

        -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

                              Defendants.
------------------------------------------------------x

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF ROCKLAND   )

        LOUIS A. TERMINELLO, being duly sworn, deposes and says that he is a

Plaintiff herein residing in Piermont, New York, states that he has read the annexed

COMPLAINT, knows the contents thereof and the same is true to his knowledge, except

those matters therein which are stated to be alleged on information and belief, and as to

those matters he believes them to be true.  His belief, as to those matters therein not

stated upon knowledge, is based upon the files maintained by FEERICK LYNCH

MacCARTNEY, PLLC.

                              _____
                              LOUIS A. TERMINELLO

Sworn to before me this
17th day of January, 2008.

_____
NOTARY PUBLIC

DENNIS E. A. LYNCH
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02LY4979845
QUALIFIED IN ROCKLAND COUNTY
MY COMMISSION EXPIRES MARCH 25, 2011

Index No.                                    Year 20

## SUPREME COURT OF THE STATE OF NEW YORK
### COUNTY OF ROCKLAND

LOUIS A. TERMINELLO, MICHAEL MILLER, PARADISE HOMEOWNERS ASSOCIATION, HOA OF PIERMONT LANDING, REEDS, & ABBOTSFORD GATE CONDOMINIUM, DeVRIES POINT CONDOMINIUM, and PARADISE HARBOR AT PIERMONT LANDING CONDOMINIUM

Plaintiffs,

-against-

THE VILLAGE OF PIERMONT, NEW YORK by its BOARD OF TRUSTEES AND TRUSTEES and "JOHN AND JANE DOES 1-5",

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

### FEERICK LYNCH MacCARTNEY
ATTORNEYS AT LAW

Attorney(s) for    Plaintiffs

Office and Post Office Address, Telephone
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
(845) 353-7000
(845) 353-2789 facsimile

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:    January 17, 2008

Signature

Print Signer's Name

Service of a copy of the within

Dated:

is hereby admitted

Attorney(s) for

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court,
at
on    20    M.

Dated: