UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    08 CV 01056 (WCC)
LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,                                    **DECLARATION IN SUPPORT**
DeVRIES POINT CONDOMINIUM, and                                   **OF MOTION TO DISMISS**
PARADISE HARBOR AT PIERMONT LANDING                             **PURSUANT TO FED. R. CIV.**
CONDOMINIUM,                                                     **PROCEDURE 12(b)(6)**

                            Plaintiffs,

            -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

                            Defendants.
------------------------------------------------------------------X

        **JULIE A. RIVERA,** an attorney duly licensed to practice law in the United States District

Court for the Southern District of New York, hereby deposes and says, subject to the penalties of

perjury:

        1.      I am associated with the law firm of RUTHERFORD & CHRISTIE, LLP attorneys

                for the Defendant THE VILLAGE OF PIERMONT ("Village"). As such, I am fully

                familiar with the facts and circumstances of this matter based upon my review of the

                file maintained by my office.

        2.      This declaration is submitted in support of the Defendants' Motion to Dismiss,

                pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking a

                dismissal of the plaintiffs' Complaint in its entirety with prejudice against the Village

                for a failure to state a cause of action and for such other and further relief as this

                Court deems just and proper.

3.     As more fully explained in the accompanying Memorandum of the Law, the plaintiffs' Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that they fail to state a cause of action against the Village.

4.     Plaintiffs, LOUIS TERMINELLO, MICHAEL MILLER, PARADISE HOMEOWNERS ASSOCIATION, HOA OF PIERMONT LANDING, REEDS & ABBOTTSFORD GATE CONDOMINIUM AND PARADISE HARBOR AT PIERMONT LANDING CONDOMINIUM (collectively herein referred to as "Plaintiffs") originally commenced the within lawsuit in Supreme Court, Rockland County on or about January 21, 2008. The Village was served with a copy of the complaint on or about January 23, 2008 and filed a Notice of Removal with the within Court. Annexed hereto as Exhibit "A" is a copy of the Village's Notice of Removal and Complaint.

5.     Annexed hereto as Exhibit "B" is a copy of the Notice of Claim filed in this matter.

6.     Annexed hereto as Exhibit "C" is a copy of the Affidavit of Brian Kenney.

7.     Annexed hereto as Exhibit "D" is copy of the November 29, 2004 letter from New York State Office of Real Property Services ("ORPS") to Brian Kenney advising of the adoption of Article 19.

8.     Annexed hereto as Exhibit "E" is a copy of the September 21, 2005 application from the Village to ORPS for the revaluation project.

9.     Annexed hereto as Exhibit "F" is a copy of the contractual agreement sent from ORPS to Village regarding revaluation project.

10.    Annexed hereto as Exhibit "G" is a copy of the November 10, 2005 legal notice posted regarding Village's intent to adopt Article 19.

11.    Annexed hereto as Exhibit "H" is a copy of the Village's Board of Trustees resolution in which Article 19 was adopted.

12.    Annexed hereto as Exhibit "I" is a copy of the November 25, 2005 legal notice posted regarding the Village's disclosure of the preliminary tax assessments.

13.    Annexed hereto as Exhibit "J" is a copy of ORPS' tentative approval of the 100% equalization rate.

14.    Annexed hereto as Exhibit "K" is a copy of ORPS' final approval of the equalization rate.

15.    Annexed hereto as Exhibit "L" is a copy of the Village's offer to provide garbage removal services to the plaintiffs.

16.    Annexed hereto as Exhibit "M" is a copy of the December 6, 2006 letter from plaintiffs' counsel summarizing the settlement conference held.

Dated: New York, New York
         March 13, 2008

Respectfully submitted,

**RUTHERFORD & CHRISTIE, LLP**

By:_____
     Lewis R. Silverman (LS 9723)
     Julie A. Rivera (JR 1817)
     Attorneys for Defendant
     The Village of Piermont
     369 Lexington Avenue, 8th floor
     New York, New York 10017
     (212) 599-5799
     Our File No: 1020.028

To:    Feerick Lynch MacCartney PLLC
        Attn: Dennis Lynch, Esq.
        Attorneys for Plaintiffs
        96 South Broadway
        South Nyack, New York 10960
        (845) 353-2000



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

 

----------------------------------------------------------------X

Docket No.:

LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,

**NOTICE OF REMOVAL**



Plaintiffs,

-against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

Defendants.

----------------------------------------------------------------X

**COUNSELORS:**

**PLEASE TAKE NOTICE** that the defendant, THE VILLAGE OF PIERMONT,

(collectively referred to herein as "Village"), by and through their attorneys, RUTHERFORD &

CHRISTIE, LLP, hereby removes this action to the United States District Court for the Southern

District of New York, pursuant to 28 U.S.C.§1331 and §1441(b).

1.      This action was commenced against the Village in the Supreme Court of the State of

New York, County of Rockland, by the filing of a Summons and Verified Complaint with the Clerk

of the Court on or about January 22, 2008;

2.      Upon information and belief, and pursuant to the averments in the Summons and

Verified Complaint, the plaintiffs seek damages arising out of alleged  a) violations of the due

process and equal protection pursuant to the Fourteenth Amendment of the U.S. Constitution and

b) violations of the right to free speech pursuant to the First Amendment of the U.S. Constitution.

The Summons and Verified Complaint also seeks an Order requesting that Article 19 of New York

State Real Property Tax law to be declared unconstitutional.

3.    The plaintiffs' complaint raises a federal question under 28 U.S.C. §1331. Pursuant

to 28 U.S.C. §1446(a), a copy of the Summons and Complaint, which constitutes all process,

pleadings or orders served and/or filed in the Supreme Court of the State of New York by the parties

to date, is annexed hereto as Exhibit "A" and made a part of this Notice of Removal by reference.

4.    This Court has original jurisdiction over the plaintiffs' claims of violations of

constitutional rights and civil liberties pursuant to 28 U.S.C.§1343 and 1441(b). Accordingly, this

cause of action, as well as any pendant state law claims, are subject to the within Court's jurisdiction.

5.    The Village was served with a copy of the initial pleading setting forth their claims,

upon which this action is based, on or about January 23, 2008.

6.    In accordance with 28 U.S.C.§1446(b), defendants file this Notice of Removal within

Thirty (30) days after receipt of the initial pleading.

7.    Based upon the facts set forth above, this Notice of Removal is timely under 28

U.S.C.§1446(b).

8.    The Village will pay all costs and disbursements by reason of this removal proceeding should it be determined that this case is not removable or is improperly removed.

9.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE,** and without waiver of any substantial or procedural defenses, defendant, THE VILLAGE OF PIERMONT, requests that this Court assume jurisdiction over this action and make such further orders herein as may be required to properly determine its controversy.

Dated: New York, New York
        February 1, 2008

Yours, etc.

**RUTHERFORD & CHRISTIE, LLP**

By: _____
        Lewis R. Silverman, Esq. (LRS 9723)
        Julie A. Rivera, Esq. (JAR 1817)
        Attorneys for the Defendant: Village of Piermont
        369 Lexington Avenue, 8th Floor
        New York, New York 10017
        (212) 599-5799
        Our File No.: 1020.028

To:    Feerick Lynch MacCartney PLLC
       Attn: Dennis Lynch, Esq.
       Attorneys for Plaintiff
       96 South Broadway
       South Nyack, New York 10960
       (845) 353-2000

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of DEFENDANT'S NOTICE OF REMOVAL, TO THE

CLERK OF THE SUPREME COURT, ROCKLAND COUNTY, NOTICE OF REMOVAL and

NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL were served via regular

mail to Feerick Lynch MacCartney PLLC, Attn: Dennis Lynch, Esq., Attorneys for Plaintiff, 96

South Broadway, South Nyack, New York 10960 on the 1ST day of February, 2008.

**RUTHERFORD & CHRISTIE, LLP**

By: _____
Julie A. Rivera, Esq. (JAR 1817)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X        Docket No.:
LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &                                  **NOTICE TO ADVERSE**
ABBOTTSFORD GATE CONDOMINIUM,                                     **PARTY OF FILING OF**
DeVRIES POINT CONDOMINIUM, and                                    <u>**NOTICE OF REMOVAL**</u>
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,
                 Plaintiffs,

       -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

                  Defendants.
-------------------------------------------------------------------X

       **PLEASE TAKE NOTICE,** that on February 1, 2008, defendant, THE VILLAGE OF

PIERMONT, (collectively referred to herein as "Village"), duly filed the Notice of Removal in this

action in its entirety to the United States District Court for the Southern District of New York.

       A copy of the Notice of Removal with copies of all process, pleadings and orders served

on the defendant, Village, and/or filed in the Supreme Court of the State of New York, County of

Rockland, are annexed hereto.

Dated: New York, New York
        February 1, 2008              Yours, etc.

              **RUTHERFORD & CHRISTIE, LLP**

              By:_____
                  Lewis R. Silverman, Esq. (LRS 9723)
                  Julie A. Rivera, Esq. (JAR 1817)
                  Attorneys for the Defendant: Village of Piermont
                  369 Lexington Avenue, 8th Floor
                  New York, New York 10017
                  (212) 599-5799
                  Our File No.: 1020.028

To:     Feerick Lynch MacCartney PLLC
        Attn: Dennis Lynch, Esq.
        Attorneys for Plaintiff
        96 South Broadway
        South Nyack, New York 10960
        (845) 353-2000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------X
LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,

                    Plaintiffs,

       -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

                    Defendants.
-------------------------------------------------------------------X

**Index No.: SU-2008-00538**

**NOTICE OF REMOVAL
TO THE CLERK OF
THE SUPREME COURT,
<u>ROCKLAND COUNTY</u>**

TO:    CLERK OF THE SUPREME COURT OF NEW YORK
        COUNTY OF ROCKLAND
        1 South Main Street, Suite 200
        New City, New York 10956

      **PLEASE TAKE NOTICE** that on February 1, 2008, the defendant, THE VILLAGE OF

PIERMONT duly filed a Notice of Removal, a copy of which is annexed hereto, removing this

action in its entirety to the United States District Court for the Southern District of New York.

Dated: New York, New York
       February 1, 2008             Yours, etc.,

                    **RUTHERFORD & CHRISTIE, LLP**

                    By:  _____
                        Lewis R. Silverman, Esq. (LRS 9723)
                        Julie A. Rivera, Esq. (JAR 1817)
                        Attorneys for Defendant: Village of Piermont
                        369 Lexington Avenue, 8th Floor
                        New York, New York 10017
                        (212) 599-5799
                        Our File No.: 1020.028

TO:    Feerick Lynch MacCartney PLLC
        Attn: Dennis Lynch, Esq.
        Attorneys for Plaintiff
        96 South Broadway
        South Nyack, New York 10960
        (845) 353-2000

## AFFIDAVIT OF SERVICE VIA MAIL

| | |
|---|---|
| **STATE OF NEW YORK** | } |
| | } ss.: |
| **COUNTY OF NEW YORK** | } |

**Malta Gonzalez**, being duly sworn, deposes and says:

Deponent is not a party to the within action, is over 18 years of age and resides in New York, New York County.

That on the 1st day of February, 2008 deponent served the within **NOTICE OF REMOVAL TO THE CLERK OF THE SUPREME COURT, ROCKLAND COUNTY** upon:

Feerick Lynch MacCartney PLLC
Attn: Dennis Lynch, Esq.
Attorneys for Plaintiff
96 South Broadway
South Nyack, New York 10960
(845) 353-2000

in this action, at the address(es) designated by said attorney(s) for that purpose by depositing a certified mail and copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
**Malta Gonzalez**

**Sworn to before me on this**
**1st day of February, 2008**

_____
**NOTARY PUBLIC**

LEWIS R. SILVERMAN
Notary Public, State of New York
No. 02SI5049718
Qualified in Westchester County
Commission Expires Sept. 18, 20__

Exhibit A

JAN-23-2008 15:21  FROM:VILLAGE OF PIERMONT 8450593468    TO:14159875352    P:6/6
01/24/2008 10:32 AM D7AE2_78

Doc ID:      Type: COU
Recorded: 01/22/2008
Fee Amt: $210.00 Page 1 of
Rockland County, NY
Paul Piperato County Clerk

**SU-2008-00538**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------x
LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,

        Plaintiffs,

  -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

        Defendants.
-------------------------------------------------------x

Index No.: _____
Date Purchased: _____
Plaintiff designates
**ROCKLAND**
as the place of trial

The basis of the venue is
residence of individual
Plaintiffs

**SUMMONS**

Plaintiffs reside in
the Village of Piermont,
Rockland County, New York

**To the above named Defendants:**

  **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiffs Attorney(s) within twenty (20) days after the service of this Summons, exclusive of the date of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: January 21, 2008
  South Nyack, New York

      **DEFENDANTS' ADDRESS:**

The Village of Piermont, New York
478 Piermont Avenue
Piermont, New York 10968

Board of Trustees of
  The Village of Piermont, New York
478 Piermont Avenue
Piermont, New York 10968

Yours, etc.
FEERICK LYNCH MacCARTNEY PLLC

By: _____
Dennis E. A. Lynch
Attorneys for
96 South Broadway
South Nyack, New York 10960
(845) 353-2000

2008 JAN 23 PM 2: 53
RECEIVED VILLAGE OF PIERMONT CLERK'S OFFICE

01/24/2008 10:32 AM D7AE2_78

JAN-23-2008 15:22  FROM:VILLAGE OF PIERMONT 8453590466

01/24/2008 10:32 AM D7AE2_78

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------------------x
LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,

                    Plaintiffs,

      -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

                    Defendants.
----------------------------------------------------x

**VERIFIED
COMPLAINT**

Index No.: *2007 001538*

FILED MC

JAN 2 2 2008

ROCKLAND COUNTY
CLERK'S OFFICE

    The Plaintiffs, by their attorneys FEERICK LYNCH MacCARTNEY, PLLC as and for their

Complaint against the Defendants, respectfully state upon information and belief as follows:

### THE PARTIES

    1.    At all times relevant herein, Plaintiff LOUIS A. TERMINELLO ("Terminello") is

and was a tax paying resident of the Village of Piermont, County of Rockland, State of New York.

