UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,          **ECF CASE**
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and            Docket No.: 08 CV 01056 (WCC)
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,
                        Plaintiffs,

           -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

                        Defendants.
------------------------------------------------------------------X



### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROCEDURE 12(b)(6)



*Of Counsel:*

     Lewis R. Silverman
     Julie A. Rivera

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................1

**STATEMENT OF FACTS.**..................................................................1

    A.    Background Facts............................................................ 2

**STANDARD OF REVIEW**..................................................................4

**ARGUMENT**..................................................................5

    <u>POINT I</u>
    The Complaint Fails To Show A Violation Of The Plaintiffs'
    Right To Equal Protection.............................................................5

    <u>POINT II</u>
    Plaintiffs' Due Process Claims Are Meritless and Should
    Be Dismissed..............................................................7

        A.    Plaintiffs' Procedural Due Process Claim
            Should Be Dismissed..........................................7

        B.    Substantive Due Process..........................................9

    <u>POINT III</u>
    Facts In The Complaint Do Not Support A Claim Of
    Retaliation Under The First Amendment........................................10

    <u>POINT IV</u>
    The Facts Of This Case Do Not Support A Conspiracy
    Claim Under 42 U.S.C. §1985 (3) .............................................12

    <u>POINT V</u>
    The Plaintiffs' 42 U.S.C. §1983 Claims Against The Village
    Must Be Dismissed Because There Is No Evidence To
    Support A *Monell* Claim.............................................13

**CONCLUSION** ..................................................................15

i

## TABLE OF AUTHORITIES

<u>**Cases:**</u>

<u>Bennett v. Goord,</u>
 343 F.3d 133, 137 (2d Cir. 2003)...................................................................10

<u>Bolt Elec. Inc. v. City of New York,</u>
 53 F.3d 465, 469 (2d Cir. 1995)..................................................................... 4

<u>Bray v. Alexandria Women's Health Clinic,</u>
 506 U.S. 263, 269 (1993)...............................................................................12

<u>Carter v. City of New York,</u>
 1998 WL 760332, *5 (E.D.N.Y. 1998)..........................................................14

<u>Cleburne v. Cleburne Living Ctr.,</u>
 473 U.S. 432, 439 (1985)................................................................................5

<u>Cobb v. Pozzi,</u>
 363 F.3d 89, 102 (2d Cir. 2004).....................................................................10

<u>Connell v. Signoracci,</u>
 153 F.3d 74, 79 (2d Cir. 1998).......................................................................10

<u>Connick v. Meyers,</u>
 461 U.S. 138 (1983)........................................................................................10

<u>Cortec Indus., Inc. v. Sum Holding L.P.,</u>
 949 F.2d 42, 46-48 (2d Cir.1991)....................................................................2

<u>Curley v. Vill. of Suffern,</u>
 286 F.3d 65, 73 (2d Cir. 2001)........................................................................10

<u>Davis v. Village Park II Realty,</u>
 578 F.2d 461, 464 (2d Cir. 1978).....................................................................11

<u>Dove v. Fordham University,</u>
 56 F. Supp.2d 330, 337-338 (S.D.N.Y. 1999).................................................12

Dwares v. City of New York,
    985 F.2d 94, 100 (2d Cir. 1993)........................................................................14

Feig v. Bd. of Assessors of Town of Fallsburg,
    329 N.Y.S.2d 905 (Sup. Ct. Sullivan Cty. 1972)...............................................8

Giano v. Senkowski,
    54 F.3d 1050, 1056 (2d Cir. 1995).....................................................................5

Gindi v. Silvershein,
    1995 WL 347397 (S.D.N.Y.1995)......................................................................4

Hanig v. Yorktown CSD,
    384 F.Supp.2d 710 (S.D.N.Y. 2005)..................................................................2

Harlen Assocs. v. Vil of Mineola,
    273 F.3d 494, 505 (2d Cir. 2001)......................................................................9

Hayut v. State U. of New York,
    352 F.3d 733, 743 (2d Cir. 2003)......................................................................9

H.J. Inc. v. Northwestern Bell Tel. Co,
    492 U.S. 229, 249-50, (1989)............................................................................4

Hillsborough v. Cromwell,
    326 U.S. 620, 623 (1946).............................................................................5, 6

Hirsch v. Arthur Andersen Co.,
    72 F.3d 1085, 1088 (2d Cir. 1995)....................................................................4

