UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOUIS A. TERMINELLO, MICHAEL MILLER,
PARADISE HOMEOWNERS ASSOCIATION,　　　　　　**ECF CASE**
HOA OF PIERMONT LANDING, REEDS &
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and　　　　　　　Docket No.: 08 CV 01056 (WCC)
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,
　　　　　　　　　Plaintiffs,

　　　-against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

　　　　　　　　　Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN RESPONSE
TO PLAINTIFFS' OPPOSITION AND IN
FURTHER SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' COMPLAINT**

*Of Counsel:*

　　　Lewis R. Silverman
　　　Julie A. Rivera

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................................................1

**ARGUMENT**..............................................................................................................................1

    POINT I
    Plaintiffs' Affidavit Should Not Be Considered As It
    Attempts To Amend The Complaint..............................................................................1

    POINT II
    Plaintiffs' Hearsay Evidence Should Not Be Considered In
    This Matter.....................................................................................................................2

    POINT III
    Plaintiffs' Relied Upon Cases That Do No Relate To The
    Facts In The Instant Matter And Should Not Be Considered..........................................3

        A.    Plaintiffs' Equal Protection Claim As To Garbage Services......................3

        B.    Equal Protection Claim As It Relates To Real Property
            Tax Law.........................................................................................................5

        C.    Due Process Rights........................................................................................6

        D.    Retaliation Under The First Amendment....................................................7

        E.    Conspiracy Claims Under Section 1985......................................................9

        F.    Plaintiffs' Monell Claims..............................................................................9

**CONCLUSION**.........................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases:**

Appelbaum v. Town of Oyster Bay,
    81 N.Y.2d 733 (1992)..................................................................................................4

Cortec v. Sum Holding, L.P.,
    949 F. 2d 42, 47 (2d Cir. 1991).....................................................................................2

Dove v. Fordham University,
    56 F. Supp.2d 330, 337-338 (S.D.N.Y. 1999)...............................................................9

Foss v. City of Rochester,
    65 N.Y.2d 247 (1985)................................................................................................5, 6

Goldman v. Fay,
    797 N.Y.S. 2d 731 (Civil Ct. 2005).............................................................................4

Holmes v. Gaynor, et al.,
    313 F. Supp.2d 345, 358 (S.D.N.Y. 2004)...................................................................3

Jackson v. NYS,
    381 F. Supp.2d 80 (N.D.N.Y. 2005)............................................................................8

Juleah Co. v. Inc. Village of Roslyn,
    56 A.D.2d 483 (2d Dep't 1977)...................................................................................4

Kamen v. AT&T,
    791 F.2d 1006, 1011 (2d Cir. 1986).............................................................................3

Kramer v. Time Warner, Inc.,
    937 F.2d 767, 773 (2d Cir. 1991).................................................................................1

Leon v. Murphy,
    988 F.2d 303, 311 (2d Cir. 1993).................................................................................9

Morris v. City of N.Y.,
    2007 WL 632733 at *4 (S.D.N.Y. Mar. 1, 2007).........................................................3

Mullane v. Central Hanover Trust Co.,
    339 U.S. 306 (1950).....................................................................................................7

Resnick v. Town of Canaan,
    38 A.D.3d 949 (3d Dep't 2007)......................................................................................7

Savino v. Lindsay,
    340 N.Y.S2d 350, 352 (N.Y. Cty, 1972).......................................................................3

Streit v. Bushnell,
    424 F. Supp.2d 633, 638 (S.D.N.Y. 2006)....................................................................1

Towne House Village Condo., v. Assessor of the Town of Islip, et al.,
    200 A.D. 2d 749 (2d Dep't 1994)..................................................................................8

Verga v. Town of Clarkstown, et al.,
    137 A.D.2d 809 (2d Dep't 1988)..................................................................................6

Wright v. Ernst & Young, LLP.,
    152 F.3d 169, 178 (2d Cir. 1998)..................................................................................1

**Statutes, Rules, Regulations, Amendments & Articles**

Rule 12 of Federal Rules of Civil Procedure

Article 19 of New York State Real Property Law

Real Property Tax Law §339-y and §305

**PRELIMINARY STATEMENT**

Defendant, THE VILLAGE OF PIERMONT ("Village") by and through their attorneys, RUTHERFORD & CHRISTIE, LLP respectfully submit this Memorandum of Law in response to plaintiffs' opposition and in further support of the Motion to Dismiss the plaintiffs' complaint pursuant to Rule 12(b)(6). The Village avers to the arguments set forth in the Memorandum of Law in Support of their Motion to Dismiss and only addresses those issues raised in the plaintiff's opposition papers.