    2.    At all times relevant herein, Plaintiff MICHAEL MILLER ("Miller") is and was a tax

paying resident of the Village of Piermont, County of Rockland, State of New York.

    3.    At all times relevant herein, Plaintiff PARADISE HOMEOWNERS ASSOCIATION

("Paradise") is and was a duly organized homeowners association consisting of resident taxpayers,

having an office for the conduct of business in the Village of Piermont, County of Rockland, State of

New York.

JAN-23-2008 15:22  FROM:VILLAGE OF PIERMONT 8453593466                              01/24/2008 10:32 AM D7AE2_78

4.    At all times relevant herein, Plaintiff HOA OF PIERMONT LANDING (the "HOA") is and was a duly organized homeowners association, having an office for the conduct of business in the Village of Piermont, County of Rockland, State of New York.

5.    At all times relevant herein, Plaintiff REEDS & ABBOTTSFORD GATE CONDOMINIUM ("Reeds & Abbottsford Gate") is and was a duly organized condominium of resident taxpayers, formed pursuant to the laws of the State of New York, having an office for the conduct of business located in the Village of Piermont, County of Rockland, State of New York.

6.    At all times relevant herein, Plaintiff DeVRIES POINT CONDOMINIUM ("DeVries Point") is and was a duly organized condominium of resident taxpayers, formed pursuant to the laws of the State of New York, having an office for the conduct of business located in the Village of Piermont, County of Rockland, State of New York.

7.    At all times relevant herein, Plaintiff PARADISE HARBOR AT PIERMONT LANDING CONDOMINIUM ("Paradise Harbor at Piermont") is and was a duly organized condominium of resident taxpayers, formed pursuant to the laws of the State of New York, having an office for the conduct of business located in the Village of Piermont, County of Rockland, State of New York.

8.    At all times relevant herein, the Defendant VILLAGE OF PIERMONT, NEW YORK, by its BOARD OF TRUSTEES (collectively, the "Defendants") determined the method of taxing townhouse and condominium units within the Village of Piermont with either the comparable sales method or the income capitalization method or some other method.

9.    At all times relevant herein, Defendant Village of Piermont is a local municipal state government organized pursuant to the State of New York.

10.     The Defendants "JOHN DOES AND JANE DOES 1-10" are intended to persons whose identity is currently unknown or cannot be definitely ascertained who participated in the misconduct alleged against the Defendants in this Complaint and at all times acted in concert and conspiracy with those Defendants to violate the rights of the Plaintiffs.

## BACKGROUND OF TAX ASSESSMENT PRACTICES AND POLICY

11.     There is clearly a right to property under the United States Constitution and the New York State Constitution.

12.     Real estate taxes upon real property have increasingly become in New York State a larger and larger burden for property owners.

13.     A system of tax assessment for real property in New York State has existed in a manner calculated to minimize the ability of property owners to readily identify a fundamentally fair method to challenge tax assessments by municipalities, including the Defendant Village herein.

14.     Unless the tax assessment by a municipal authority, including the Defendant Village, is changed for real property located within that municipality, there is no notice given to the taxpayer regarding the assessment made in any taxing year.

15.     Accordingly, only if the tax assessment for any of the Plaintiffs is being changed would the Plaintiffs be informed of the tax assessment by any municipality with tax power, including the Defendant Village.

16.     Pursuant to applicable statutory law, within a Village the time for a property owner to challenge any tax assessment is fixed for a time each year, which actual date varies from year to year.

17.     For any property owner within any municipality including the Defendant Village, no specific notice of the assessment by the Defendant Village for each parcel of property is provided in advance of the time for challenging said taxes unless the assessment of that property has changed.

18.     The practice and policy of the Defendant Village not to provide annual notices of the assessment for each real property within the Defendant Village unless that assessment is changed is calculated to dissuade and otherwise discourage timely challenges of real property assessments by residents of the Defendant Village.

## CHALLENGING THE TAX ASSESSMENT

19.     The practice of assessing real property for a municipality, including the Defendant Village, provides for a substantial source of revenue for every municipality in New York State, including the Defendant Village.

20.     In a time of increasing mandates for services, local municipal governments including the Defendant Village are severely pressed for sources of income to provide necessary services to residents.

21.     Accordingly, the financial interest of local municipalities, including the Defendant Village, is to maintain a high level of tax income from real estate assessments.

22.     Until most recently, real estate values in parts of New York State, including the County of Rockland have substantially and steadily increased.

23.     More recently, real estate values in certain parts of New York State, including the County of Rockland, have stopped increasing dramatically in value and have either leveled off or actually decreased in value.

24.     Since any reassessment of real property in a declining real estate market would result in lower real estate tax income to a local municipality, including the Defendant Village, there is a

- 4 -



JAN-25-2008 15:24   FROM:VILLAGE OF PIERMONT 8450590466              TO:15169070752        P.17/25
01/24/2008 10:32 AM D7AE2_78

financial incentive for all local municipalities, including the Defendant Village, not to re-evaluate or reassess real property in a declining real estate market.

25.    Accordingly, in a declining real estate market where no change of assessment of a parcel of real property within the Defendant Village takes place, the property owner would have no notice of a current and accurate valuation and an opportunity to challenge the assessment or valuation of that property owner's parcel of property.

26.    Even if a property owner wishes to challenge the assessment, the practice and policies in New York State including the Defendant Village do not provide for any fundamentally fair method of challenging real property tax assessments within the Defendant Village whose Board of Trustees act as the Assessment Board of Review and final assessment authority.

27.    The tax grievance process as conducted by the Defendant Village provides for a grossly arbitrary, capricious and poorly documented procedural and substantive process for the tax challenge.

28.    As a result, the success of a tax grievance challenge depends more on political or other improper insulators and without a fundamentally fair process for an opportunity to be heard and a determination made upon only the merits of any tax challenge.

29.    The Defendants have applied the foregoing policy and practices to the Plaintiffs and others similarly situated within the Defendant Village.

## ARTICLE 19 OF THE REAL PROPERTY TAX LAW

30.    Certain governmental authorities within New York State, including the Defendant municipality, have rights under Article 19 of the Real Property Tax Law of the State of New York ("RPTL") to assess real properties within a defendant village differently based upon ownership rights in said real property.

JAN-27-2008 15:24   FROM:VILLAGE OF PIERMONT 8455390465                   TO:                01/24/2008 10:32 AM D7AE2_78

31.     Pursuant to Article 19 of the RPTL, the Defendant Village is permitted to tax multi-family structures of a certain type differently depending upon whether ownership interest for each unit occupier in the real property is either fee simple absolute or only a leasehold interest.

32.     Within the Defendant Village, a multi-family structure consisting of more than five (5) residential units is taxed in a more beneficial manner if each unit within the real property is leased as opposed to being owned in fee simple by the taxpayer.

33.     In the Defendant Village, a condominium unit owner such as certain of the Plaintiffs is taxed in a more detrimental manner than property owners of similar real property who have a leasehold interest in the units.

34.     The application of Article 19 of the RPTL within the Defendant municipality is unequal and violates the rights of the Plaintiffs who are condominium owners within the Defendant Village.

35.     By reason of the foregoing, the application by the Defendant Village of Article 19 of the RPTL should be restrained, declared void and illegal and otherwise prohibited.

## BACKGROUND OF PLAINTIFFS' CHALLENGE TO TAX ASSESSMENTS

36.     On or about June 1, 2006 and continuing thereafter, the Defendant Village transmitted tax bills for real property owned and occupied by Plaintiffs both individually and as representatives of condominium and townhouse owners.

37.     The tax bills generated by the Defendant Village were the result of illegal selective reassessments and the illegal selective utilization of real property valuation methods by Defendant Village.

38.     The foregoing improper actions by the Defendant Village were in retaliation for actions by Plaintiff Terminello both individually and as a representative for other condominium

-6-

JAN-23-2008 15:24  FROM:VILLAGE OF PIERMONT 8453593468          TO:15162272552          P:3/15
01/24/2008 10:32 AM D7AE2_78

owners of real property that were not leased or traditional single-family residential units when petitioning the Village of Piermont government and another taxing authority for redress of grievances regarding taxation for condominium and townhouse ownership issues.

39.     As a result of actions undertaken in seeking a reduction of real property taxes and otherwise enjoying the same rights to municipal services as non-condominium and non-townhouse residential property owners, the Plaintiff Terminello was advised as an individual and representative of other condominium and townhouse owners in the Village that unless tax grievance challenges were discontinued, the Defendant Village was prepared to adversely change the method of real property tax assessments.

40.     The Plaintiff Terminello was advised that said Plaintiff and others who are residential condominium and townhouse owners would face severe and adverse financial consequences as a result of a change of method of valuing property from the income capitalization method to the comparable sales method.

41.     Those consequences confirmed by the Defendants included, but were not limited to, the change of valuation method of condominium and other similar ownership in the Village from an income method to a sales method.

42.     As a result, the real estate taxes imposed against Plaintiffs and other similarly situated have increased so as to constitute illegal, wrongful and punitive action by the Defendants in violation of the rights of Plaintiffs.

43.     The imposition of real property taxes by Defendants against the Plaintiffs and others similarly situated is also an improper and illegal assertion of tax authority in that Plaintiffs and others are being taxed for Village services that are not provided by Defendants to Plaintiffs and others similarly situated.

JAN-23-2008 15:24  FROM:VILLAGE OF PIERMONT 8453593466    TO:15162272552    P:4/15
01/24/2008 10:32 AM D7AE2_78

44.    The Defendants by generating Village tax bills on or about June 1, 2006 and continuing thereafter have compelled Plaintiffs and other similarly situated to pay for Village services that as residential condominium and townhouse owners Plaintiffs do not equally benefit from.

45.    Said Village services are enjoyed by other residents of the Village, in particular traditional single-family home residents, that residential condominium and townhouse unit owners do not equally enjoy.

46.    The foregoing conduct of Defendants was undertaken pursuant to and under color of law with Defendants acting as municipal officials and otherwise in an official capacity pursuant to an official policy of illegal, unconstitutional and unjust imposition of real estate taxes.

47.    It is a long-standing principle of law that a municipality may not assess any tax for services that the property owner does not benefit from as a basis for taxation.

48.    Defendants have a practice and policy of assessing the costs for certain municipal services (such as snow plowing, street lighting, fire hydrants, road improvements that are not provided to all residential condominium and townhouse owners) among all real property owners in the Village, including residential condominium and townhouse property owners.

49.    As such, the residential condominium and townhouse property owners are being illegally and improperly assessed for Defendant Village municipal services that are not provided to them. This practice and policy of Defendants in taxing the residential condominium and townhouse owners for services not provided constitutes an improper and illegal penalty upon residential condominium and townhouse ownership.

50.    Moreover, the practices and policies of Defendants aforesaid constitute the illegal delegation and contracting away of the right of taxation in whole or in part from non-residential

condominium and non-residential townhouse owners in the Village to residential condominium and townhouse owners in the Village.

51. The foregoing is a violation of the Constitutional and other civil rights of Plaintiffs and other similarly situated.

52. This litigation is brought because of the loss of property value, economic loss, personal loss and other loss sustained to the persons and properties of Plaintiffs having an economic value in total of $85,000,000 which injuries and economic loss, together with punitive damages should be assessed against the above-captioned Defendants in an amount to be determined by a Court of appropriate jurisdiction.

53. All of the foregoing actions by Defendants violate Plaintiffs' rights.

54. The foregoing actions of the Defendants were done in bad faith for an improper and illicit motive and in gross disregard for Plaintiffs' constitutional rights.

55. The Defendant Village has determined a method of valuing townhouses and condominium units in a different manner so as to retaliate against Plaintiffs in a manner that is arbitrary and capricious and in disparate and discriminatory fashion.

56. As a result of the discriminatory, selective and disparate treatment that has occurred and the Plaintiffs believe will continue, Plaintiffs' rights to equal protection and to other statutory and constitutional rights has been impaired in an unconstitutional manner.

57. The Defendant Village has applied and/or enforced its real estate taxation laws, regulations and rules unequally and in a discriminatory fashion against the Plaintiffs and said conduct continues to date.

58. At all times relevant herein, Defendants acted under color of state law.

JAN-23-2008 15:25 FROM:VILLAGE OF PIERMONT 9453590466    TO:15168272752    P:6/15
01/24/2008 10:32 AM D7 AE2_78

59.    In taking all actions alleged in this Complaint, Defendants acted intentionally, maliciously and with deliberate indifference to the Plaintiffs' civil rights and pursuant to a formally and/or informally adopted policy.

## AS AND FOR A FIRST CAUSE OF ACTION

60.    Plaintiffs repeat and reallege paragraphs "1" through "59" as if fully set forth herein.

61.    The Defendants by their acts, have conspired and continue to conspire, in breach of applicable provisions of the New York State Constitution to violate and violated the property rights of Plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION

62.    Plaintiffs repeat and reallege paragraphs "1" through "61" as if fully set forth herein.

63.    Defendants have selectively, discriminatorily and improperly applied the laws and codes of the Village, in violation of Plaintiffs' right to obtain a redress of grievances as permitted by constitutional right.