Hishon v. King & Spaulding,
    467 U.S. 69, 73, (1984).....................................................................................4

Jett v. Dallas Independent School District,
    491 U.S. 701, 735-736 (1989).........................................................................13

Johnson v. Glick,
    481 F.2d 1028, 2033 (2d Cir. 1973)..................................................................9

Kotcher v. Rosa & Sullivan Appliance Center, Inc.,
    957 F.2d 59 (2d Cir. 1992)..............................................................................10

Lee v. State of N.Y. Dep't of Corr. Servs.,
    No. 97 Civ. 7112, 1999 WL 673339, at \*2 n. 4 (S.D.N.Y. Aug. 30, 1999)........................2

Leon v. Murphy,
    988 F.2d 303, 311 (2d Cir. 1993)...................................................................................12

Lisa's Party City, Inc. v. Town of Henrietta,
    185 F.3d 12, 16  (2d Cir. 1999)......................................................................................6

Lowrance v. Achtyl,
    20 F.3d 529, 537 (2d Cir. 1994)....................................................................................9

Mazza v. Hendrick Hudson Central School District,
    942 F.Supp. 187, 192 (S.D.N.Y. 1996)........................................................................11

Mele v. Christopher,
    7 F. Supp.2d 419, 421-422 (S.D.N.Y. 1998).................................................................12

Mian v. Donaldson, Lufkin & Jenrette Securities Corp.,
    7 F.3d 1085, 1087-1088 (2d Cir. 1993)...................................................................12, 13

Monell v. Dept. of Social Services,
    436 U.S. 658, 690 (1978)........................................................................................13, 14

Rosa R. v. Connelly,
    889 F.2d 435, 438 (2d Cir. 1989)..................................................................................8

Skehan v. Village of Mamaroneck,
    465 F.3d 96, 110 (2d Cir. 2006)....................................................................................6

Suffolk Parents of Handicapped Adults v. Wingate, et al.,
    101 F.3d 818, 825 (2d Cir. 1996)..................................................................................5

United Brotherhood of Carpenters, Local 610 v. Scott,
    463 U.S. 825, 828-829, 103 S.Ct. 3352 (1983)............................................................12

U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobas,
    No. 98 Civ. 3099, 2001 WL 300735, at \*2 (S.D.N.Y. Mar. 27, 2001)...............................2

United States v. M. Genzale Plating, Inc.,
    723 F.Supp.877, 885 (E.D.N.Y. 1989)..........................................................................11

W.T. Grant Co. V. Srogi,
  438 N.Y.S.2d 761, 770 (1981)..............................................................................................8

423 South Salina St., Inc., v. The City of Syracuse, et al.,
  724 F.2d 26, 27 (2d Cir. 1983)....................................................................................12, 13

**Statutes, Rules, Regulations, Amendments & Articles**

Rule 12 of Federal Rules of Civil Procedure

42 U.S.C. §1983 and §1985

Article 19 of New York State Real Property Law

Real Property Tax Law §704, §1901 and §1903

New York State Constitution Article VIII §1

First Amendment to the U.S. Constitution

Fourteenth Amendment to the U.S. Constitution

**Other Authorities**

1981 Op. St. Comp. No. 81-325, p353

## PRELIMINARY STATEMENT

Defendant, THE VILLAGE OF PIERMONT ("Village") by and through their attorneys, RUTHERFORD & CHRISTIE, LLP respectfully submit this Memorandum of Law in support of their Motion to Dismiss the plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also submitted in support of the instant motion is the Declaration of Julie A. Rivera, Esq.

Plaintiffs brought the within action pursuant to 42 U.S.C. §1983 ("Section 1983"), 42 U.S.C. §1985(3)("Section 1985") and the First Amendment alleging the Village conspired, discriminated and improperly re-valued their property taxes as a form of retaliation for previously filed tax grievances.

The plaintiffs' complaint, as it pertains to the Village, should be dismissed as a matter of law. First, the plaintiffs fail to show how the revaluation was motivated by a race or suspect class and in violation of the Fourteenth Amendment. Second, they fail to show how the reassessment of property for all of its residents was done in retaliation of the plaintiffs' previously filed grievances and in direct violation of the First Amendment. Lastly, the plaintiffs fail to show how the reassessment of all properties in the Village was a conspiracy against them.