**ARGUMENT**

**I. PLAINTIFFS' AFFIDAVIT SHOULD NOT BE CONSIDERED AS IT ATTEMPTS TO AMEND THE COMPLAINT**

Dismissal of a complaint pursuant to Rule 12(b)(6) for a failure to state a claim is proper when "it appears beyond doubt that the plaintiff can prove no set of facts to support his claim which would entitle him relief." Streit v. Bushnell, 424 F. Supp.2d 633, 638 (S.D.N.Y. 2006). In considering a motion to dismiss, the Court **must** limit itself to facts stated in the complaint. See, Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991). A complaint cannot be modified by a party's affidavit or by papers filed in response to a dispositive motion to dismiss. Wright v. Ernst & Young, LLP., 152 F.3d 169, 178 (2d Cir. 1998)(Second Circuit held that a party may not allege new facts in statements made in briefs).

In the instant matter, there is an affidavit from one of the plaintiffs in which new facts are alleged. For example, the self-serving affidavit submitted by plaintiff Louis Terminello presents new claims of alleged discrimination due to Mr. Terminello's campaign for Mayor of the Village on the Republican ticket; claims which were not originally made in the complaint. (Terminello Aff. ¶23-28). The affidavit also cites hearsay statements and conclusory claims of alleged incidents committed

by non-party Brian Kenney yet the complaint does not make any reference to these incidents. (Terminello Aff. ¶12-13). Further, the affidavit now claims that the tax disparity is between the instant plaintiffs and other condominium owners as opposed to the claim in the complaint that the disparity exists between condominium and non-condominium owners. (Terminello Aff. ¶34).

As clearly established by the Second Circuit, the plaintiffs cannot attempt to amend or clarify their complaint via a submission of an affidavit in opposition to a dispositive motion. Legal precedent is clear in that the facts alleged **solely** in the complaint are to be considered. The complaint in the instant matter does not allege any facts which would lend a reasonable inference that the plaintiffs are entitled to relief. As such, it fails to state a cause of action and should be dismissed as a matter of law.

## II. PLAINTIFFS' HEARSAY EVIDENCE SHOULD NOT BE CONSIDERED IN THIS MATTER

It is conceded that the Court may consider documents attached to a complaint, incorporated by reference or any documents relied upon which are integral to the complaint. See, Cortec v. Sum Holding, L.P., 949 F. 2d 42, 47 (2d Cir. 1991). However, this precedent does not include documents which are hearsay in nature or irrelevant to the issues at hand.

In an effort to defeat the pending motion to dismiss, the plaintiffs' opposition annexes two newspaper articles, letters pre-dating and not involving the tax assessment at issue as well as a non-party affidavit containing hearsay testimony. The first newspaper article involves Louis Terminello's campaign as a mayoral candidate. (Pl. Ex "C"). The second article is a newsletter from the New York State Office of Real Property Services which discusses condominium ownership in general. (Pl Ex. "C"). The Courts have been clear that newspaper articles may not be used to substitute or

2

clarify facts and they will not be considered. See, Holmes v. Gaynor, et al., 313 F. Supp.2d 345, 358 (S.D.N.Y. 2004)(Court rejects plaintiff's reliance upon a newspaper article as it constituted inadmissible hearsay); see also, Savino v. Lindsay, 340 N.Y.S2d 350, 352 (N.Y. Cty, 1972)(Court declined to consider newspaper article and stated it was hearsay and was not a substitute for facts).