64.    Defendants' unlawful aim is to force Plaintiffs to be unable to file tax grievances and otherwise initiate tax certiorari proceedings to reduce property taxes within the Village without due process of law, causing irreparable harm.

65.    Plaintiffs have no adequate remedy at law for the harm and damage caused by Defendants' violation of their constitutional rights.

66.    Defendants have caused Plaintiffs to suffer and to continue to suffer, irreparable harm, damage and injury. Plaintiffs will continue to suffer such damages unless the Defendants' acts and conduct complained of are permanently enjoined.

## AS AND FOR A THIRD CAUSE OF ACTION

67.    Plaintiffs repeat and reallege paragraphs "1" through "66" as if fully set forth herein.

- 10 -

68.    As a direct and proximate result of the above-referenced violations of Plaintiffs' First and Fourteenth Amendment rights by Defendants, Plaintiffs have suffered and continue to suffer substantial losses.  The amount of such losses shall be determined at trial, but in no event less than $85,000,000.

## AS AND FOR A FOURTH CAUSE OF ACTION

69.    Plaintiffs repeat and reallege paragraphs "1" through "68" as if fully set forth herein.

70.    The Defendants by their acts, have conspired and continue to conspire, in breach of 42 U.S.C. §§ 1983 and 1985 (3), to abridge the rights of Plaintiffs to Due Process and Equal Protection to protect their property interests under the law in violation of the Fourteenth Amendment to the Constitution of the United States as well as Article I, §§ 1 and 11 and other provisions of the New York State Constitution.

71.    The foregoing actions are so wanton and reckless that punitive damages are warranted and sought in the amount of $4,500,000.

## AS AND FOR A FIFTH CAUSE OF ACTION

72.    Plaintiffs repeat and reallege paragraphs "1" through "71" as if fully set forth herein.

73.    The Defendants retaliated against the Plaintiffs and punished them for their exercise of their rights to freedom of speech in violation of the First Amendment to the United States Constitution and Article I, Section 8 of the New York State Constitution as well as other provisions of law.

74.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered a distinct and actual injury to their civil rights.

JAN-23-2008 15:35  FROM:VILLAGE OF FIERMONT 8453593458

TO:15165227E058    P:8/15
01/24/2008 10:32 AM D7AE2_78

## RELIEF SOUGHT:

**WHEREFORE**, Plaintiffs demand Judgment against the Defendants, both individually and jointly, as follows:

1.    As to the First Cause of Action:

a)    Compensatory damages against Defendants jointly and individually in an amount to be determined at trial, but in no event less than $85,000,000;

b)    For an Order declaring that Article 19 of the Real Property Tax Law of the State of New York is unconstitutional;

c)    An award of attorneys' fees and costs;

2.    As to the Second Cause of Action:

a)    For a declaratory judgment holding the actions of all Defendants to be unconstitutional;

b)    For permanent injunctive relief enjoining all Defendants from selectively and discriminatorily enforcing the laws and codes of the Village;

3.    As to the Third and Fourth Causes of Action:

a)    Declaring that the Defendants have conspired in violation of 42 U.S.C. §§ 1985(3) to deprive Plaintiffs of their rights pursuant to 42 U.S.C.§§ 1981, 1982, 1983; the Fourteenth Amendment of the Constitution of the United States; Article I, §§ 1 and 11 of the New York State Constitution;

b)    Declaring that the failure of the Defendants to provide Plaintiffs with due process and equal protection of law was in furtherance of the conspiracy to deprive Plaintiffs of their constitutional and civil rights, and declaring that such failure constitutes and illegal official act;

c)    Enjoining the Defendants and all others acting in concert with them from undertaking any and all action in furtherance of the selective enforcement and any other individual or official act in furtherance of these discriminatory, selective and disparate acts;

d)    Compensatory damages against Defendants in an amount to be determined at trial, but in no event less than $4,500,000;

e)    Awarding Plaintiffs costs, disbursements and reasonable attorney's fees incurred in the prosecution of this action, pursuant to 42 U.S.C. §§ 1988;

f)    That punitive damages be assessed individually against each Defendant in the amount of $25,000,000.

4.    **As to the Fifth Cause of Action:**

a)    A judgment declaring Defendants' actions unconstitutional;

b)    A judgment awarding compensatory damages against the Defendants in an amount to be determined at trial, but in no event less than $4,500,000;

c)    A judgment of punitive damages to be assessed and disbursement of attorney fees pursuant to 42 U.S.C. § 1988 against the individual Defendants in the an amount of $85,000,000;

d)    An award of attorney fees and court costs.

JAN-23-2008 15:25 FROM:VILLAGE OF PIERMONT 8453590466    TO:15182872352    P:10/15
01/24/2008 10:32 AM D7AE2_78

5.    Granting such other, further and different relief as to this Court seems just, proper and equitable.

Dated: January 17, 2008
South Nyack, New York

Yours, etc.,

FEERICK LYNCH MacCARTNEY, PLLC

By: _____
Dennis E. A. Lynch
Attorney for Plaintiffs
96 South Broadway
South Nyack, New York 10960
(845) 353-2000

- 14 -

JAN-23-2008 15:25  FROM:VILLAGE OF PIERMONT 8453550466          TO:15156272558          P:11/15

01/24/2008 10:32 AM D7AE2_78

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------x

LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,

               Plaintiffs,

  -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

               Defendants.

------------------------------------------------------------x

**VERIFICATION TO
VERIFIED COMPLAINT**

Index No.: 2008-00538

STATE OF NEW YORK     )
                        ) ss.:
COUNTY OF ROCKLAND )

    LOUIS A. TERMINELLO, being duly sworn, deposes and says that he is a

Plaintiff herein residing in Piermont, New York, states that he has read the annexed

COMPLAINT, knows the contents thereof and the same is true to his knowledge, except

those matters therein which are stated to be alleged on information and belief, and as to

those matters he believes them to be true. His belief, as to those matters therein not

stated upon knowledge, is based upon the files maintained by FEERICK LYNCH

MacCARTNEY, PLLC.

                                    LOUIS A. TERMINELLO

Sworn to before me this
17th day of January, 2008.

NOTARY PUBLIC

DENNIS E. A. LYNCH
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02LY4979245
QUALIFIED IN ROCKLAND COUNTY
MY COMMISSION EXPIRES MARCH 25, 2011

FROM:VILLAGE OF PIERMONT 8455530455

01/24/2008 10:32 AM D7AE2_78

Index No.

Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

LOUIS A. TERMINELLO, MICHAEL MILLER, PARADISE HOMEOWNERS ASSOCIATION HOA
OF PIERMONT LANDING, REEDS & ABBOTSFORD GATE CONDOMINIUM, DeVRIES POINT
CONDOMINIUM, and PARADISE HARBOR AT PIERMONT LANDING CONDOMINIUM

Plaintiffs,

-against-

THE VILLAGE OF PIERMONT, NEW YORK by its BOARD OF TRUSTEES AND TRUSTEES and
"JOHN AND JANE DOES",

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

### FEERICK LYNCH MacCARTNEY
ATTORNEYS AT LAW
Attorney(s) for
Plaintiffs
Office and Post Office Address, Telephone
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
(845) 353-7000
(845) 353-2789 Facsimile

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York
State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the
annexed documents are not frivolous.

Dated: .......January 17, 2008.....

Signature ..............................

Print Signer's Name .....................

Service of a copy of the within ................................................................... is hereby admitted

Dated, ....................

Attorney(s) for .....................

### PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the
Hon. ......................................... one of the judges of the within named Court,
at ....................
on ................................................ 20 ........ , at ........ M.

Dated, ....................

STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------x
In the Matter of the Claim of

LOUIS A. TERMINELLO, MICHAEL MILLER,          **NOTICE OF CLAIM**
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,

                         Claimants,

      -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,

                        Respondents.
-------------------------------------------------------x

      **PLEASE TAKE NOTICE,** that the Claimants above-captioned have claims and

hereby make claims for damages suffered by Claimants, and in support thereof, Claimants

state as follows upon information and belief.

      1. The name and post office address of Claimant LOUIS A. TERMINELLO is 308

Harbor Cove, Piermont, New York 10968.

      2. The name and post office address of Claimant MICHAEL MILLER is 101

Abbottsford Gate, Piermont, New York 10968.

      3. The name and post office address of Claimant PARADISE HARBOR AT

PIERMONT LANDING CONDOMINIUM is c/o Louis Termiello, 308 Harbor Cove,

Piermont, New York 10968.

      4. The name and post office address of Claimant PARADISE  HOMEOWNERS

ASSOCIATION is c/o Alfred Markim, 305 Cottonwood Court, Piermont, New York 10968.

5.  The name and post office address of Claimant HOA OF PIERMONT LANDING is c/o Alfred Markim, 305 Cottonwood Court, Piermont, New York 10968.

6.  The name and post office address of Claimant THE REEDS & ABBOTTSFORD GATE CONDOMINUIM is c/o Michael Miller, 101 Abbottsford Gate, Piermont, New York 10968.

7.  The name and post office address of Claimant DeVRIES POINT CONDOMINIUM is c/o Maureen O'Connell, 205 DeVries Court, Piermont, New York 10968.

8.  The name and post office address of Claimants' attorneys is FEERICK LYNCH MacCARTNEY, PLLC, 96 South Broadway, South Nyack, New York 10960.

9.  This claim arose on or about June 1, 2006 when Respondents transmitted tax bills for real property owned and occupied by Claimants both individually and as representatives of condominium and townhouse owners. The tax bills generated by the Respondents were the result of illegal selective reassessments and the illegal selective utilization of real property valuation methods by Respondents. The foregoing improper actions by the Respondents were in retaliation for actions by Claimant Terminello both individually and as a representative for other owners of real property that were not traditional single-family residential units when petitioning the Village of Piermont government for redress of grievances regarding real property taxes and other condominium and townhouse ownership issues. As a result of actions undertaken by the Claimants in seeking a reduction of real property taxes and otherwise seeking the same rights as non-

condominium and non-townhouse residential property owners, the Claimant Terminello was advised as an individual and representative of other condominium and townhouse owners in the Village that unless tax certiorari challenges were stopped, the Claimant Terminello and others who are residential condominium and townhouse owners would face severe financial consequences. Those severe consequences by the Respondents included, but were not limited to, the change of valuation method of condominium and other similar ownership in the Village from an income method to a sales method. As a result, the real estate taxes imposed against Claimants and others similarly situated have increased so as to constitute illegal, wrongful and punitive action by the Respondents in violation of the rights of Claimants.

10. The imposition of taxes by Respondents against the Claimants and others similarly situated is also an improper and illegal assertion of tax authority in that Claimants and others are being taxed for Village services that are not provided by Respondents to Claimants and others similarly situated. The Respondents by generating Village tax bills on or about June 1, 2006 have compelled Claimants and others similarly situated to pay for Village services that as residential condominium and townhouse owners Claimants and others similarly situated do not solely benefit from. Said Village services are enjoyed by other residents of the Village, in particular traditional single-family home residents, that residential condominium and townhouse unit owners do not enjoy. The foregoing conduct of Respondents was undertaken pursuant to and under color of law with Respondents acting as municipal officials and otherwise in an official capacity pursuant to an official policy of illegal, unconstitutional and unjust imposition of real estate taxes.

11. It is a long standing principle of law that a Municipality may not assess any

tax for services that the property owner does not benefit from as a basis for taxation. Respondents have a practice and policy of distributing the costs for certain municipal services (such as snow plowing, garbage collection, road improvements) that are not provided to residential condominium and townhouse owners among all property owners in the Village, including residential condominium and townhouse property owners. As such, the residential condominium and townhouse property owners are being illegally and improperly assessed for municipal services that are not provided. This practice and policy of Respondents in taxing the residential condominium and townhouse owners for services not provided constitutes an improper and illegal penalty upon residential condominium and townhouse ownership. Moreover, the practices and policies of Respondents aforesaid constitute the illegal delegation and contracting away of the right of taxation in whole or in part from non-residential condominium and non-residential townhouse owners in the Village to residential condominium and townhouse owners in the Village. The foregoing is a violation of the civil rights of Claimants and others similarly situated.

12. This claim is for the loss of property value, economic loss, personal loss and other loss sustained to the persons and properties of Claimants having an economic value in total of $85,000,000 which injuries and economic loss, together with punitive damages should be assessed against the above-captioned Respondents in an amount to be determined by a Court of appropriate jurisdiction.

13. The said claim and demand is hereby present for adjustment and payment.

WHEREFORE, Claimants demand payment of the claim in an amount to be determined upon the trial of this action, together with such other and further relief as is just

and proper, together with costs, disbursements and attorney fees.

Dated:          July 25, 2006
                South Nyack, New York

                               Yours, etc.

                               FEERICK LYNCH MacCARTNEY, PLLC

                               _____

                               By:  Dennis E. A. Lynch, Esq.
                               Attorneys for Claimants
                               96 South Broadway
                               South Nyack, New York  10960
                               (845) 353-2000

STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------x
In the Matter of the Claim of

LOUIS A. TERMINELLO, MICHAEL MILLER,                    **VERIFICATION**
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,

                                Claimants,

        -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND MEMBERS,

                                Respondents.

-----------------------------------------------------------x

STATE OF NEW YORK     )
                      ) SS.:
COUNTY OF ROCKLAND    )

    **LOUIS A. TERMINELLO**, being duly sworn, deposes and says that he is a
Claimant in the above-captioned residing at Piermont, New York and hereby states that he
has read the annexed Notice of Claim, knows the contents thereof and the same is true to
his knowledge, except those matters therein which are stated to be alleged on information
and belief, and as to those matters he believes them to be true. His belief, as to those
matters therein not stated upon knowledge, is based upon the files maintained by
FEERICK LYNCH MacCARTNEY, PLLC.