## STATEMENT OF FACTS

For the purposes of this motion, the following facts alleged in the plaintiffs' Complaint are assumed to be true, but in no way signify that the Village's acceptance of them as true. References to material or facts outside of the pleadings are made only to the extent that they are "integral" to the

1

plaintiffs' allegations and causes of action[1].

A.    **Background Facts**

The Village of Piermont is a municipality which is incorporated under the laws of the State of New York and possesses the power to tax its residents. Plaintiffs, Louis Terminello, Michael Miller, Paradise Homeowners Association, HOA of Piermont Landing, Reeds & Abbottsford Gate Condominium and Paradise Harbor at Piermont Landing Condominium (collectively herein referred to as "Plaintiffs") are private property owners and are amongst the other residents of the Village (not parties of this lawsuit) who were subjected to revaluation of the property.

Prior to the events in questions, the Village last completed a revaluation of property in 1992. At that time, the properties were valued on what they would generate in rental income  as opposed to their fair market value. The equalization[2] of the properties under the rental income value approach caused a significant decline in the revenue generated in taxes and ultimately impacted the Village's ability to distribute proper funds to its various agencies and school district. By 2003, the equalization ratio declined to approximately 40%. In an effort resolve the continuing decline in equity, the Village contacted Brian Kenney, a New York State Certified General Appraiser.

Mr. Kenney provided possible solutions to the Village's problem, one of which included a

---

[1] "In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference . . . and documents that are integral to plaintiffs' claims, even if not explicitly incorporated by reference." Hanig v. Yorktown CSD, 384 F.Supp.2d 710 (S.D.N.Y. 2005) (citing Federal Rule of Civil Procedure 10[c]; Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 46-48 (2d Cir.1991); Lee v. State of N.Y. Dep't of Corr. Servs., No. 97 Civ. 7112, 1999 WL 673339, at *2 n. 4 (S.D.N.Y. Aug. 30, 1999); U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobas, No. 98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. Mar. 27, 2001) ("The Court can consider documents referenced in the Complaint and documents that are in the plaintiffs' possession or that the plaintiffs knew of and relied on in bringing their suit.")).

[2] As defined by the NYS Office of Real Property Services, an equalization rate is the state's measure of a municipality's level of assessment. This is the ratio of total assessed value to the municipality's total market value. For more information, please refer to http://www.orps.state.ny.us/pamphlet/under_eqrates.htm

revaluation of the entire Village which would result in a equalization ratio of 100%. (Kenney Aff. ¶3). Shortly after proposing the revaluation, Mr. Kenney contacted the New York State Office of Real Property Services ("ORPS") for further advisement. (Kenney Aff. ¶4). By letter dated November 29, 2004, ORPS advised the Village they could adopt what is known as a Homestead Provision under Article 19 of New York State Real Property Law ("Homestead") as possible solution. *See Exhibit "D"* Under Homestead, any single dwelling, or other residential property held in the form of a condominium, may be valued at market value during a tax reassessment. RPTL §1901(12) and (13); RPTL §1903.

On or about September 21, 2005, the Village submitted an application to ORPS for the revaluation project. *See Exhibit "E"* On or about October 4, 2005, ORPS sent a contractual agreement to the Village outlining the respective parties roles in the revaluation process. *See Exhibit "F"*. On November 10, 2005, a legal notice was posted in The Journal News notifying the residents of the Village's intention to adopt Homestead and scheduled a public hearing for November 22, 2005. *See Exhibit "G"* At that hearing, the Village's Board of Trustees incorporated Homestead as Village Local Law No. 7. *See Exhibit "H"*

On or about November 25, 2005, the Village sent a legal notice to its residents disclosing the preliminary property tax assessments and scheduled a hearing for December 5, 2005. *See Exhibit "I"* On March 22, 2006, ORPS issued a tentative equalization rate of 100%. *See Exhibit "J"* ORPS finalized the 100% equalization rate on June 1, 2006. *See Exhibit "K"*

Due to the privately owned nature of the plaintiffs' property, the Village could not, as a matter of law, enter the property to provide garbage removal or snow plowing services. In November, 2006, the Village formally offered to provide the garbage removal services to the