Plaintiff also annexes a non-party affidavit which attests to a statement allegedly made by Brian Kenney. Such affidavit constitutes hearsay under Fed. R. Evid. 801 and does not fall under any exceptions to the rule. See, Kamen v. AT&T, 791 F.2d 1006, 1011 (2d Cir. 1986)(Hearsay affidavits may not be considered); see also, Morris v. City of N.Y., 2007 WL 632733 at *4 (S.D.N.Y. Mar. 1, 2007)(Affidavits containing conclusory or hearsay statements may not be considered on motion to dismiss). Lastly, plaintiff annexes letters dating from March 2001 to February 2003 which involve an assessment roll **not** at issue in this matter. (Pl Ex. "B"). These letters bear no relevance to the issue at hand; whether the complaint sufficiently pleads facts which entitle the plaintiff to relief. Simply, it does not.

As argued above, plaintiffs' exhibits are inadmissible and should not be considered as a matter of law.

### III. PLAINTIFFS' RELIED UPON CASES DO NOT RELATE TO THE FACTS IN THE INSTANT MATTER AND SHOULD NOT BE CONSIDERED

**A.  Plaintiffs' Equal Protection Claim as to Garbage Services**

In their opposition, the plaintiffs allege the tax assessment was unlawful as they are not receiving municipal services to justify an increase in their taxes. They also allege that their condominiums are taxed differently as opposed to other condominium owners in the Village and the sole reason for this disparity is to "punish" them for their pending tax grievances. Plaintiffs cite to

case law which do not support their conclusory claims.

To distinguish, in Juleah Co. v. Inc. Village of Roslyn, 56 A.D.2d 483 (2d Dep't 1977), the defendant originally provided the plaintiffs with refuse removal services. The defendant entered into a contract with a third-party in which there was a limit to garbage collections for apartment residents. The defendants, in turn, imposed an **additional** tax on the apartment residents to compensate for this limit. Under those circumstances, the Second Department held the additional tax, only imposed upon apartment residents, was an unequal assessment.

In Appelbaum v. Town of Oyster Bay, 81 N.Y.2d 733 (1992), there was a restrictive covenant between the plaintiffs and defendant in which garbage removal was the sole responsibility of the plaintiffs. There was an express provision in the covenant which stated that the defendant would not be asked, and did not intend to provide, such services. In spite of the covenant, the defendant imposed a specific tax for garbage services. Under those facts, the New York Court of Appeals found that the garbage tax was unreasonable. In Goldman v. Fay, 797 N.Y.S. 2d 731 (Civil Ct. 2005), the plaintiff was a purchaser of a condominium who sued the seller for a defect in the air conditioning system which in turn caused water damage in the plaintiff's apartment. The issue before the Civil Court dealt with a disclosure statement.

Clearly, the facts in Juleah, Appelbaum and Goldman do not relate to the plaintiffs' claims that the revaluation of the entire Village, which resulted in an increase of taxes for all Village residents, was unlawful, selectively done and specifically violated the plaintiffs' right to equal protection under the U.S. Constitution. Further, the plaintiffs conveniently omit from their opposition that they are receiving all municipal services with the exception of snow removal. Plaintiffs repeatedly refuse to convey their land over to the Village in order for them to perform such

4

service. They simply cannot fault the Village for not providing a service which, by statute, they are unable to do on private property. Plaintiffs fail to cite to any relevant authority to support their claims and, as such, their arguments hold no merit.

**B.     Equal Protection Claim as it relates to Real Property Tax Law**

Plaintiffs claim the assessment of their property, based upon its market value, is unlawful and is disparate as "other condominiums" are taxed under Real Property Law 339-y. What plaintiffs fail to put forth is that the "other condominiums" were originally built as residential buildings and were only converted to condominiums after the adoption of homestead prior to April 30, 1983. Pursuant to Real Property Tax Law §1901(13)(a)(2), any residential property which was not in a condominium form prior to April 30, 1983 are not to be included in the homestead class.

Section 19 provides that property held in condominium form prior to April 30, 1983 should be included in the homestead class unless the governing body adopted a law by December 31, 1983 to exclude them. Id. The plaintiffs property has always been held in condominium form. The fact that the other condominiums were converted to such after the adoption of homestead does not change its classification. The statute, contrary to plaintiffs contentions, is very clear in deciphering this difference.