                                        _____
                                        **LOUIS A. TERMINELLO**

Sworn to before me this
30th day of July 2006.

_____
Notary Public

        REGINA O'NEILL
    Notary Public, State of New York
            No. 5049054
    Qualified in Rockland County
Commission Expires September 5, 20__

STATE OF NEW YORK
COUNTY OF ROCKLAND

In the Matter of the Claim of In the Matter of the Claim of LOUIS A. TERMINELLO, et al.,

Claimants,

-against-

THE VILLAGE OF PIERMONT, NEW YORK by ITS BOARD OF TRUSTEES AND MEMBERS,

Respondents.

## NOTICE OF CLAIM

**FEERICK LYNCH MacCARTNEY**
ATTORNEYS AT LAW
*Claimants*

*Attorney(s) for*

Office and Post Office Address, Telephone
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
(845) 353-2000
(845) 353-2789 facsimile

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: July 25, 2006

Signature...............................................

Print Signer's Name............... Dennis E. A. Lynch...............

*Service of a copy of the within*                                      *is hereby admitted.*

Dated:

*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐
NOTICE OF
ENTRY

*that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on*                       20

☐
NOTICE OF
SETTLEMENT

*that an Order of which the within is a true copy will be presented for settlement to the
Hon.                                          one of the judges of the within named Court,
at
on                               20          , at                      M.*

Dated:

*Attorney(s) for*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X        08 CV 01056 (WCC)
LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,                              **AFFIDAVIT OF**
DeVRIES POINT CONDOMINIUM, and                            **BRIAN KENNEY**
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,
                                    Plaintiffs,

                    -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

                                    Defendants.
----------------------------------------------------------------X

STATE OF NEW YORK        }

COUNTY OF ROCKLAND  }

**BRIAN KENNEY,** being duly sworn, deposes and says:

1.      I am an Assessor for the Town of Orangetown. I have a New York State Board of

Regents Designation from the Institute of Assessing Officers and am certified as a

New York State General Appraiser. I have been appraising properties for

approximately 20 years.

2.      I am a Consultant Assessor for the Village of Piermont ("Village"). The true

assessors for the Village are its Board of Trustees. This affidavit is based upon my

own personal knowledge of the facts surrounding the plaintiffs' claims in the above-

captioned matter.

3.    Sometime in 2004, I received a request from the Village's Board of Trustees to discuss possible resolutions to the declining equity received from its taxpayers. In a memo dated September 30, 2004, I advised the Village of possible options to resolve their problem including, but not limited to, an entire revaluation of the properties in the Village. Annexed hereto as Exhibit "1" is a copy of my September 30, 2004 memo to the Board of Trustees.

4.    Shortly after, I contacted the Office of Real Property Services for the State of New York ("OPS") to request guidance on how to successfully revalue the Village's property. On or about November 29, 2004, I received a response from OPS providing me with such guidance. Annexed hereto as Exhibit "2" is a copy of OPS' letter dated November 29, 2004.

5.    The Village opted to assess all the properties and I was the consultant for the project. All property owners in the Village were subject to the reassessment; not just the plaintiffs. The property value assessments were done in accordance, and under the guidelines, of the OPS.

6.    A legal notice was posted by the Village's Board of Trustees and Hearings were held.

7.    On June 1, 2006, OPS established and certified a final State equalizations rate of 100% for the Village.

BRIAN KENNEY

SWORN TO BEFORE ME THIS
4TH DAY OF MARCH, 2008

NOTARY PUBLIC

DONNA A. MORRISON
Notary Public, State of New York
No. 01MO5081099
Qualified in Rockland County
Commission Expires June 30, 20__



THOMAS G. GRIFFEN
EXECUTIVE DIRECTOR

**STATE OF NEW YORK**
EXECUTIVE DEPARTMENT
**OFFICE OF REAL PROPERTY SERVICES**
263 Rte.17K, Suite 2001
NEWBURGH, NEW YORK 12550-8310

http://www.orps.ny.state.us

Tel. (845) 567-2648
FAX (845) 567-2690

VINCENT SMITH
Regional Director

JOHN WOLHAM
Regional Manager

November 29, 2004

Mr. Brian Kenney, Assessor
Town of Orangetown
Town Hall
Orangeburg, New York 10962

Dear Brian:

Your letter dated November 18, 2004 to Mr. Joseph K. Gerberg, Esq., of our Office of Counsel has been forwarded to me for response.

As I understand your letter, there are three basic questions. The first is whether the Village of Piermont could "relinquish its assessing unit status and adopt the Town roll under the Homestead provision?" The second is whether the Village of Piermont could "adopt the Town roll without the class separations of Article 19?" The third is whether "Homestead and Non-Homestead Class rates would be issued separately for the Village as is now done for school districts and the Town and Town-outside villages sections of [the] Town (this assumes the Village of Piermont reassesses and then adopts article 19)?"

Relative to your first question, the Village could indeed relinquish its assessing unit status and adopt Homestead. The Village could adopt Homestead by passing a local law at least 90 days prior to the Village levy date (June 1st), if it gives up its assessing unit status prior to the applicable Taxable Status Date (January 1st) of the roll year in question. A local law to give up assessing unit status is subject to permissive referendum. Since a local law cannot take effect until it is filed with the Secretary of State and, to allow for the 30-day period within which the public could petition for permissive referendum, such a law would need to be passed no later than the end of November in the year prior to the roll year for which this would take effect. The Village's Attorney can provide you with the time requirements for holding a public hearing to enact a local law and the timing of the public notice that must precede such a hearing, as well as further details about a permissive referendum. Realistically, the earliest this scenario could be accomplished would be for the Village's 2006 roll (a local law to give up assessing unit status would need to be passed no later than the end of November 2005; a local law to adopt Homestead would be passed no later than March 1, 2006). Assuming the passage of both laws as just described, the Village of Piermont would then utilize the Town's assessments from the most recently filed Final roll (05) for the Village's 06 levy with Homestead (dual tax rates) in place.

Regarding your second question, the Village could indeed adopt the Town of Orangetown's roll without the use of Homestead. The Village would remain an assessing unit and adopt the Town's assessment roll "so far as practicable" (per RPTL §1402(2)). Using the Village's upcoming 2005 roll as an example for this scenario, the Village would have to, at a minimum, adjust the Town's assessments for the one-year difference in Valuation Dates between village (January 1, 2005) and town (January 1, 2004) and the ten-month difference in Taxable Status Dates between village (January 1, 2005) and town (March 1, 2004). The Village could choose to adopt Homestead (or not), as it feels appropriate. Please keep in mind that, so long as the Village remains an assessing unit, ORPS will have to certify the Village as an Approved Assessing Unit (AAU) before Homestead could be adopted (my answer to your third question will provide more detail on this). My response to your first question is also applicable to this second question (the Village could give up its assessing unit status thereby using the town's values while choosing not to adopt Homestead).

Your third question involves a scenario in which the Village reassesses and then adopts Article 19 (Homestead). Please note that a Village reassessment may or may not involve the adoption of the Town's most recent final assessments (whatever process is used, ORPS would need to determine that all statutory requirements are satisfied). Regardless, an assessing unit must conduct a reassessment in order to be certified as an Approved Assessing Unit, a requirement necessary for the use of Homestead. To implement Homestead, an assessing unit must file an application for Approved Assessing Unit (AAU) Status no later than 120 days prior to the tentative roll on which the reassessment values are entered (RPTL §1902(2)). Since the Village has a tentative roll date of February 1st, this application would need to be filed by October 3rd of the prior year.

As part of its reassessment, the Village would need to perform assessment disclosure as required by RPTL §511(1). This process would utilize the preliminary village assessments to generate the most recently extended village levy with comparisons provided against the actual tax dollar amounts generated by the prior village assessments. These notices would need to be mailed to property owners no later than 60 days prior to the February 1st tentative roll (by December 2nd of the prior year). To meet this deadline, the Village's preliminary assessments would need to be ready by early November of the prior year so as to allow sufficient time to prepare a tax shift analysis that includes the use of the Homestead option. As part of assessment disclosure, the Village would also need to conduct informal review meetings with property owners who have questions about their new village assessment (RPTL §511(3)).

To adopt Homestead in this scenario, the Village would need to enact a local law (without referendum) no later than 60 days prior to the February 1st tentative roll (by December 2nd of the prior year) per RPTL §1903(1). This would be contingent on ORPS confirming the Village's reassessment at its stated Level of Assessment. Assuming this occurs, separate Homestead and Non-Homestead class equalization rates would indeed be issued for the Village.

I hope this adequately answers each of your questions. As a general reference, I am enclosing a copy of an Office of Counsel memo that comprehensively discusses village assessing unit options.

If the Village has specific legal questions, please feel free to contact ORPS' Office of Counsel by phone at (518) 474-8821 or in writing at 16 Sheridan Ave., Albany, NY 12210-2714.

Please feel free to contact Stephen Hartnett or myself at (845) 567-2648 if you have any other questions or if we can be of further service.

Sincerely,

John Wolham, IAO
Regional Manager


cc: B. Gawrelski, NYS ORPS
V. Smith, NYS ORPS
J. Gerberg, NYS ORPS
S. Harrison, NYS ORPS
S. Hartnett, NYS ORPS
J. Noto, Rockland Co. RPT Officer



# INCORPORATED VILLAGE OF PIERMONT
### 478 PIERMONT AVENUE * PIERMONT, NEW YORK 10968 * (845) 359-1258
### FAX  (845) 359-0466

September 21, 2005

NYS Office of Real Property Services
263 Route 17K
Suite 2001
New Burgh, NY 12550

*Via First Class Mail &*
*Certified Mail RRR*

**Attention:  John Wolham**

**Re:    Village of Piermont**
       **Application for Certification or Recertification as an Approved Assessing Unit**

Dear Mr. Wolham:

Enclosed please find an Application for Certification or Recertification as an Approved Assessing Unit filed on behalf of the Village of Piermont, located in Rockland County.

This application is filed in connection with a revaluation project currently under way in the Village of Piermont. The Village of Piermont has contracted with its Assessor-Consultant Brian Kenny (who is also the Assessor for the Town of Orangetown - phone 845-359-5100) to complete a revaluation, and the Village of Piermont intends to adopt the Homestead Tax Option following a careful analysis of the results of the revaluation.

The Village of Piermont intends to be ready to send a disclosure notice to its residents setting forth the tax shift analysis by December 2, 2005, and to hold informal meetings with homeowners to answer any questions about the proposed new Village assessment.

Finally, the Village of Piermont intends to adopt a local law relative to the adoption off the Homestead Tax Option by December 2, 2005.

Please feel free to contact the undersigned (at 845-358-5115 x-4), or Brian Kenny should you have any questions regarding this application.

Yours truly,


Walter R. Sevastian, Esq.
**VILLAGE ATTORNEY**


cc:    Village Board

MAYOR  EDWARD TRAYNOR
TRUSTEES  FRED DEVAN, JOAN GUSSOW, AUDIE MORAN  AND VINCENT O'BRIEN
CLERK-TREASURER  DENISE EHRHART    VILLAGE ATTORNEY  WALTER SEVASTIAN

RP-3002 (3/95)



**STATE OF NEW YORK**
**STATE BOARD OF REAL PROPERTY SERVICES**

**APPLICATION FOR CERTIFICATION OR RECERTIFICATION AS AN APPROVED ASSESSING UNIT**

SWIS CODE: 392405   MUNICIPALITY: Village of Piermont   COUNTY: Rockland

| | |
|---|---|
| **Submitted By: Name, Title:** | Edward Traynor, Mayor |
| **Address:** | 478 Piermont Avenue |
| | Piermont, NY  10968 |
| **Telephone:** | 845-359-1258  x-303 |

| | |
|---|---|
| **Name, Title of Chief Executive Officer:** | Edward Traynor, Mayor |
| **Address:** | 478 Piermont Avenue |
| | Piermont, NY  10968 |
| **Telephone:** | 845-359-1258 |

I, Edward Traynor                having been authorized by the local governing body of the Village of Piermont          do hereby make application for certification or recertification as an Approved Assessing Unit pursuant to Subdivision 2, Section 1902 of the Real Property Tax Law. The date of filing of the tentative assessment roll on which the revaluation/update assessments are to be entered is _February_ 20_06_. The uniform percentage of value at which all real property will be assessed on that tentative assessment roll is_____100_____%. Section 1903 of the Real Property Tax Law has never been used by the assessing unit.

Signed: _____   Date: ___9/20/05___

**INSTRUCTIONS**

This application may only be filed by a municipality, which has the power to assess real property, no later than 120 days prior to the filing of the tentative assessment roll on which the revaluation/update assessments will be entered. A county not having such power cannot make application on behalf of its cities, towns or villages.

Notice of certification or denial thereof will be transmitted to the chief executive officer of the applicant municipality no later than 30 days prior to the filing of the above mentioned tentative assessment roll.

Submit this application to:

**YOUR REGIONAL**
**NYS OFFICE OF REAL PROPERTY SERVICES**
263 Route 17K
Suite 2001
Newburgh, NY  12550
845-567-2648

# *Memorandum*



STATE OF NEW YORK
EXECUTIVE DEPARTMENT
OFFICE OF REAL PROPERTY SERVICES

**TO:**        **Mr. Edward Traynor, Mayor, Village of Piermont**

**FROM:**    John Wolham, Newburgh ORPS

**SUBJECT:**  Memorandum of Understanding

**DATE:**     **October 4, 2005**

Enclosed are two copies of our mutual agreement to complete the work involved in your town's 2005reassessment project. Please review this document with your assessor and sign the appropriate page indicating your agreement to proceed as described herein.