3

plaintiffs. *See Exhibit "L"* The plaintiffs' agreed to accept the services and agreed to bring the garbage to areas accessible for the Village. *See Exhibit "M"* On December 4, 2006, a settlement conference was held to discuss the outstanding issues at hand. *See Exhibit "M"* At that meeting, the Village indicated to the plaintiffs that they were prohibited by law to provide any snow removal services privately owned property unless the land was conveyed over to the Village. See, NYS Const. Art. VIII, §1; see also, 1981 Op. St. Comp. No. 81-325, p. 353.[3] To date, the plaintiffs have refused to convey the land.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, (1989), *quoting,* Hishon v. King & Spaulding, 467 U.S. 69, 73, (1984). The district court should grant a motion to dismiss, after viewing plaintiffs' allegations in a favorable light, if, as at bar, it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bolt Elec. Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995); see also, Gindi v. Silvershein, 1995 WL 347397 (S.D.N.Y.1995). In general, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." See, Hirsch v. Arthur Andersen Co., 72 F.3d 1085, 1088 (2d Cir. 1995).

---

[3] Citation refers to Office of State Comptroller for New York State. For other opinions, please refer to http://www.osc.state.ny.us/legal/index.htm

## ARGUMENT

### I. THE COMPLAINT FAILS TO SHOW A VIOLATION
### OF THE PLAINTIFFS' RIGHT TO EQUAL PROTECTION

In the instant matter, the plaintiffs allege that the Village's property tax bills was a result of "illegal selective reassessments and the illegal select utilization of real property valuation methods." (Pl Compl. ¶37). However, they fail to offer a scintilla of evidence to support their claims. The allegations in the plaintiffs' complaint are broad, conclusory allegations that the taxes (which are based upon fair market value) imposed upon their property (property located on the water front) was unfair.

Well settled case law establishes that "the Equal Protection Clause requires that State actors treat similarly situated people alike." Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). The right under Equal Protection is the "right to equal treatment." Hillsborough v. Cromwell, 326 U.S. 620, 623 (1946). To succeed on an Equal Protection claim pursuant to §1983, the plaintiffs are required to show "purposeful discrimination directed at an identifiable or suspect class." Giano v. Senkowski, 54 F.3d 1050, 1056 (2d Cir. 1995). It has been held that "disparate treatment is not necessarily a denial of the equal protection guaranteed by the Constitution." Suffolk Parents of Handicapped Adults v. Wingate, et al., 101 F.3d 818, 825 (2d Cir. 1996). "The general rule...is that 'state legislation or other official action that is challenged as denying equal protection...is presumed to be valid and will be sustained if the classification drawn . . . is rationally related to a legitimate state interest." Id., citing, Cleburne, 473 U.S. at 440.

In order to establish an Equal Protection violation based on selective treatment, the plaintiffs must demonstrate that the revaluation of taxes: (1) compared with others similarly situated, they

5

were selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person. See, Skehan v. Village of Mamaroneck, 465 F.3d 96, 110 (2d Cir. 2006); Lisa's Party City, Inc. v. Town of Henrietta, 185 F.3d 12, 16 (2d Cir. 1999).

The facts plead in the instant matter do not establish how the plaintiffs were selectively treated in the Village's revaluation and how such treatment was based upon an impermissible consideration such as race or a suspect class. The revaluation conducted by the Village impacted **all** property owners in the Village; no matter whether they owned a single family home, townhouse or condominium. Although the United States Supreme Court has recognized that the Equal Protection Clause protects individuals from state actions which selects them to taxes not imposed upon others of the same class, they have held a plaintiff may not complain if "equality is achieved by increasing the same taxes of other members of the class to a level of [plaintiff's] own." Hillsborough, 326 U.S. at 623.

The purpose of the revaluation was to generate more equity for the Village in order to properly fund their programs. Contrary to plaintiffs' contentions, it was not done to punish them or single them out in any way. Assuming, *arguendo,* the plaintiffs were "singled out," the claim still must fail as there is no evidence to support that they were singled out on the basis of race or a suspect class. There is no legal precedent which would support that the type of property one owns transforms them into a member of a suspect class.

Plaintiffs' complaint also alleges that the Village is wrongfully taxing them for "certain municipal services such as snow plowing, street lighting, fire hydrants and road improvements" in which they do not receive. (Pl Compl. ¶44). Based upon State Law, a municipality may not

remove snow from private road and driveways. <u>See</u>, 1981 Op. St. Comp No. 81-325, p. 353; <u>see</u> <u>also</u>, Article 8, §1 of N.Y.S. Constitution. The Village offered to provide snow plowing services on the condition that the plaintiffs conveyed the property in order to allow the Village to lawfully do so. *See Exhibit "??"* The plaintiffs have refused to convey their land.