Plaintiffs rely upon Foss v. City of Rochester, 65 N.Y.2d 247 (1985) to support their argument. To distinguish, Foss involves the City of Rochester's adoption of homestead and the subsequent revaluation of the plaintiff's property. The City of Rochester based its revaluation upon the proportionate shares of the properties prior to the adoption of homestead as opposed to the full assessed values of the properties. Id. at 258. As a result, the taxes imposed were not proportionate. The New York Court of Appeals found that Article 19, as applied in Foss, was unconstitutional. Id.

5

at 261. Of interest, the Court noted in their opinion that Article 19 was not an improper delegation of legislative authority and the governing body had a right to classify the properties as per the statute. Id. at 253.

Plaintiff also relies upon Verga v. Town of Clarkstown, et al., 137 A.D.2d 809 (2d Dep't 1988). The facts in Verga involve some of the towns in Rockland County, including the defendant, adopting Real Property Law Article 19. As a result, the plaintiffs were being taxed differently than those residents whose town did not adopt Article 19. The Second Department held that under those facts, Article 19, Real Property Tax Law 339-y and Section 305 resulted in unequal taxation and were "unconstitutional as applied." Id. at 809.

The facts in both Foss and Verga do not relate to the instant matter as the revaluation conducted by the Village was done across the board and, it cannot be emphasized enough, all residents were subject to the 100% property assessment. If the plaintiffs want to contest the validity of Article 19 or taxation as a whole, their gripe is with the State, not the Village. As such, they have failed to raise any claims against the Village and their complaint should be dismissed.

**C.   Due Process Rights**

Plaintiffs allege that they were denied their right to due process when the Village adopted Article 19 and imposed the 100% property assessment. Their argument has no merit as they were afforded adequate notice of the Village's intent to do the same. Notices were sent to the individual homeowners of the intent. A notice was placed in the local newspaper advising of a Village meeting and offering an opportunity to voice any concerns or grievances. There were public hearings held regarding the new assessment. These methods are acceptable under the law and there is no merit to plaintiffs complaint.

The cases relied upon the plaintiffs do not support their claims. To distinguish, <u>Resnick v. Town of Canaan</u>, 38 A.D.3d 949 (3d Dep't 2007), the article 78 petitioners claimed, and provided sufficient evidence to support, that not all property owners were subject to the tax reassessment. Based upon the sufficient evidence presented, the Third Department denied the Respondent's motion to dismiss. <u>Resnick</u> differs from the instant matter because the plaintiffs cannot offer any evidence or factual support which would lend an inference that there may have been selective assessments in this matter.

Plaintiffs also rely upon <u>Mullane v. Central Hanover Trust Co.</u>, 339 U.S. 306 (1950). The facts in <u>Mullane</u> involve a Surrogates' Court matter in which the plaintiff was appointed as a guardian ad litem for an estate in order to protect the interest of unknown beneficiaries. Clearly, the facts in the instant matter do not involve any trust funds or bank accounts and notice of the same.

Once again, plaintiffs fail to cite any relevant legal authority to support their claims. As such, there is no merit to their claims.

**D.     Retaliation under the First Amendment**

As discussed at great length in the Village's memorandum of law in support of their motion to dismiss, the plaintiffs have not pled any sufficient facts to show that they may be entitled to relief as a result of alleged retaliation for an exercise of their First Amendment rights. In their complaint, the plaintiffs originally stated that the retaliation was as a result of their pending tax grievances. In the inadmissible affidavit of Louis Terminello, they are now alleging that it is in retaliation to the fact that Mr. Terminello lost a mayoral election on the Republican ticket. They include an inadmissible and irrelevant newspaper article discussing Mr. Terminello's intent to run for mayor. They also rely upon a newsletter from the NYS Office of Real Property Services; again inadmissible

7

evidence. Further, they cite to cases which have no bearing to the issues at hand.

To distinguish, the facts of <u>Jackson v. NYS</u>, 381 F. Supp.2d 80 (N.D.N.Y. 2005) involve a claim under the Racketeer Influenced and Corrupt Organization Act (RICO) in which the plaintiff alleges he was "harassed" and subjected to "excessive force" and "false arrests" by the police as a result of an ongoing property dispute. At issue before the Court was whether the complaints to the police department constituted protected activity under the First Amendment. This case does not involve any tax assessments under Real Property Law.