Please return one signed document to:

> Attn: John Wolham
> NYS Office of Real Property Services
> 263 Rte 17K, Suite 2001
> Newburgh, N.Y. 12550

Retain one copy for your records.

A formal resolution enacted by the Town Board acknowledging and supporting the reassessment project must be on file with this office. If one has not already been forwarded, please return one along with this signed document.

If you have any questions regarding this material, please contact me at (845) 567-2648.

Enclosures



THOMAS G. GRIFFEN
EXECUTIVE DIRECTOR

**STATE OF NEW YORK**
EXECUTIVE DEPARTMENT
**OFFICE OF REAL PROPERTY SERVICES**
263 Rte.17K, Suite 2001
NEWBURGH, NEW YORK 12550-8310

JOHN WOLHAM
Regional Manager

http://www.orps.state.ny.us

Tel. (845) 567-2648
FAX (845) 567-2690

September 30, 2005

## *Memorandum of Understanding*

Mr. Edward Traynor, Mayor
Village of Piermont
478 Piermont Avenue
Piermont, NY 10968

Dear Mr. Traynor:

Section 305 of the Real Property Tax Law states that all real property in each assessing unit shall be assessed at a uniform percentage of value. I am pleased that your municipality has decided to embark on an assessment improvement process that will result in an equitable 2006 assessment roll.

The purpose of this Memorandum of Understanding is to clarify and outline the roles and responsibilities of your municipality and the New York State Office of Real Property Services (ORPS) in the reassessment process. Please review this document with your assessor and sign the appropriate page indicating your agreement to proceed as described herein.

The goal of the NYS Office of Real Property Services is to optimize state and local resources by working toward an integrated, efficient and equitable real property tax system that coordinates your reassessment process with our equalization study. This goal aligns ORPS Full Value Measurement Program with municipal assessment improvement activity by utilizing the reassessment data in the equalization process. ORPS staff will verify, in accordance with our reassessment verification process, that the stated uniform level of assessment has been achieved and that all steps to achieve equity have been implemented.

In keeping with this goal, we look forward to establishing a cooperative and productive relationship with your municipality during the reassessment process. Our expectation is that this cooperative relationship will result in the use of your local determination of value (assessed value) as the basis for establishing the full value of your municipality for equalization purposes. Appendix A contains the municipal requirements of the reassessment verification process regarding our state equalization responsibilities.

1

Unless otherwise noted in Section D (Summary), we are assuming that the assessor is responsible for making decisions that affect the municipality's participation in the reassessment process. The municipality must agree to maintain all relevant property inventory data characteristics and maintain an equitable assessment roll at the stated uniform percentage of value in accordance with Section 305, RPTL.

The next three sections detail the responsibilities of the municipality, your assessor and ORPS. Cooperation and collaboration at all levels of government is critical to the successful execution of the reassessment process.

**A.    Municipal Responsibilities:**

　　　1.    Support the assessor's efforts and allocate sufficient funds to cover all costs associated with the process, and provide appropriate staff to support the reassessment efforts.

**B.    Assessor Responsibilities:**

　　　1.    Prepare a reassessment project timetable detailing project tasks with projected start and completion dates.  A preliminary timetable is attached as Appendix B.

　　　2.    Coordinate a public information program throughout the process. This may include, but is not limited to, preparing all necessary press releases and conducting informational meetings dealing with various aspects of the reassessment process.

　　　3.    Maintain current assessment inventory and valuation data for all properties as defined by the State Board's Rules. This data is necessary to value each parcel using at least one of the standard appraisal methods (cost, market, income).

　　　4.    Systematically analyze local real estate markets, conduct valuation related activities and utilize appropriate valuation methodologies to complete the reassessment process and maintain equitable assessments.

　　　5.    Review the results of the valuation process to ensure that all properties are assessed at the stated uniform percentage of value.

　　　6.    Provide ORPS with the products referred to in Appendix A that are required to verify the municipality's stated Level of Assessment (LOA).

　　　7.    Produce assessment disclosure notices (if required). In the years when assessment disclosure notices are processed, the assessor must:

　　　　　a.  Provide all necessary tax rates, tax levy amounts, and computer data files reflecting the taxable values used in the prior year school and county/town/city tax extensions.

　　　　　b.  Schedule and conduct informal meetings with taxpayers following the mailing of the assessment disclosure notices. The assessor is responsible for making the necessary data and value corrections, as a result of such meetings, prior to establishment of the tentative roll.

2

8.    If needed, request state advisory appraisals of utility.

If applicable, provide ORPS with the inventory and valuation methodology used to arrive at the utility values, which appear on the assessment roll, where advisory appraisals were not requested by the municipality, were requested but not used, or were requested only for <u>some</u> utility properties. If appropriate documentation and valuation conclusions are not available, ORPS' staff will have no basis to evaluate the locality's market value conclusions and, thus, will need to complete an independent field appraisal for use in determining your assessing unit's full value.

**C.    Office of Real Property Services Responsibilities:**

1.    Conduct a needs assessment in collaboration with the assessor, the county real property tax director, other municipal assessors, and interested local officials, if appropriate, for achieving and maintaining equity.

2.    Advise the locality on how best to proceed with the project, what type of assistance is needed, and who could provide it, i.e. county, state, contractor, consultant, etc.

3.    Work in conjunction with the assessor and County RPTS to define the steps and develop a plan to maintain an equitable assessment roll and to address any other areas identified by the needs assessment.

4.    Provide project monitoring pursuant to our responsibilities regarding state equalization.

5.    Provide periodic reassessment progress reports to all principals for review and discussion.

6.    Participate in presentations to taxpayer groups, municipal officials, etc., if notified in writing two weeks in advance as to the meeting's purpose and participants.

7.    Provide processing services as requested that will be charged per the Real Property System Fee Schedule for fiscal year 2005-2006.

3

**D. Summary**

Please review the following summary and provide the information required in items 2, 3 and (if appropriate) 6. If you have any questions or concerns, please contact your ORPS' Customer Relationship Manager. Signing this document signifies acceptance of this agreement by you and your assessor. Please return one signed copy to ORPS' regional office and retain the other copy for your reference purposes.

1.    I understand the roles and responsibilities of the parties involved (as described in this document) that are necessary to complete the reassessment process.

2.    At the completion of the reassessment process, all property will be assessed at a uniform percentage of value as required by Section 305, RPTL.  The uniform percentage of value intended (not binding) for use in calculating the new assessments will be (check appropriate box):
      ____ 100%
      ____ Other (please specify) _____

3.    The valuation date for this reassessment will be (check appropriate box):
            ____ January 1 of the reassessment roll year
            ____ Other (please specify) _____

4.    The new assessed values will be based on parcel inventories that comply with Section 190-1.2, NYCRR.

5.    ORPS' staff will be provided with timely information and access to data as described in Appendix A.

6.    If the assessor is <u>not</u> responsible for making decisions that affect the municipality's participation in the reassessment process, please specify the appropriate person below:

      Name _____
      Title _____
      Address _____
      Telephone # _____

I am looking forward to working in a cooperative environment where the reassessment process can be completed as efficiently and effectively as possible.

_____    _6/3/05_
ORPS' Regional Manager          Date

_Edward_____    _12/8/05_  _Edward_____    _12/30/05_
Assessor        Date/    Mayor              Date

4

# Appendix A
# Value Verification Checklist

**The following products are required by ORPS staff to verify that the assessed values are at the stated uniform level of assessment and reflect the current valuation date. This verification is the process used to accept local values for our measurement of full value (equalization program), and other determinations if applied for as previously specified in this Memorandum of Understanding.**

1. Access to parcel inventories that comply with the State Board's Rules

2. Copy of Request for Proposal (RFP), the proposal, a contract or a work plan if the project was not contractor assisted. Include the following:

      A)   Time line (schedule of events)
      B)   Assignment of resources (staffing for each activity)
      C)   Software to be used for inventory maintenance (if applicable)
      D)   Software to be used for valuation (if applicable)

3. Sales listings used in valuation analysis (minimum of valid sales occurring one year prior to valuation date):

      A)   Residential
      B)   Commercial/Industrial
      C)   Vacant/Farm

4. Description of all valuation methodologies used and accompanying documentation

      A)   Description of land valuation procedure, if applicable
            1)   Land valuation tables
      B)   Cost documentation
            1)   Base Cost Table (include identification of source)
            2)   Depreciation Schedule
      C)   Market documentation
            1)   Valuation Model (supply all of the following which are applicable):
                a)   Sales adjustments (time, physical characteristics)
                b)   Regression coefficients
                c)   Feedback coefficients
                d)   Component unit values
                e)   Commercial/Industrial market unit factors
            2)   Valuation Factor File (VVF), if applicable
      D)   Income documentation
            1)   Commercial/Industrial Income Factors including:
                a)   Gross Income per Unit
                b)   Vacancy Rates
                c)   Expense Ratios
                d)   Capitalization Rates
            2)   Income and Expense Source Data (if available)
      E)  Trending (if values were updated by applying factors, percentages or indices)
          1)   Description of market areas (neighborhoods) and supporting documentation for the development of factors, percentages or indices, in each market area.

5

# Appendix A (con't)

# Value Verification Checklist

    F) Any other appropriate valuation documentation that supports your determination of market value.

5.    Valuation Neighborhood Maps (if applicable)

6.    Advisory Appraisals:

    A)    Statement as to whether utility advisory appraisals were used in part or in their entirety

    B)    Statement as to whether commercial/industrial advisory appraisals were used in part or in their entirety

7.    Value Review:

    A)    List or file of predicted values (if available)

    B)    Access to review documents (review documents must be saved)

    C)    List of (or file containing) informal meeting changes (if applicable)

8.    Tentative Roll:

    A)    Copy of tentative roll or file containing tentative assessments

    B)    New statement of uniform percent, if different from original agreement

    C)    List of parcels with court ordered assessments (if any)

9.    Final Roll:

    A)    Copy of final roll or file containing final assessments

    B)    List of BAR changes

# Appendix B
# Reappraisal Project Timetable

| Project Tasks | Start Date | End Date |
|---|---|---|
| Project commencement | 04/01/05 | |
| Request for advisory appraisals (including SOL) | 05/27/05 | |
| Public information program (on-going) | 04/01/05 | 02/01/06 |
| Data collection training (if necessary) | N/A | |
| Inventory data file editing (Subjects) | 06/14/05 | 07/15/05 |
| Inventory data collection (if necessary) | 05/16/05 | 07/08/05 |
| Inventory data verification/review | N/A | |
| Inventory data file editing (Sales) | 06/14/05 | 07/15/05 |
| Sales verification/validation (on-going) | 05/16/05 | 07/15/05 |
| Collection of new construction (on-going) | 03/01/05 | 01/15/06 |
| Parcel inventory mailers | 09/26/05 | 09/30/05 |
| Production in response to parcel inv. mailers | 09/30/05 | 10/31/05 |
| Acquisition of market data (sales/cost/inc, etc.) | 05/27/05 | 10/01/05 |
| Grouping of data (NBHD analysis/delineation) | 05/27/05 | 10/01/05 |
| Market analysis/valuation testing (diagnostic) | N/A | |
| Valuation (prescriptive) | 09/30/05 | 10/07/05 |
| Field review of values | 10/07/05 | 10/21/05 |
| Update file with new values | 10/07/05 | 10/21/05 |
| Value analysis (validation) | 01/03/06 | 01/10/06 |
| Assessor recalculation of exemptions | 10/17/05 | 10/21/05 |
| Assessment disclosure notice production/analysis | 10/24/05 | 11/04/05 |
| Assessment disclosure notice mailing | 11/09/05 | 11/10/05 |
| Informal review meetings (incl. field activities) | 11/17/05 | 12/09/05 |
| Value change notice production | 01/19/06 | 01/23/06 |
| Prepare tentative assessment roll | | 02/01/06 |
| Produce final assessment roll | | 04/01/06 |
| Project completion | | 04/01/06 |

* Note - Enter "N/A" in Start Date column for those tasks not relevant to the current project.