Clearly, a municipality is well within its right, under the law, to collect property taxes and distribute the taxes to its different entities as it sees fit as long as it is done in accordance with the law. Plaintiffs' argument that they should not be taxed for municipal services they do not receive is analogous to an argument that a person who has no children should not have to pay school taxes since there is no benefit. Either argument is not supported by any legal precedent. As such, plaintiff has fail to plead any facts which would support their claim under Equal Protection and such claim should be dismissed as a matter of law.

## II. PLAINTIFFS' DUE PROCESS CLAIMS ARE<br>MERITLESS AND SHOULD BE DISMISSED

Plaintiffs allege that the imposition of the increased property taxes violated their right to due process under the law. They claim it was the Village's "aim" to "unlawfully" prevent them from initiating any grievances in order to reduce their property tax. It appears the plaintiffs are alleging deprivation of both substantive and procedural due process. There is no merit to these claims and they should be dismissed.

**A.    <u>Plaintiffs' Procedural Due Process Claim Should Be Dismissed</u>**

The Fourteenth Amendment to the United States Constitution prohibits the state from depriving a person of life, liberty, or property without due process of law. (U.S. Const. Amend. XIV, §1). Constitutionally, due process "requires that individuals have notice and opportunity for

7

a hearing appropriate to the nature of the case prior to a deprivation of life, liberty or property."
Rosa R. v. Connelly, 889 F.2d 435, 438 (2d Cir. 1989).

It is undisputed that the plaintiffs' may file a tax certiorari in response to an assessment of their real property if they feel it is unequal or illegal. (RPTL §704). Under RPTL §704, all tax certioraris are to be filed within thirty (30) days of the finalization of the assessment. It is also undisputed that the property owners must be afforded notice and opportunity to complain of an assessment. (RPTL §516); see, Feig v. Bd. of Assessors of Town of Fallsburg, 329 N.Y.S.2d 905 (Sup. Ct. Sullivan Cty. 1972). Under RPTL §516(1), notice is published once in an official newspaper of the Village.

In the instant matter, there is no evidence to support that the assessment of taxes on the plaintiffs' property was done without being given notice. Prior to adopting Homestead, the Village published a legal notice in The Journal News to advise all of its residents of their intent and to provide the residents an opportunity to be heard. *See Exhibit "G."* Prior to the final equalization of the properties, which was to be effective June 1, 2006, the Village posted a legal notice in The Journal News and held public hearings on December 5, 2005. *See Exhibit "I"* Assuming, *arguendo,* the plaintiffs were not given notice of the revaluation, the increased taxes does not, in any way, deprive the plaintiffs of their property interest.

There is no evidence to support that the plaintiffs were prevented from filing a tax certiorari after the equalization rate was finalized on June 1, 2006. Even if the plaintiffs filed their grievances within the allotted time frame, such grievance does not stay the collection of the taxes. (RPTL §704(3)); see, W.T. Grant Co. V. Srogi, 438 N.Y.S.2d 761, 770 (1981). Plaintiffs claim the revaluation was aimed to prevent them from initiating tax certiorari proceedings (Pl

8

Compl. §64) yet the revaluation did not stop them from filing a Notice of Claim with the Village a month **after** the finalized equalization rate. *See Exhibit "B."* There are no facts to support that the plaintiffs' procedural due process rights were violated.

**B.    Substantive Due Process**

Substantive due process has been characterized as imposing limits on what a state may do regardless of what procedural protection is provided. It is well settled that plaintiffs may only allege cognizable substantive due process claims for extreme or egregious conduct which can be fairly viewed as so brutal and offensive to human dignity that it shocks the conscience. Johnson v. Glick, 481 F.2d 1028, 2033 (2d Cir. 1973). The Second Circuit has explained that "substantive due process protects against governmental action that is arbitrary, conscience shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised." Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994).

Substantive due process "does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit . . . [Its] standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." Harlen Assocs. v. Vil of Mineola, 273 F.3d 494, 505 (2d Cir. 2001). A plaintiff must plead more than "[t]he mere existence of a scintilla of evidence in support . . ." of their claim of substantive due process violations. See Hayut v. State U. of New York, 352 F.3d 733, 743 (2d Cir. 2003).