Plaintiffs claim that <u>Jackson</u> supports their claim as Brian Kenney, a consultant for the Village, allegedly threatened them with the tax assessment in retaliation for the previously filed tax grievances. First, the plaintiffs cannot clearly expect that their conclusory claim of threats, directed at them, was the motivating factor for the Village to conduct a tax revaluation of all of its properties. Second, <u>Jackson</u> involves complaints made with the police department and an infringement upon the plaintiff's personal liberties via several arrests. Lastly, the plaintiffs fail to plead any facts to show that their rights were "chilled" as a result of the revaluation of all property in the Village.

Plaintiffs also rely upon <u>Towne House Village Condo., v. Assessor of the Town of Islip, et al.</u>, 200 A.D. 2d 749 (2d Dep't 1994). In <u>Towne</u>, the subject property was a residential property which was converted to condominium property. Upon the conversion, the defendant decided to just reassess the plaintiff's property; not any other property. Based upon those circumstances, the Second Department held that the assessment was selective and improper. <u>Id.</u> at 750. The facts in <u>Towne</u> differ from the instant matter as all properties were subject to a uniform reassessment; not just the plaintiffs' property. Further, the facts in <u>Towne</u> do not involve any claims of retaliation for exercising a First Amendment right.

8

As discussed at length above and in the Village's memorandum of law in support of their motion to dismiss, the plaintiffs' complaint must be dismissed as a matter of law.

### E. Conspiracy claims under Section 1985

Conspiracy claims brought under Section 1985 must contain specific factual allegations, not just conclusory or vague allegations of conspiracy. See also, Dove v. Fordham University, 56 F. Supp.2d 330, 337-338 (S.D.N.Y. 1999); see also, Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993). Further, the "conspiracy" has to be racially motivated or class based. There are no facts to support that the reassessment was based upon race or class. The plaintiffs only base their claim on the fact that Brian Kenney consulted on the revaluation. Clearly, they are grasping at straws in a meager attempt to defeat the within motion. Contrary to plaintiffs' belief, the mere fact that the Village retained a consultant to conduct its revalue and the plaintiffs' reliance upon hearsay statements or "threats" allegedly made by said consultant is not a "specific" factual allegation as required under precedential authority. Further, they cannot expect the Court to believe that the alleged threat supposedly directed at them, in turn created a grand scheme by the Village to tax all of its residents. Their opposition fails to cite to any cases in which would support their claims. As such, their claims under Section 1985 must fail.

### F. Plaintiffs' Monell Claims

Plaintiffs allege the revaluation of all property deprives them of a constitutionally protected right and, as such, supports a claim under Monell. The Village, as a governing body, has the right to impose taxes upon its residents in accordance with the law. Plaintiffs have not pled any facts to support that this right to tax its residents in turn is unconstitutional or infringes upon a constitutionally protected right. Conclusory allegations are not sufficient to establish a claim under

9

Monell. As such, plaintiffs' argument must fail as a matter of law.

## CONCLUSION

Based upon the foregoing, defendant VILLAGE OF PIERMONT respectfully requests that the plaintiffs' complaint be dismissed in its entirety with prejudice against the defendants and for any other remedy that this Court deems just and proper.

Dated: New York, New York
       May 1, 2008

                Respectfully submitted,

                **RUTHERFORD & CHRISTIE, LLP**

By: _/s/_____
      Lewis R. Silverman (LS 9723)
      Julie A. Rivera (JR 1817)
      Attorneys for Defendant
      The Village of Piermont
      369 Lexington Avenue, 8th Floor
      New York, New York 10017
      (212) 599-5799
      Our File No.: 1020.028

To:    Feerick Lynch MacCartney PLLC
       Attn: Dennis Lynch, Esq.
       Attorneys for Plaintiffs
       96 South Broadway
       South Nyack, New York 10960
       (845) 353-2000

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of DEFENDANT, THE VILLAGE OF PIERMONT'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' OPPOSITION AND IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT were served via regular mail to Feerick Lynch MacCartney PLLC, Attn: Dennis Lynch, Esq., Attorneys for Plaintiffs, 96 South Broadway, South Nyack, New York 10960 on the 1ST day of May, 2008.

**RUTHERFORD & CHRISTIE, LLP**

By: _____
Julie A. Rivera, Esq. (JAR 1817)