# Office of Real Property Services

| Valuing & Assessing Real Property | Taxpayer Rights & Information | Tax Policy & Exemptions | Forms, Publications & Procedures | Equalization & Tax Levy Distribution | Related Sites |
|---|---|---|---|---|---|

(4/1/2005 - 3/31/2006

**Real Property System Fee Schedule for Fiscal Year 2005-2006**

| Type of Service | Fee | Comments |
|---|---|---|
| **1. RPS Licensing Fee** | Section 190-3.2 State Board Rules | |
| **2. Assessment Administration Processing (subject to annual processing agreement)** | | |
| a. Micro Support (City/Town) | $1.00/parcel | Processing to accommodate printing of change of assessment notices, tentative and final assessment rolls and county tax rolls, and generating tax bill extract files. One laser printed copy of rolls is included in fee. |
| b. School with (a) Micro Support above | $.50/parcel | |
| c. Village with (a) Micro Support above | $.50/parcel | Items b., c., d., and e. - Includes printing one copy of tax roll and creation of tax bill extract file. |
| d. Independent Village | $.60/parcel | |
| b. Independent School or Special District Processing | $1.20/parcel | |
| **3. Inventory File Building** | | |
| a. Data Entry | $1.20/parcel | Subject to availability of data entry services, excludes keying for maintenance. |
| b. Property Record Card Processing | $.35/site | Includes processing and printing of 1 set of property record cards. Excludes cost of card stock for printing. |
| **4. Reassessment Processing** | | |
| a. File Editing | $.60/parcel | Includes processing and printing of 1 set of reports produced. |
| b. Data Mailers | $.60/parcel | Includes processing and printing of 1 set of notices and reports produced. |
| c. Market Analysis and Valuation Processing | $1.80/parcel w/local editing<br><br>$2.40/parcel w/ORPS editing | Includes neighborhood delineation, building land tables, developing valuation factor file and market analysis. Includes processing of all approaches to value, with assessor participation plus printing of 1 set of valuation documents. |
| d. Market Analysis and Trending Processing | $1.50/parcel w/local editing<br><br>$2.10/parcel w/ORPS editing | Includes neighborhood delineation, market analysis, developing trend factors, and application of trends for valuation, with assessor participation. Includes printing of 1 set of valuation documents. |
| e. Cosmetic Comparable Sales | $.25/parcel | Includes printing of 1 set of valuation documents. |

| f. Assessment Disclosure Processing | $.60/parcel | Includes processing and printing of 1 set of notices, detail reports and arrays. |

**5. Property Record Card Forms**

| a. R/F/V Data Collection Card | $.05/form | Forms only; additional charges for printing data. |
| b. Commercial Data Collection Card (RP3105) | $.05/form | |
| c. Cost Insert Card (RP3107) | $.05/form | |

**6. Timed Computer Processing**

a. UNISYS-NX

| 1. CPU | $.15/second | Minimum $25/job submitted. |
| 2. I/O | $.04/second | Processing only; printing extra. |

b. Micro Computer

1. Processing: Number of Parcels on File

| Less than 5,000 | $ 60.00/program |
| 5,000 to 20,000 | $120.00/program |
| Greater than 20,000 | $240.00/program |

c. Albany UNIX

| 1. Computing Time | $.87/minute |

**7. Data Processing Assistance Other than for RPS Related Services**

| a. Hours | $55.00/hour | |
| b. Expenses | Travel Expenses | Travel expenses at current State rate for transportation and lodging. |

**8. Other Fees**

| a. Data Entry | $.0030/stroke | |
| b. Master File Copy | $60/copy | Locality must supply media. Download is extra. |
| c. Special Requests for Mailing Labels | $.03/label | Minimum $25/job submitted, includes cost of label. |
| d. Geographic Information System Services | Current GIS Fee | |
| e. Printing (print file provided) | $.12/side | |

Last Modified on: 03/29/2005 15:03:57

Privacy and Security Notice | Disclaimer | Copyright | Contact Us

Questions/Comments: nysorps@orps.state.ny.us        (518) 474-2982

Copyright 2004        All Rights Reserved

# AFFIDAVIT OF PUBLICATION
## from
# The Journal News

_____Florence Bonilla_____ being duly sworn says [illegible] the principal clerk of The Journal News, a newspaper published in the County of Westc[illegible] of New York, and the notice of which the annexed is a printed copy, was published [illegible] area(s) on the date(s) below:

**Note:** The two-character code to the left of the run dates indicates the zone(s) that published. (See Legend below)

JN  11/07/05

Signed _____

Sworn to before me

This ___10th___ day of ___November___ 20 ___05___

Notary Public, Westchester County

LOLA M. HALL
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01HA6112693
QUALIFIED IN WESTCHESTER COUNTY
TERM EXPIRES JULY 6, 2008

---

**Legend:**
**Northern Area (AN):**
Amawalk, Armonk, Baldwin Place, Bedford, Bedford Hills, Briarcliff Manor, Buchanan, Chappaqua, Crompond, Cross River, Croton Falls, Croton on Hudson, Goldens Bridge, Granite Springs, Jefferson Valley, Katonah, Lincolndale, Millwood, Mohegan Lake, Montrose, Mount Kisco, North Salem, Ossining, Peekskill, Pound Ridge, Purdys, Shenorock, Shrub Oak, Somers, South Salem, Verplanck, Waccabuc, Yorktown Heights, Brewster, Carmel, Cold Spring, Garrison, Lake Peekskill, Mahopac, Mahopac Falls, Putnam Valley, Patterson

**Central Area (AC):**
Ardsley, Ardsley on Hudson, Dobbs Ferry, Elmsford, Harrison, Hartsdale, Hastings, Hastings on Hudson, Hawthorne, Irvington, Larchmont, Mamaroneck, Pleasantville, Port Chester, Purchase, Rye, Scarsdale, Tarrytown, Thornwood, Valhalla, White Plains, Greenburgh

**Southern Area (AS):**
Bronxville, Eastchester, Mount Vernon, New Rochelle, Pelham, Tuckahoe, Yonkers

**Rockland Area (JN or RK):**
Blauvelt, Congers, Garnerville, Haverstraw, Hillburn, Monsey, Nanuet, New City, Nyack, Orangeburg, Palisades, Sloatsburg, Sparkill, Spring Valley, Stony Point, Suffern, Tallman, Tappan, Thiells, Tomkins Cove, West Haverstraw, West Nyack, Pearl River, Piermont, Valley Cottage, Pomona

**Patent Trader (PT):**
Amawalk, Armonk, Baldwin Place, Bedford, Bedford Hills, Briarcliff, Chappaqua, Cortlandt Manor, Cross River, Croton Falls, Goldens Bridge, Granite Springs, Jefferson Valley, Katonah, Lincolndale, Millwood, Mohegan Lake, Mount Kisco, North Salem, Pleasantville, Pound Ridge, Pudrys, Shrub Oak, Somers, South Salem, Thornwood, Verplanck, Waccabuc, Yorktown Heights

**Review Press (BVW):**
Bronxville, Eastchester, Scarsdale, Tuckahoe

---

Ad Number- H01862722        Account Number - 092403006

## RESOLUTION OF THE VILLAGE OF PIERMONT BOARD OF TRUSTEES

**WHEREAS,** the Piermont Village Board ("Village Board") is required by New York State Law to insure that all tax assessments of real property within the Village of Piermont are correct and uniform;

**WHEREAS,** the last valuation of real property for tax assessment purposes within the Village of Piermont was conducted in 1987;

**WHEREAS,** the Village Board recognizes that the fair market value of real property within the Village of Piermont has significantly increased since 1987 ;

**WHEREAS,** the Village Board feels that adopting a uniform assessment method of all residential real property within the Village, regardless of the form of ownership of such property, is in the best interest of all residents of the Village of Piermont;

**WHEREAS,** the Village Board has directed the Village's Assessor/Consultant to undertake to complete a complete revaluation of real property within the Village of Piermont;

**WHEREAS,** the Village Board has complied with the legal requirements necessary to adopt the Homestead Tax Option, and to adopt a uniform assessment method for all residential real property within the Village;

**THEREFORE BE IT RESOLVED** that the Piermont Village Board hereby adopts revaluation figures produced by the Village of Piermont Assessor/Consultant, subject to any adjustments made as a result of hearings conducted on the revaluation tax shift analysis forms mailed to Piermont residents.

Adopted at a regular Board meeting of the Village of Piermont Board of Trustees on November 22, 2005.



# INCORPORATED VILLAGE OF PIERMONT

478 PIERMONT AVENUE * PIERMONT, NEW YORK 10968 * (845) 359-1258
FAX  (845) 359-0466

November 23, 2005

State Records and Law Bureau
Department of State
162 Washington Street
Albany, New York 12231

Re:   Village of Piermont
       Local Law #7 of 2005

Dear Sir/Madam:

Enclosed please find a copy of Local Law #7 of 2005 duly adopted by
the Board of Trustees on November 22, 2005.

Very truly yours,

Denise Ehrhart
Village Clerk/Treasurer

De
Enc.

MAYOR  EDWARD TRAYNOR
TRUSTEES  FRED DEVAN, JOAN GUSSOW, AUDIE MORAN  AND VINCENT O'BRIEN
CLERK-TREASURER  DENISE EHRHART    VILLAGE ATTORNEY  WALTER SEVASTIAN

*Local Law Filing*

NEW YORK STATE DEPARTMENT OF S...
41 STATE STREET, ALBANY, NY 12231

(Use this form to file a local law with the Secretary of State.)

Text of law should be given as amended. Do not include matter being eliminated and do not use italics or underlining to indicate new matter.

~~County~~
~~City~~ of ........ Piermont ............................................
**Village**

Local Law No. ............ 7 ............ of the year 2005

A local law ...... to adopt the provisions of Real Property Tax Law, Section 1903.
               *(Insert Title)*
               concerning Homestead base proportions .......................

Be it enacted by the ............ Board of Trustees ............................ of the
                        *(Name of Legislative Body)*

~~County~~
~~City~~ of ........ Piermont ............................................ as follows:
**Village**

Be it enacted by the Village Board of the Village of Piermont as follows:

**Section 1.**    The provisions of Real Property Tax Law, section 1903, concerning homestead base proportions are hereby adopted.

**Section 2.**    The homestead base proportions shall be established by Resolution of the Village Board of the Village of Piermont in accordance with the provisions of Article 19 of the Real Property Tax Law and shall apply to taxes levied on the 2006 final assessment roll and to taxes levied on subsequent rolls, until this local law is repealed.

**Section 3.**    This local law shall take effect immediately upon the filing of same with the Secretary of State.

(If additional space is needed, attach pages the same size as this sheet, and number each.)

(1)

DOS-239 (Rev. 2/98)

(Complete the certification in the paragraph that applies to the filing of this local law and strike out that which is not applicable.)

**1. (Final adoption by local legislative body only.)**

I hereby certify that the local law annexed hereto, designated as local law No. ......7...... ...... of 19. 2005 of the (~~County~~)(~~City~~)(~~Town~~)(Village) of ......Piermont...... was duly passed by the ......Board of Trustees...... on Nov. 22. 2005 , in accordance with the applicable provisions of law.
*(Name of Legislative Body)*

**2. (Passage by local legislative body with approval, no disapproval or repassage after disapproval by the Elective Chief Executive Officer*.)**

I hereby certify that the local law annexed hereto, designated as local law No. ...... of 19...... of the (County)(City)(Town)(Village) of ...... was duly passed by the ...... on 19..., and was (approved)(not approved)(repassed after
*(Name of Legislative Body)*
disapproval) by the ...... and was deemed duly adopted on ...... 19...,
*(Elective Chief Executive Officer*)*
in accordance with the applicable provisions of law.

**3. (Final adoption by referendum.)**

I hereby certify that the local law annexed hereto, designated as local law No. ...... of 19...... of the (County)(City)(Town)(Village) of ...... was duly passed by the ...... on 19..., and was (approved)(not approved)(repassed after
*(Name of Legislative Body)*
disapproval) by the ...... on ...... 19..... Such local law was submitted
*(Elective Chief Executive Officer*)*
to the people by reason of a (mandatory)(permissive) referendum, and received the affirmative vote of a majority of the qualified electors voting thereon at the (general)(special)(annual) election held on ...... 19... , in accordance with the applicable provisions of law.

**4. (Subject to permissive referendum and final adoption because no valid petition was filed requesting referendum.)**

I hereby certify that the local law annexed hereto, designated as local law No. ...... of 19...... of the (County)(City)(Town)(Village) of ...... was duly passed by the ...... on 19..., and was (approved)(not approved)(repassed after
*(Name of Legislative Body)*
disapproval) by the ...... on ...... 19... . Such local law was subject to
*(Elective Chief Executive Officer*)*
permissive referendum and no valid petition requesting such referendum was filed as of ...... 19... , in accordance with the applicable provisions of law.

* **Elective Chief Executive Officer** means or includes the chief executive officer of a county elected on a county-wide basis or, if there be none, the chairperson of the county legislative body, the mayor of a city or village, or the supervisor of a town where such officer is vested with the power to approve or veto local laws or ordinances.

(2)

5. (City local law concerning Charter revision proposed by petition.)

I hereby certify that the local law annexed hereto, designated as local law No. _____ of _____ of the City of _____ having been submitted to referendum pursuant to the provisions of section (36)(37) of the Municipal Home Rule Law, and having received the affirmative vote of a majority of the qualified electors of such city voting thereon at the (special)(general) election held on _____ became operative.

6. (County local law concerning adoption of Charter.)

I hereby certify that the local law annexed hereto, designated as local law No. _____ of 19____ of the County of _____ State of New York, having been submitted to the electors at the General Election of November _____ 19___, pursuant to subdivisions 5 and 7 of section 33 of the Municipal Home Rule Law, and having received the affirmative vote of a majority of the qualified electors of the cities of said county as a unit and a majority of the qualified electors of the towns of said county considered as a unit voting at said general election, became operative.

(If any other authorized form of final adoption has been followed, please provide an appropriate certification.)

I further certify that I have compared the preceding local law with the original on file in this office and that the same is a correct transcript therefrom and of the whole of such original local law, and was finally adopted in the manner indicated in paragraph _____1_____ above.

*Denise Ehrhart*

Clerk of the County legislative body, City, Town or Village Clerk or officer designated by local legislative body

Denise Ehrhart - Clerk-Treasurer

Date: 11-23-05

(Seal)

(Certification to be executed by County Attorney, Corporation Counsel, Town Attorney, Village Attorney or other authorized attorney of locality.)

STATE OF NEW YORK
COUNTY OF __Rockland__

I, the undersigned, hereby certify that the foregoing local law contains the correct text and that all proper proceedings have been had or taken for the enactment of the local law annexed hereto.