In the instant matter, the plaintiffs fail to allege a scintilla of evidence to show that the Village's actions were arbitrary and conscious shocking. The revaluation of the properties in the Village is by no means arbitrary or a gross abuse of authority. The Village conducted the

9

revaluation in accordance with the laws and regulations of New York State. Although no one likes to pay taxes, the plaintiffs cannot simply expect the Court to believe that the revaluation of their property - -which resulted in an increase tax bill due to the fair market value of their property- - is "brutal and offensive to human dignity." All property owners in the Village were subject to the revaluation; not just the plaintiffs. Prior to the revaluation, the Village was losing equity from the collection of taxes. No possible inference can be made that the revaluation of the property was arbitrary and capricious.

As argued above, there is no merit to plaintiffs' due process argument and such argument should be dismissed as a matter of law.

### III. FACTS IN THE COMPLAINT DO NOT SUPPORT A CLAIM OF RETALIATION UNDER THE FIRST AMENDMENT

The plaintiffs allege a cause of action of retaliation under the First Amendment. In order to establish a retaliation claim under the First Amendment, the plaintiffs must show that: 1) the speech at issue is protected by the First Amendment; (2) the plaintiff suffered an adverse action; (3) there is a causal connection between the speech and the alleged adverse action; and (4) the defendants' alleged actions "chilled" the exercise of the plaintiffs' First Amendment rights. See ,Connick v. Meyers, 461 U.S. 138 (1983); Kotcher v. Rosa & Sullivan Appliance Center, Inc., 957 F.2d 59 (2d Cir. 1992); Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir. 1998); Curley v. Vill. of Suffern, 286 F.3d 65, 73 (2d Cir. 2001); Cobb v. Pozzi, 363 F.3d 89, 102 (2d Cir. 2004).

In the instant matter, the plaintiffs' allege that the revaluation of property taxes was done in retaliation to the plaintiffs' filing of tax grievances. It is undisputed that the filing of tax grievances are constitutionally protected activity. See, Bennett v. Goord, 343 F.3d 133, 137 (2d

Cir. 2003). However, the facts alleged in the plaintiffs' complaint fail to satisfy the other prongs

of the test.

First, the plaintiffs fail to show how paying taxes on the fair market value of their

property is an adverse action and would discourage similarly situated people, in this case

property owners, from filing any tax grievances in the future. Second, the complaint fails to

establish a causal connection between the time the plaintiffs filed their tax grievances to the time

the Village decided, and ultimately went through with, the revaluation of the property taxes of its

residents. They also fail to plead how such filings were a motivating factor for the Village's

revaluation.

Finally, the plaintiffs fail to show how the property revaluation ultimately "chilled" their

rights under the First Amendment. Well established case law is clear in that the plaintiffs must

show that their First Amendment rights were "actually chilled." See Davis v. Village Park II

Realty, 578 F.2d 461, 464 (2d Cir. 1978). "'Allegations of a subjective 'chill' are not an

adequate substitute for a claim of specific present objective harm or a threat of specific future

harm.'" Mazza v. Hendrick Hudson Central School District, 942 F.Supp. 187, 192 (S.D.N.Y.

1996); see also, United States v. M. Genzale Plating, Inc., 723 F.Supp.877, 885 (E.D.N.Y.

1989)(vague assertions of unfairness on the part of the government, without more, cannot be

molded by the court into constitutional violations).

The Complaint fails to establish any facts to lend even the slightest inference that any of

the Village's actions were done in retaliation to the plaintiffs' prior filings of tax grievances. As

they have failed to state a cause of action, their complaint should be dismissed as a matter of law.

## IV. THE FACTS OF THIS CASE DO NOT SUPPORT
## A CONSPIRACY CLAIM UNDER 42 U.S.C. §1985 (3)

Plaintiffs claim that the Village conspired to deprive them of the equal privileges and immunities under the laws, in violation of 42 U.S.C. §1985(3)("Section 1985").  To establish a claim under Section 1985, the plaintiffs must allege facts which establish: (1) a conspiracy; (2) for the purpose of depriving either directly or indirectly, any person or class of person of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) whereby a person is either injured in his person or property or deprived of any right of a United States citizen.  See, Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087-1088 (2d Cir. 1993), citing, United Brotherhood of Carpenters, Local 610 v. Scott, 463 U.S. 825, 828-829, 103 S.Ct. 3352 (1983).