Signature  Walter Sevastian

Village Attorney

Title

~~County~~
~~City~~
~~Town~~  of __Piermont__
Village

Date: 11/23/05

(3)

# AFFIDAVIT OF PUBLICATION
### from
# The Journal News

_____Florence Bonilla_____ being duly sworn says th[...] principal clerk of The Journal News, a newspaper published in the County of Westch[...] of New York, and the notice of which the annexed is a printed copy, was published in [...] area(s) on the date(s) below:

**Note:** The two-character code to the left of the run dates indicates the zone(s) that the [...] published. (See Legend below)

JN   11/25/05

Signed _____

Sworn to before me

This _29th_ day of _November_ 20 _05_

Notary Public, Westchester County

**JACK L. SHARP**
Notary Public, State of New York
**No. 01SH6019087**
Qualified in Rockland County
Term Expires Feb. 1, 2007

**Legend:**
**Northern Area (AN):**
Amawalk, Armonk, Baldwin Place, Bedford, Bedford Hills, Briarcliff Manor, Buchanan, Chappaqua, Crompond, Cross River, Croton Falls, Croton on Hudson, Goldens Bridge, Granite Springs, Jefferson Valley, Katonah, Lincolndale, Millwood, Mohegan Lake, Montrose, Mount Kisco, North Salem, Ossining, Peekskill, Pound Ridge, Purdys, Shenorock, Shrub Oak, Somers, South Salem, Verplanck, Waccabuc, Yorktown Heights, Brewster, Carmel, Cold Spring, Garrison, Lake Peekskill, Mahopac, Mahopac Falls, Putnam Valley, Patterson
**Central Area (AC):**
Ardsley, Ardsley on Hudson, Dobbs Ferry, Elmsford, Harrison, Hartsdale, Hastings, Hastings on Hudson, Hawthorne, Irvington, Larchmont, Mamaroneck, Pleasantville, Port Chester, Purchase, Rye, Scarsdale, Tarrytown, Thornwood, Valhalla, White Plains, Greenburgh
**Southern Area (AS):**
Bronxville, Eastchester, Mount Vernon, New Rochelle, Pelham, Tuckahoe, Yonkers
**Rockland Area (JN or RK):**
Blauvelt, Congers, Garnerville, Haverstraw, Hillburn, Monsey, Nanuet, New City, Nyack, Orangeburg, Palisades, Sloatsburg, Sparkill, Spring Valley, Stony Point, Suffern, Tallman, Tappan, Thiells, Tomkins Cove, West Haverstraw, West Nyack, Pearl River, Piermont, Valley Cottage, Pomona
**Patent Trader (PT):**
Amawalk, Armonk, Baldwin Place, Bedford, Bedford Hills, Briarcliff, Chappaqua, Cortlandt Manor, Cross River, Croton Falls, Goldens Bridge, Granite Springs, Jefferson Valley, Katonah, Lincolndale, Millwood, Mohegan Lake, Mount Kisco, North Salem, Pleasantville, Pound Ridge, Pudrys, Shrub Oak, Somers, South Salem, Thornwood, Verplanck, Waccabuc, Yorktown Heights
**Review Press (BVW):**
Bronxville, Eastchester, Scarsdale, Tuckahoe

Ad Number- H01876797        Account Number - 092403006

# *LEGAL NOTICE*

The Village of Piermont hereby gives notice to all owners of real property in the Village of Piermont of the release of the revaluation program "Assessment Disclosure Notice". The assessor has completed the preliminary determination of assessed values of all real property. An assessment disclosure notice containing the preliminary assessment will be mailed to each owner of property in the taxable, utility and exempt portions of the assessment roll. The assessment disclosure, inventory and valuation information collected during the project will be available at the Village Office identified below, during the following dates and times. Please call (845) 359-1258 extension #7 for an appointment.

## HEARINGS

**Location:** Village of Piermont Village Hall
478 Piermont Avenue, Piermont, New York  10968

**Dates:**      December 5, 2005 through January 4, 2005

**Times:**      Afternoon Appointments after 1:00 p.m.

**Dated:**      November 25, 2005

By order of the Board of Trustees
Denise Ehrhart
Village Clerk-Treasurer

392405

State of New York
State Board of Real Property Services
16 Sheridan Avenue
Albany, New York 12210-2714

Notice of Tentative State Equalization Rate
for the 2006 Assessment Roll

RECEIVED
VILLAGE OF PIERMONT
CLERK'S OFFICE

Mr. Edward Traynor, Mayor
Village of Piermont
478 Piermont Avenue
Piermont, NY 10968

County of Rockland
Village of Piermont 29 P 12: 43

Tentative Equalization Rate:  * 100.00 *

HEARING DATE:
4/24/06        10:00 AM

HEARING PLACE:  Office of Real Property
Services
16 Sheridan Avenue
Albany, New York

On 3/22/2006 the State Board of Real Property Services established a tentative 2006 State equalization rate of 100.00 for your municipality. This equalization rate was computed using data from your municipality's tentative assessment roll. If final assessment roll data produces a significantly different rate, we will recompute the equalization rate and notify you.

A copy of the data reports showing the computation of the tentative State equalization rate is being sent to your assessor. If class equalization rates have been established for your assessing unit, they are provided on the attached list.

The full value standard of the tentative 2006 State equalization rate is the total full value as of July 1, 2004. The percentage change in the estimate of full value between the 2005 State equalization rate and the 2006 State equalization rate due to the change in full value standard for your municipality is 52.3%. The percentage change for the other municipalities in your county is shown on the enclosed report.

A written complaint and all evidence which you wish to submit in support of that complaint must be mailed or hand delivered to Darlene A. Maloney, Assistant to the State Board, at the Albany office of the State Board at the above address at least five days before the hearing date set forth above. The complaint must be made on the enclosed complaint form and signed by the chief executive officer or legal representative. Please refer to Subpart 186-15 of the Board's rules and the State Equalization Rate and Complaint Process booklet when preparing supporting documentation if you file a complaint. The complaint booklet is available on the ORPS website at http://www.orps.state.ny.us or you may contact your ORPS regional office or Brian Moon or Kim Lee in Equalization Support Services in Albany at (518) 474-5666.

THE COMPLAINT FORM AND SUPPORTING DOCUMENTATION DEADLINE IS: 4/19/2006

The hearing itself is not an adjudicatory proceeding. You will, however, have the opportunity to explain the written materials previously submitted, and/or to offer oral statements in support of your complaint. As the duly authorized representative of the State Board, the hearing officer will communicate your comments, in summary form, to the Board. Staff will review the written documentation you submitted in support of your complaint, to determine whether to recommend to the Board that changes be made in the calculation of the State equalization rate.

The State Board will meet on June 20, 2006 in Albany. We will notify you of the recommendation and the exact time and location of the Board meeting.

cc:   Mr. Brian J. Kenney, Village Assessor
Village of Piermont
Board of Trustees
478 Piermont Avenue
Piermont, NY 10968

392405

State of New York
State Board of Real Property Services
16 Sheridan Avenue
Albany, New York 12210-2714

Notice of Tentative Class Equalization Rates
for the 2006 Assessment Roll

RECEIVED
VILLAGE OF PIERMONT
CLERK'S OFFICE

2006 MAR 29 P 12: 43

(CONTINUED)

Assessing Unit:
Village of Piermont

Portion:                                    Homestead    NonHomestead
Village of Piermont                           100.00        100.00

State Board of Real Property Services
16 Sheridan Avenue
Albany, New York 12210-2714

Certificate of the Final Class Equalization Rates
for the 2006 Assessment Roll

Mr. Edward Traynor , Mayor
Village of Piermont
478 Piermont Avenue
Piermont, NY 10968

County of Rockland
Village of Piermont

On June 01, 2006 the State Board of Real Property Services established the following final class equalization rates for the above named assessing unit for the 2006 Assessment Roll.

Assessing Unit:
Village of Orangetown

| Portion: | Homestead | NonHomestead |
|---|---|---|
| Village of Piermont | 100.00 | 100.00 |

*David Ange*

David Ange
Real Property Analyst IV

Date: ___6 | 1 | 06___

Note:　Since your assessing unit did not file a complaint with respect to the tentative class rates, the final class rates are the same as the tentative class rates. Notice of the final class rates will be filed with the clerk of the legislative boc of the assessing unit and in the office of the State Comptroller.

Mr. Brian J. Kenney , Village Assessor
Village of Piermont
Board of Trustees
478 Piermont Avenue
Piermont, NY 10968



# INCORPORATED VILLAGE OF PIERMONT
### 478 PIERMONT AVENUE * PIERMONT, NEW YORK 10968 * (845) 359-1258
### FAX  (845) 359-0466

November 6, 2006

, HOA of Piermont Landing, Inc.
Harbor Cove HOA
Shad Row HOA

In accord with earlier communications between HOA of Piermont Landing, Inc. representatives and the Piermont Village Board, I am enclosing the following for your review:

A summary of the pick-up schedule for garbage, rubbish/debris, and recycling as proposed by the Village of Piermont for the 227 members of the HOA of Piermont Landing, Inc., the 36 members of Harbor Cove, and the 5 residential members of Shad Row. (NOTE: Yuda Condominiums currently has the pick up of these items to the extent reflected in the summary, which pick-up will remain unchanged.)

Please note that the schedule and scope of the pick-up of these items mirror those offered to all of the other residents of the Village of Piermont. Therefore, you should consider whether the scope of the proposed services is adequate for your residents as compared to the pick-up arrangements that you currently have in place.

Finally, a five (5) page specific pick-up schedule and general procedure guidelines for each category of items is also attached, this should fully explain the applicable policies in place with respect to the pick-up of each type of item.

Please review the attached materials at your convenience, and advise the Village Board in writing transmitted to the Village Clerk, whether you wish to implement the proposed pick-up of garbage, rubbish/debris, and recycling.

Very truly yours,

Edward Traynor, Mayor
Board of Trustees

c.c. Residents

MAYOR EDWARD TRAYNOR

## *INCORPORATED VILLAGE OF PIERMONT*
### * DEPARTMENT OF PUBLIC WORKS *
*300 SOUTH PIERMONT AVE. * PIERMONT, N.Y. 10968*
*PHONE (845-359-1717)      FAX (845-680-0049)*

### NOTES:

* RECYCLING MATERIAL SHOULD BE PUT OUT PROPERLY SO AS NOT TO CREATE LITTER ON VILLAGE STREETS.

* RECYCLABLES PUT OUT IN PLASTIC BAGS WILL NOT BE ACCEPTED.

* IF YOUR RECYCLABLE MATERIALS ARE NOT PICKED UP ON THE SCHEDULED DATE OR IF YOU HAVE ANY QUESTIONS REGARDING THE PROGRAM PLEASE CONTACT CONO RECYCLING AT 268-0362 OR THE PIERMONT DEPARTMENT OF PUBLIC WORKS AT 359-1717.

* ON THE FOLLOWING PAGE YOU WILL FIND A BREAKDOWN OF ACCEPTABLE RECYCLABLE MATERIALS.

* NEW RECYCLING BINS CAN BE OBTAINED BY CALLING THE PIERMONT D.P.W. AT 359-1717.

NOTE: PLEASE HANG THE ATTACHED SCHEDULES ON YOUR REFRIGERATOR FOR FUTURE REFERENCE.

* GARBAGE IS PICKED UP ON MONDAY'S AND FRIDAY'S UNLESS THE SCHEDULED DAY FALLS ON A HOLIDAY.

LISTED BELOW ARE THE HOLIDAYS THAT THE D.P.W. WILL BE CLOSED:

| | |
|---|---|
| NEW YEAR'S DAY | 8. ELECTION DAY - NOVEMBER |
| PRESIDENTS DAY | 9. VILLAGE ELECTION (1/2 DAY) |
| GOOD FRIDAY | 10. MARTIN LUTHER KING DAY |
| MEMORIAL DAY | 11. VETERANS DAY |
| 5. INDEPENDENCE DAY | 12. THANKSGIVING |
| 6. LABOR DAY | 13. LINCOLN'S BIRTHDAY |
| 7. COLUMBUS DAY | 14. CHRISTMAS DAY |

THANK YOU FOR YOUR COOPERATION WITH REGARD TO THIS MATTER.

*www.villagedpw.com*



# ·INCORPORATED VILLAGE OF PIERMONT·
## * DEPARTMENT OF PUBLIC WORKS *
### 300 SOUTH PIERMONT AVE. * PIERMONT, N.Y. 10968
### PHONE (845-359-1717)        FAX (845-680-0049)

## "2007"
## RECYCLING SCHEDULE

**LISTED BELOW YOU WILL FIND THE DATES FOR RECYCLING PICKUP IN THE VILLAGE OF PIERMONT:**

| | |
|---|---|
| JANUARY 4 AND 18 | JULY 5 AND 19 |
| FEBRUARY 1 AND 15 | AUGUST 2, 16 AND 30 |
| MARCH 1, 15 AND 29 | SEPTEMBER 13 AND 27 |
| APRIL 12 AND 26 | OCTOBER 11 AND 25 |
| MAY 10 AND 24 | NOVEMBER 8 AND 23 (FRIDAY) |
| JUNE 7 AND 21 | DECEMBER 6 AND 20 |

** RESIDENTS LIVING ON TWEED BLVD. WILL BE PICKED UP ON WEDNESDAYS. (THE DAY BEFORE EACH SCHEDULED DATE LISTED ABOVE)
************************************************************************

THE VILLAGE OF PIERMONT ENCOURAGES RECYCLING IN A CONTINUING EFFORT TO REDUCE THE AMOUNT OF MATERIAL BEING DEPOSITED IN LANDFILLS.

**LISTED BELOW ARE ACCEPTABLE MATERIALS THAT MAY BE PUT OUT FOR RECYCLING.**

| COMMINGLED PAPER | COMMINGLED CONTAINERS |
|---|---|
| NEWSPAPERS | GLASS (CLEAR, BROWN, GREEN) |
| MAGAZINES/ JUNK MAIL | CANS |
| PHONE BOOKS/ CATALOGS | PLASTIC |
| CARDBOARD | MILK/ JUICE BOXES |

** PAPER PRODUCTS SHOULD BE SEPARATED FROM CONTAINERS (GLASS, CANS, PLASTICS, ETC). PAPER PRODUCTS AND CONTAINERS ARE TO BE PLACED IN SEPARATE BINS AND PLACED CURBSIDE THE NIGHT BEFORE YOUR SCHEDULED PICKUP.