Conspiracy claims brought under Section 1985 must contain specific factual allegations, not just conclusory or vague allegations of conspiracy.  See also, Dove v. Fordham University, 56 F. Supp.2d 330, 337-338 (S.D.N.Y. 1999); see also, Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993).  The discriminatory animus must be based upon a racial or class-based motive, and a "class" is something more than a group of individuals who seek to engage in conduct that the defendants disfavor.  The "class" that is alleged to be invidiously discriminated against cannot be defined as merely as class of alleged victims.  See, Mele v. Christopher, 7 F. Supp.2d 419, 421-422 (S.D.N.Y. 1998); see also, Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 269 (1993). Further, Section 1985 "does not reach conspiracies motivated by bias towards others on account of their economic views, status or activities." 423 South Salina St., Inc., v. The City of Syracuse, et al., 724 F.2d 26, 27 (2d Cir. 1983).

12

In the instant matter, the plaintiffs have failed to show how the revaluation of their property was really an intent to conspire against them for purposes of depriving them of their property. This alleged "conspiracy" is not supported by any facts to show that the revaluation of plaintiffs' property was motivated by a racial or class-based invidious discrimination. Plaintiffs cannot show that they are a member of a suspect race or class. They cannot show how they were injured as a result of paying taxes on the fair market value of their property. They also cannot show how the revaluation, which was done of the entire Village, was really an act to further conspire against the plaintiffs. The complaint only makes conclusory allegations of an alleged conspiracy but there is nothing of substance to support it. Case law is clear in that vague and conclusory allegations are insufficient to state a claim under Section 1985. See, Mian, 7 F.3d 1085; see also, 423 South Salina St., 724 F.2d at 27. As such, the plaintiffs Section 1985 claims must fail as a matter of law.

### V. THE PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS AGAINST THE VILLAGE MUST BE DISMISSED BECAUSE THERE IS NO EVIDENCE TO SUPPORT A *MONELL* CLAIM

In order to prosecute a 42 U.S.C. §1983 claims against the Village, the plaintiffs must show that a municipal policy, custom or practice resulted in a violation of her constitutional rights. Monell v. Dept. of Social Services, 436 U.S. 658, 690 (1978); see also Jett v. Dallas Independent School District, 491 U.S. 701, 735-736 (1989). In Monell, the U.S. Supreme Court held that "[a] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. At

13

694-95.

In the case at bar, the plaintiffs make a general claim that the Village has a "practice and policy" to tax its "residential condominium and townhouse owners for services not provided" (Pl Compl. ¶49) yet they fail to offer any facts to support this claim. As discussed above, the services complained about are either being provided or cannot be provided due to the privately owned nature of the plaintiffs' property. Through the collection of taxes, the Village can allocate the revenue to its various entities. The plaintiffs' malcontent with the fact that they have to pay property taxes on the fair market value of their property (riverfront property) does not equate to discrimination.

The case law is clear that conclusory allegations made by a plaintiffs of a municipality's policy, practice or custom are insufficient to establish a Monell claim, absent the production of evidence to support such an allegations. See, Carter v. City of New York, 1998 WL 760332, *5 (E.D.N.Y. 1998). Moreover, the plaintiffs have not obtained any evidence regarding any established policy or custom of the Village to support a Monell claim pursuant to 42 U.S.C. § 1983, and rely solely on the fact that entire Village conducted a revaluation of all of its residents' properties. Consequently, the plaintiffs §1983 claims against the Village must also be dismissed. See Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993).

14

## CONCLUSION

Based upon the foregoing, defendant VILLAGE OF PIERMONT respectfully requests that the plaintiffs' complaint be dismissed in its entirety with prejudice against the defendants and for any other remedy that this Court deems just and proper.

Dated: New York, New York
      March 13, 2008

Respectfully submitted,

**RUTHERFORD & CHRISTIE, LLP**

By:_____
Lewis R. Silverman (LS 9723)
Julie A. Rivera (JR 1817)
Attorneys for Defendant
The Village of Piermont
369 Lexington Avenue, 8th Floor
New York, New York 10017
(212) 599-5799
Our File No.: 1020.028

To:    Feerick Lynch MacCartney PLLC
      Attn: Dennis Lynch, Esq.
      Attorneys for Plaintiffs
      96 South Broadway
      South Nyack, New York 10960
      (845) 353-2000