** CARDBOARD SHOULD BE BROKEN DOWN AND PUT OUT IN SECTIONS NO BIGGER THAN 3 FT. X 3 FT. THE RECYCLING CARTER NOW ASKS THAT ALL CARDBOARD BE STACKED AND TIED FOR EASY HANDLING.

*www.villagedpw.com*



## ·INCORPORATED VILLAGE OF PIERMONT·
## * DEPARTMENT OF PUBLIC WORKS *
### 300 SOUTH PIERMONT AVE. * PIERMONT, N.Y. 10968
### PHONE (845-359-1717)    FAX (845-680-0049)

### "2007"
## RUBBISH AND DEBRIS PICKUP SCHEDULE

LISTED BELOW ARE THE SCHEDULED DATES FOR PICKUP:

| | |
|---|---|
| APRIL 17 | AUGUST 7 AND 21 |
| MAY 1, 15 AND 30 (WED.) | SEPTEMBER 5 (WED.) AND 18 |
| JUNE 12 AND 26 | OCTOBER 2 AND 16 |
| JULY 10 AND 24 | (OCT.16 LAST DAY FOR PICKUP) |

** RUBBISH/DEBRIS IS NOT PICKED UP THE SAME WEEK AS RECYCLING.

** DURING THE MONTHS (NOVEMBER THRU MARCH) RUBBISH/DEBRIS WILL
BE PICKED UP BY APPOINTMENT ONLY. (CALL 359-1717)

** HOUSEHOLD HAZARDOUS WASTE (PAINT, CHEMICALS, ETC.) SHOULD BE
BROUGHT TO THE ROCKLAND COUNTY HAZARDOUS WASTE FACILITY,
POMONA, NEW YORK. YOU MAY CONTACT THE HAZARDOUS WASTE
FACILITY BY CALLING THE HOTLINE TEL.# 364-2444!

** ALL ITEMS THAT ARE DISCARDED SHOULD BE PUT OUT TIED, BUNDLED,
OR STACKED IN AN ORDERLY FASHION. WOOD MUST BE CUT IN LENGTHS
NO LONGER THAN 5 FEET.

** RUBBISH AND DEBRIS SHOULD BE PUT OUT NO EARLIER THAN THE
WEEKEND BEFORE THE SCHEDULED PICKUP. WE ASK THAT RESIDENTS BE
SENSITIVE IN THE TIMING OF PUTTING OUT DEBRIS FOR IT AFFECTS THE
APPEARANCE OF OUR VILLAGE.

** CONTRACTORS DOING WORK IN THE VILLAGE MUST REMOVE THEIR OWN
DEBRIS.

** ANY DEBRIS THAT IS GENERATED FROM RENOVATIONS, REPAIRS AND
DEMOLITION TO BUILDINGS IN THE VILLAGE OF PIERMONT WILL NOT BE
PICKED UP AS PER THE VILLAGE CODE # 154-13H.

** DOORS MUST BE REMOVED FROM DISCARDED REFRIGERATORS.

*www.villagedpw.com*



## ·INCORPORATED VILLAGE OF PIERMONT·
### ⋆ DEPARTMENT OF PUBLIC WORKS ⋆
*300 SOUTH PIERMONT AVE. ⋆ PIERMONT, N.Y. 10968*
*PHONE (845-359-1717)      FAX (845-680-0049)*

## <u>PIERMONT VILLAGE RESIDENTS:</u>

ATTACHED YOU WILL FIND INFORMATION THAT WILL
ASSIST YOU IN YOUR RECYCLING EFFORTS FOR THE
YEAR "2007".
THIS INFORMATION WILL HELP EDUCATE ALL VILLAGE
RESIDENTS IN THE PROPER DISPOSAL PROCEDURES FOR
RECYCLING.

THE "2007" RUBBISH/DEBRIS PICKUP SCHEDULE IS ALSO
INCLUDED FOR FUTURE REFERENCE.

*www.villagedpw.com*

## GARBAGE, RUBBISH AND RECYCLING SCHEDULE INFORMATION
## PIERMONT LANDING, HARBOR COVE, PARADISE HARBOR & SHAD ROW

(UPDATED 10/4/06)
## GARBAGE PICKUP INFO:

1) GARBAGE WILL BE PICKED UP TWICE A WEEK ON MONDAYS AND FRIDAYS.
   IF THE SCHEDULED PICKUP DAY FALLS ON A HOLIDAY THEN GARBAGE WILL BE CHANGED TO EITHER TUESDAY OR THURSDAY. (GARBAGE PICKUP SCHEDULE CHANGES ARE POSTED THROUGHOUT THE VILLAGE, LISTED IN THE ROCKLAND JOURNAL NEWS AND ON THE WWW.VILLAGEDPW.COM WEBSITE)
2) APPROXIMATE PICKUP TIME WILL BE BETWEEN 11:00A.M.-12:30P.M.
3) GARBAGE CONTAINERS WILL BE PICKED UP AT THEIR PRESENT LOCATIONS IN PARADISE HARBOR, HARBOR COVE AND DEVRIES COURT.
4) GARBAGE WILL BE PICKED UP CURBSIDE IN REEDS, ABBOTTSFORD GATE, COTTONWOOD COURT, ERIE COURT, SHAD ROW AND ALONG GAIR STREET.
5) GARBAGE PICKUP IN YUDA CONDOMINIUMS WILL REMAIN ON THE CURRENT SCHEDULE.

## RUBBISH/DEBRIS PICKUP INFO:

1) RUBBISH/DEBRIS IS PICKED UP BI-WEEKLY ON TUESDAYS FROM APRIL THRU OCTOBER.
   DURING THE MONTHS NOVEMBER THRU MARCH RUBBISH/DEBRIS WILL BE PICKED UP BY APPOINTMENT ONLY. RESIDENTS MAY CALL THE PIERMONT DPW GARAGE AT 359-1717 TO SET UP AN APPOINTMENT.
2) APPROXIMATE PICKUP TIME WILL BE BETWEEN 11:00A.M. - 1:00P.M. DEPENDING ON THE WORK LOAD.
3) RUBBISH/DEBRIS WILL BE PICKED UP AT THE SAME LOCATION AS YOUR GARBAGE PICKUP.
4) RUBBISH PICKUP IN YUDA CONDOMINIUMS WILL REMAIN ON THE CURRENT SCHEDULE.
5) SOME EXAMPLES OF RUBBISH/DEBRIS IS UNWANTED FURNITURE, HOUSEHOLD ITEMS, APPLIANCES, BRUSH AND YARD WASTE. ( REFRIGERATOR DOORS MUST BE REMOVED WHEN PUT OUT FOR DISPOSAL) TIRES AND WASTE OIL IS ALSO ACCEPTABLE.
6) CONSTRUCTION DEBRIS FROM RENOVATIONS, REPAIRS AND DEMOLITION TO BUILDINGS IN THE VILLAGE OF PIERMONT WILL NOT BE PICKED UP AS PER THE VILLAGE CODE.

 * RUBBISH/DEBRIS SCHEDULES ARE HAND DELIVERED BY THE PIERMONT DPW EMPLOYEES EVERY YEAR TO VILLAGE RESIDENTS. (SEE ATTACHED SCHEDULE FOR MORE DETAILS)

## RECYCLING PICKUP INFO: PRIVATE CONTRACTOR (CONO RECYCLING)

1) RECYCLING IS PICKED UP BI-WEEKLY ON THURSDAYS.
   DEVRIES COURT, HARBOR COVE AND PARADISE HARBOR IS PICKED UP WEEKLY ON THURSDAYS.
2) PICKUP TIME WILL NOT CHANGE FROM YOUR CURRENT ARRANGEMENT WITH CONO RECYCLING.
3) ACCEPTABLE RECYCLABLE MATERIALS ARE LISTED ALONG WITH THE RECYCLING SCHEDULE.
4) NEW RECYCLING BINS CAN BE OBTAINED BY CALLING THE PIERMONT DPW GARAGE AT 359-1717.

 * RECYCLING SCHEDULES ARE HAND DELIVERED BY THE PIERMONT DPW EMPLOYEES EVERY YEAR TO VILLAGE RESIDENTS. (SEE ATTACHED SCHEDULE FOR MORE DETAILS)

| Acceptable Paper | Unacceptable Paper | Acceptable Containers | Unacceptable Containers |
|---|---|---|---|
| ice, Notebook & construction Paper, Ledger & Envelopes of all Colors | Paper soiled with Grease, Paint, etc. | Green, Clear & Brown Glass Bottles and Jars | Pots, Pans, Bowls, Utensils & Other Cookware |
| computer, Fax & Photo Copy Paper of all Colors | Wax-coated Paper<br><br>Paper Cups<br><br>Tissues, Napkins & Paper Towels | Aluminum Cans<br><br>Aluminum Foil & Disposable Aluminum Products | Ceramic & China Dinnerware<br><br>Plastic Buckets, Tubs, Garden Planters, Baskets & Recycle Bins |
| wspapers & serts | Paper Items with Layers of Plastic or Foil | Metal Cans & Aerosol Cans | Containers that Held a Hazardous Material (Oil, Antifreeze, Pool & Yard Chemicals, Spackle, Paint, etc.) |
| Junk Mail with Envelopes & Coupons | Hard Covered Books (remove covers and recycle) | Plastic Containers with a Recycling Code 1-7 |  |
| Glossy Magazines & Catalogs |  | Milk & Juice Cartons | Plastic Bags |
| Soft Covered Workbooks, lephone Books & Paperback Books |  | Juice Boxes<br><br>Bleached White Frozen/Refrigerated Food Boxes | Styrofoam<br><br>Light Bulbs |
| nooth Cardboard & Corrugated Cardboard |  |  | Metal/Plastic Hangers |
| Brown Grocery ags & Kraft Paper |  |  | Appliances<br><br>Textiles<br><br>Toys |
| lace these items in your paper recycling bin | Place these items in the garbage | Place these items in your container recycling bin | Place these items in the garbage |

Contact your municipality for specific recycling information in your area

r general information call the Rockland County Solid Waste Management Authority at (845) 753-2200

islopher P. St. Lawrence, Chairman                    Ronald C. Delo, P.E., Executive Director

# FEERICK LYNCH MacCARTNEY℠

## ATTORNEYS AT LAW

96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960

. TEL. 845-353-2000

FAX. 845-353-2789

DENNIS E.A. LYNCH
DONALD J. FEERICK, JR.
J. DAVID MacCARTNEY, JR.

STEPHEN P. BARRY, Of Counsel

MARY E. MARZOLLA
JENNIFER M. FEERICK

December 6, 2006

WALTER R. SEVASTIAN, ESQ.
3 Main Street, Suite 1
Nyack, New York  10960

## FOR SETTLEMENT PURPOSES ONLY WITHOUT PREJUDICE

Re: Paradise Homeowners Association, et al. v. Village of Piermont, et al.

Dear Mr. Sevastian:

This letter will confirm our office conference of December 4, 2006 concerning settlement efforts to resolve this matter. Thank you for taking the time and effort to continue efforts to reach an amicable resolution of this Notice of Claim.

In our office conference we discussed the various steps that have been taken to address many of the issues raised. For example, you have indicated that garbage collection and recycling as well as bulk collection activities are municipal services that will be provided to my Clients. Certainly this represents a savings to them and certainly an improvement over the past level of municipal services provided. It is my understanding that the Village will in some appropriate fashion memorialize this commitment to undertake said services in the future. I would appreciate being advised as to efforts to memorialize the foregoing in some appropriate Resolution. Our office would be happy to assist in preparing a draft of such a Resolution for your consideration.

Concerning the critical issue of sewer services, it is my understanding that regarding related litigation concerning the Town of Orangetown Sewer Services (in which our respective offices were involved), the Town of Orangetown has agreed to assume responsibility for various sewer infrastructure in the Villages of Piermont, South Nyack and Nyack as well as other areas. It is my further understanding that there is a *de facto* practice where the Town of Orangetown Sewer Department should be prepared to undertake the necessary clean-out and other discussed

FEERICK LYNCH MacCARTNEY, PLLC
December 6, 2006
Page Two

activities where previously our Client was required to expend such monies. While I recognize that the foregoing sewer related matters have not been established *de jure*, efforts are continuing by all parties to reach an outcome.

   Additionally, in our discussion we reviewed the issue of snow plowing and street maintenance. It is my understanding that the Village will consider provision of such services provided that the roads in question are dedicated to the Village. In our discussion I suggested an approach utilized in another municipality whereby the "skin" of property was conveyed to a municipality but the rest of the property remained with the non-municipal entity. While I will continue to explore that issue, I recognized that established law in New York State has a prohibition for a municipality "gifting" any services or improvements to property not owned by a municipality. Simply stated, the municipality can only undertake snow plowing and other maintenance services on property that is owned by the municipality. Such property would (if owned by the Village) permit others to utilize such Village property which is a concern for my Clients regarding liability and other related reasons.

   Finally, I appreciate the time expended in efforts to mutually resolve this matter in our respective Client's best interests. I will continue efforts in that regard if possible to conclude this matter without further litigation. I thank you for taking the time to discuss these important issues with the undersigned.

                              Very truly yours,

                              Dennis E. A. Lynch

DEAL/sd

cc: Paradise Homeowners Association