UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LOUIS A. TERMINELLO, MICHAEL MILLER,                    **ECF CASE**
PARADISE HOMEOWNERS ASSOCIATION,
HOA OF PIERMONT LANDING, REEDS &                        Docket #08 CV 01056 (WCC)
ABBOTTSFORD GATE CONDOMINIUM,
DeVRIES POINT CONDOMINIUM, and                          **AFFIDAVIT**
PARADISE HARBOR AT PIERMONT LANDING
CONDOMINIUM,

                            Plaintiffs,

        -against-

THE VILLAGE OF PIERMONT, NEW YORK
by its BOARD OF TRUSTEES AND TRUSTEES,
and "JOHN AND JANE DOES 1-10,"

                            Defendants.
-------------------------------------------------------------------x

STATE OF NEW YORK            )
                             )  *ss.:*
COUNTY OF ROCKLAND           )

        **DENNIS E. A. LYNCH**, being duly sworn deposes and says:

        1.      Your deponent is an attorney at law duly admitted to practice before the

United States District Court for the Southern District of New York.

        2.      Your deponent is associated with the law firm of Feerick Lynch

MacCartney PLLC, attorneys of record for the Plaintiffs in the above entitled action and,

as such, I am fully familiar with all facts and circumstances heretofore had herein.

        3.      This affidavit is respectfully submitted on behalf of the Plaintiffs in

opposition to Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as

converted by this Court's order dated July 2, 2008 to a Motion for Summary Judgment

pursuant to Fed. R. Civ. P. 56. This affidavit further objects to summary judgment

pursuant to Fed. R. Civ. P. 56(f) being granted to the Defendants and asserts Plaintiffs' right to discovery on that portion of the summary judgment motion.

4.      Annexed hereto and labeled as Exhibit "A" is a true and correct copy of the Memorandum In Support of Legislation pertaining to Real Property Tax Law §1903, New York State Session Laws Chapter 800 of 1983, from the New York Legislative Service's Governor's Bill Jacket.

5.      Annexed hereto and labeled as Exhibit "B" is a true and correct copy of New York State Office of Real Property Services, Opinions of Counsel SBEA ruling Volume 7, No. 85, obtained from www.orps.state.ny.us/legal/opinions/v7/85.htm.

6.      Prior to submission of the instant affidavit in opposition and pursuant to the Court's rules, your deponent requested permission to cross-move for partial summary judgment; copies of which are annexed hereto together with Defendants' responses to same collectively as Exhibit "C". Your deponent has not yet received a response from the Court in this regard.

7.      The Plaintiffs are unable to adduce the facts essential to filing opposition to Defendants' converted motion for summary judgment. More particularly, Plaintiffs require certain discovery including, but not limited to, (a) all facts and circumstances regarding July 16, 2004 and May 8, 2005 meetings where the Village's Consultant Assessor threatened to change the method of taxing condominiums in the Village from the income approach to the market sales if Plaintiff Terminello did not drop the tax challenges on behalf of the Plaintiff condominium owners; (b) all facts and circumstances regarding the Village's Consultant Assessor's conversation with Evelyn Picardi, resident of Paradise Harbor at Piermont Landing Condominium in or about January 2006; (c) all

facts, circumstances, conversations, memoranda, e-mail, instant messages, correspondence and notes regarding the actual intention underlying the Village and the Village's Consultant Assessor threat against the Plaintiff condominium owners as articulated at the July 16, 2004 and May 8, 2005 meetings; (d) all facts, circumstances, conversations, memoranda, e-mail, instant messages, correspondence, resolutions, and policies, and notes regarding the steps taken by the Village and the Village's Consultant assessor to carry out the threat against the Plaintiff condominium owners as articulated at the July 16, 2004 and May 8, 2005 meetings; (e) all facts, circumstances, conversations, memoranda, e-mail, instant messages, correspondence and notes regarding the Village's adoption of Local Law No. 7 of 2005 and the background thereof; (f) all facts, circumstances, conversations, memoranda, e-mail, instant messages, correspondence, policies, and notes regarding the activities and use of Village police to silence and chill Plaintiff Terminello's attempt to run for mayor by way of removal of his campaign signs; (g) all facts and circumstances surrounding Defendants' aggravated pattern of misuse of the taxing power to retaliate against Plaintiffs for merely exercising their Constitutional rights to Free Speech and to petition the courts; (h) all facts, circumstances, training, education, and policies surrounding methods and rates of taxation; and, (i) all facts, circumstances, and policies surrounding the provision of municipal services to Village residents of any kind of ownership.

8.    This recently commenced action was only removed to federal court on or about February 1, 2008. There is good cause for not having discovered these facts and materials earlier as no answers have been interposed by the Defendants to date and discovery has not yet commenced. The facts essential to opposing this motion are within

the Defendants' possession and can be assembled within a reasonable time. The facts would manifestly influence the outcome of the pending summary judgment motion as the foregoing material goes directly to the elements of the subject causes of action detailed in the Plaintiffs' memorandum of law.

9.    The Court is respectfully referred to the accompanying affidavit of Plaintiff Terminello dated April 15, 2008 and all Exhibits referred to therein; the declaration in opposition of Mary E. Brady Marzolla, Esq., dated April 15, 2008 and all Exhibits referred to therein; and Plaintiffs' Memorandums of Law dated April 15, 2008 and August 21, 2008 and the discussion of law contained therein.

10.    There is no response to Local Rule 56.1 statement interposed by Plaintiffs within the time frame set by the Court for further submissions as none has been received from the Defendants to date.

11.    Based upon the foregoing, and the accompanying Memorandum of Law, it is clear that the Defendants' motion should be denied in its entirety.

WHEREFORE, your deponent specifically asks for an Order denying Defendants' motion in all respects, and granting such other, further, and different relief, as the Court may seem just and proper.

/s/DENNIS E.A. LYNCH
Dennis E. A. Lynch (DL 6537)

Sworn to before me this
21st day of August, 2008

/s/ANNMARI DONOVAN
Notary Public

**ANNMARI DONOVAN**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 01DO4847762**
**Qualified in Rockland County**
**My Commission Expires April 14, 20_10_**

# EXHIBIT "A"

MEMORANDUM IN SUPPORT OF LEGISLATION
submitted in accordance with Assembly Rule III, § 1 (e)

S-600

S-600

☐ Memo on original draft of bill
☐ Memo on amended bill

(245)

Bill Number:  Assembly_____  Senate_____

Sponsors:  Members of Assembly:_____ M/A Barenberg _____

Senators:_____

Introduced at the request of_____

Title of Bill:   AN ACT to amend the real property tax law, in relation to the definition
of homestead class

Purpose or General Idea of Bill:   To treat all condominiums      residential property entitled
to homestead exemptions under S-7000-B

Summary of Specific Provisions:   This bill is a clarifying amendment to S-7000B.  It is made
necessary by an arbitrary SBEA ruling (7 Op. Counsel SVEA No. 85) to the effect that,
while condominium structure of one, two, or three units are homesteads and thus en-
titled to the homestead exemption, those condos with four or more units are not home-
steads and thus are not entitled to the exemption.

Effects of Present Law which This Bill would Alter:   Present law by SBEA counsel differentiates
between condo structures of three units and condos of four or more units, denying the
atter their obviously deserved homestead class exemption.  This bill would change the
definition of the homestead class to include all condominium units, regardless of their
architectural structure.

Justification: A residence which is owner-occupied is a homestead and deserves to be classed
as such, regardless of whether its walls stand on their own or are attached to other
owner-occupied condominiums.
          The only logical basis for classifying a residence as commercial property is
if it is one of four or more units which are rented out and therefore  profit-producing,
as commercial property usually is.
          It was never the intention of the Legislature to distinguish between one
owner-occupied residence and another owner-occupied residence on the basis of their
architectural structure.

000012

Prior Legislative History:     New bill

Fiscal Implications for State and Local Governments:     None

Effective Date:    Immediately

EXHIBIT "B"

# Office of Real Property Services

| Valuing & Assessing Real Property | Taxpayer Rights & Information | Tax Policy & Exemptions | Forms, Publications & Procedures | Equalization & Tax Levy Distribution | Related Sites |

## Opinions of Counsel

Volume 7: Opinions of Counsel SBEA No. 85

Homestead Class (cooperatives and condominiums)—Real Property Tax Law, §§581, 1901:

*A building or structure, used primarily for residential purposes, which houses one, two or three families is a member of the homestead class for purposes of Article 19, regardless of its form of ownership.*

With the enactment of Chapter 1057 of the Laws of 1981, New York State now provides for differential real property tax liability according to property type or class. In the case of "special assessing units", defined as any assessing unit with a population of 1,000,000 or more (RPTL, §1801 (a)), all real property is divided into four classes (RPTL, §1802(1)), with tax levies to be apportioned among those classes based upon class tax shares in 1981 (RPTL, §1803(1)). All other assessing units may elect to establish two classes of real property once they have been certified by the State Board as "approved assessing units" (RPTL, §1903(1)). Tax distribution in approved assessing units which choose this option will be based upon class tax shares immediately preceding revaluations (RPTL, §§1903(2), 1901(l),(b)).

Although the apparent intent of the Legislature was to minimize the possibility of inter-class tax shifts particularly to the residential class, not *all* residential property is treated alike under Articles 18 and 19. Furthermore, as between Articles 18 and 19, there are distinctions as to the classification of similar residential properties.

Under Article 18, residential real property is in either "class one" or "class two". Article 18 distinguishes between "all one, two and three family residential real property. . ." (included in "class one", as defined in §1802(1)) and "all other residential real property which is not designated as class one" (defined as "class two" by §1802(1)). Residential condominiums and cooperatives are placed in class two, since the definition of "class one" specifically excludes one, two and three family residential dwellings "held in cooperative and condominium forms of ownership."

In contrast, Article 19 makes no mention of condominiums and cooperatives. Rather, the "homestead class" is simply defined in section 1901(e) of Article 19 as:

all one, two or three family dwelling residential real property, including such dwellings used in part for nonresidential purposes but which are used primarily for residential purposes, and farm dwellings. Notwithstanding the provisions of paragraph (g) of subdivision twelve of section one hundred two of this chapter, a mobile home or a trailer shall not constitute a homestead for purposes of this article unless it is owner-occupied and separately assessed.

Membership in the homestead class, as is true of "class one", is thus premised upon two requirements: (1) the use of the real property must be solely or primarily residential (*see*, 9 NYCRR 190-4.1(j)); and (2) the property must be a "dwelling" for one, two or three families. However, unlike the Article 18 definition of "class one" which, as mentioned, specifically excludes condominiums and cooperatives from that class, Article 19 makes no reference to form of ownership in defining the "homestead class" of properties. As a result, we have received inquiries from several assessing units concerning the eligibility of condominiums and cooperatives for membership in the homestead

class. In requesting clarification and direction for purposes of classification (RPTL, §§ 1901(e), 1903 (7)), a number of possible resolutions of the issue have been offered, including:

     a. All residential condominiums and cooperatives qualify;

     b. No residential condominiums or cooperatives qualify;

     c. Each separately assessed condominium unit housing three families or less qualifies, but in the case of property held in cooperative form of ownership, only a structure housing three families or less would qualify;

     d. The physical structure, rather than form of ownership, is determinative and, therefore, only a structure housing three families or less qualifies (whether or not the structure includes separately assessed units, as would be the case in condominiums).

     We conclude that the first of these approaches is inappropriate because it would have the effect of rendering meaningless—as applied only to properties owned in the form of condominiums and cooperatives—the three family limitation set forth in the definition. We believe the second possibility should not be considered because had the Legislature intended such a result (*i.e.*, to exclude *all* condominiums and cooperatives) it would have undoubtedly used the same exclusionary language set forth in the definition of "class one" in Article 18. We find the third proposed solution unwarranted because it is premised upon a distinction grounded solely in form of ownership—a distinction neither expressed nor implied in Article 19. Thus, based upon the analysis which follows, it is our best judgment that the last of these possible solutions is the one most in keeping with the spirit of Chapter 1057.

     Based upon the otherwise virtual identity of the definitions of "class one" (§1802(1)) and "homestead class" (§1901(e)), we assume that the lack of an exclusion in Article 19 similar to that set forth in Article 18 means that the unique form of ownership of condominiums and cooperatives does not bar all such properties from homestead class membership. However, the plain language of section 1901(e) makes clear that the special benefits of the homestead tax rate are not available to all residential real property. (For example, multiple dwellings of four units or more and commercial properties with incidental residential uses are clearly excluded).

     In formulating the most appropriate interpretation of this law, it is important to iterate that the terms "condominium" and "cooperative'' refer to form of ownership rather than to the type of structure or the use of real property. A condominium has been described as "a form of fee ownership of living space within a building, together with a proportionate undivided interest in the common areas or elements of the land and buildings" (*Rothman v. Pelcher*, 89 Misc.2d 560, 392 N.Y.S.2d 536, at 537 (S.Ct., Nassau Co., 1977), *rev'd on other grounds and rem.*, 58 A.D.2d 812, 396 N.Y.S.2d 267 (2d Dept., 1977), *aff'd on rem.*, 49 N.Y.2d 954, 406 N.E.2d 802, 428 N.Y.S.2d 947 (1980)). In contrast, a cooperative is one in which "the co-operative corporation owns the land and the building. Shares in the corporation are sold to each 'owner', who in turn receives a stock certificate, not a deed to real property. The shares entitle the shareholder to a long-term 'proprietary' lease" (*State Tax Commission v. Shor*, 43 N.Y.2d 151, at 156, 371 N.E.2d 523, 400 N.Y.S.2d 805, at 807 (1977)).

     Condominium projects in New York are governed by the Condominium Act, Article 9-B of the Real Property Law, applicable to all projects for which a declaration submitting the project to the Article is executed and recorded (Real Property Law, §339-f(l)). Subdivision 13 of section 339-e of the Real Property Law defines a condominium "unit" as "a part of the property intended for any type of use or uses, and with an exit to a public street or highway or to a common element or elements leading to a public street or highway, and may include such appurtenances as garage and other parking space, storage room, balcony, terrace and patio." Each unit and its common interest is "deemed to be a parcel and. . .subject to separate assessment and taxation" (Real Property Law, §339-y(l)).

     There is no New York statute governing cooperative ownership equivalent to the

Condominium Act. Cooperative ownership involves "a partnership for the mutual benefit of co-operative owners expressed in corporate terms" (*Tompkins v. Hale*, 172 Misc. 1071, 15 N.Y.S.2d 854, at 857 (S.Ct., New York Co., 1939), *aff'd*, 259 App.Div. 860, 20 N.Y.S.2d 398 (1st Dept., 1940), *aff'd*, 284 N.Y. 671, 30 N.E.2d 721 (1940)). The cooperative form of ownership may be used to hold title to real property used for any purpose, including residential. However, share ownership in a cooperative is not the legal equivalent of ownership in fee simple of a family home:

> A cooperative apartment is not a one-family house or a two-family house. ... A person purchasing stock in a cooperative is not buying a house. He is buying shares in a corporation and contractual rights to occupancy of an apartment in a building owned by the corporation (*Danforth v. McGoldrick*, 201 Misc. 480, 109 N.Y.S.2d 387, at 389 (S.Ct., New York Co., 1951).

Whether a particular structure is "residential real property" and whether the structure is a "one, two or three family dwelling" are factual determinations to be made by the assessor. They should not be resolved based upon the form of ownership. There certainly can be and are condominiums with three or less residential units, just as there can be and are condominiums with four or more residential units. The same is true of cooperatives. And as with property type, these are factual determinations which must be made by the assessor.[*]

Several 1981 legislative enactments suggest that condominiums and cooperatives are to be treated alike for purposes of real property assessment and taxation. This is evidenced by the exclusion of condominiums and cooperatives from "class one" of Article 18 (RPTL, §1802(1)); the comparable limitations imposed upon the methods of assessing condominiums and cooperatives (RPTL, §581; *see*, 7 Op.Counsel SBEA No. 81); and their similar treatment under the small claims assessment review law.[**]

In defining the "homestead class" for purposes of Article 19, the Legislature did not refer to a "parcel", "unit" or similar term, which would have led to the conclusion that each separately assessed parcel or unit (*e.g.*, each residential condominium) might qualify as a "homestead". The homestead class includes "all one, two or three family *dwelling* residential real property including such *dwellings* used in part for nonresidential purposes, but which are used primarily for residential purposes, and farm *dwellings*" (§1901(e), emphasis added). Although "dwelling" is not defined in Article 19, it is defined in other statutes to mean a "building, structure or portion thereof" used for residential purposes (*see*, *e.g.*, Multiple Dwelling Law, §4(4); *see also*, Public Health Law, §1370(1); Penal Law, §140.00(3)). In no statute does the definition connote distinctions based on forms of ownership. Therefore, we believe the use of the word "dwelling" in Article 19 refers to the "structure", rather than to the form of ownership or the method of assessing property on the assessment roll.

Accordingly, it is our opinion that membership in the homestead class is contingent upon the property being improved by a building or structure used primarily for residential purposes and housing no more than three families.

October 6, 1982

[*] We are aware that in some multi-use structures, the entire residential portion, which may consist of many more than three apartments, is a single condominium unit. Such a unit obviously could not be in the homestead class since it is a dwelling for more than three families.

[**] While condominiums are specifically excluded from the category of real property eligible for small claims assessment review (*see*, §730(I)(b)), cooperatives are excluded by implication since the property must be "owner-occupied" (*id.*). Occupants of residential cooperatives own shares in the cooperative corporations; they do not own the real property which they occupy (*see*, *Danforlh v. McGoldrick*, *supra*).

NOTE: Chapter 800 of the Laws of 1983, effective April 30, 1983, redefined the "homestead class" in section 1901(e) to include "all other residential real property consisting of more than three

dwelling units held in condominium form of ownership", subject to the right of approved assessing units which adopted the homestead base pro-protion prior to April 30, 1983, to exclude these additional properties from that class.

Last Modified on: 11/27/2002 10:42:34

Privacy and Security Notice | Disclaimer | Copyright | Contact Us

Questions/Comments: nysorps@orps.state.ny.us

(518) 474-2982

Copyright 2008     All Rights Reserved

EXHIBIT "C"

# FEERICK LYNCH MacCARTNEY PLLC

## ATTORNEYS AT LAW

96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
———
TEL. 845-353-2000
———
FAX. 845-353-2789

DENNIS E.A. LYNCH
DONALD J. FEERICK, JR.
J. DAVID MacCARTNEY, JR.

MARY E. MARZOLLA✳
JENNIFER M. FEERICK+
PHYLLIS A. INGRAM
BRIAN A. KELLY✳
✳LICENSED IN NEW YORK AND NEW JERSEY
+LICENSED IN NEW YORK AND CONNECTICUT

August 6, 2008

<u>Via Facsimile: 914-390-4170</u>
HONORABLE WILLIAM C. CONNER
United States District Judge
United States District Court (S.D.N.Y.)
300 Quarropas Street
White Plains, New York 10601

> Re:    Louis Terminello, et al., v. Village of Piermont, et al.
>        Docket No.: 08 CV 01056

Dear Judge Conner:

We represent the Plaintiffs in the above reference matter. Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) was previously fully submitted by both sides. Subsequently, Your Honor directed that Defendants' motion to dismiss be treated as a motion for summary judgment under Rule 56 with further submissions by August 22, 2008.

In view of the foregoing and pursuant to Your Honor's rules, we respectfully submit this correspondence requesting permission to cross-move for summary judgment on the equal protection issue because of the following: (1) under Local Law No. 7 of 2005 and Real Property Tax Law §1903, similarly situated residential condominium properties are assessed and taxed unequally; (2) there is no rational basis for similarly situated residential condominium properties to be assessed and taxed unequally; and (3) the resultant classification between similarly situated residential condominium properties bears absolutely no relation to the purpose underlying either Local Law No. 7 of 2005 or Real Property Tax Law §1903.

Should the Court be inclined to grant our request for permission to cross-move for summary judgment on the issue of equal protection, kindly advise as to the briefing scheduled required by Your Honor and we will ensure our adherence to same.

Thank you for Your Honor's consideration of this correspondence. If you should have any questions or require anything further, please do not hesitate to contact our office.

Very truly yours,

Dennis E.A. Lynch (DL 6537)

DEAL/ad
cc:    Julie A. Rivera, Esq. (by fax: 212-599-5162)

## CERTIFICATE OF SERVICE

STATE OF NEW YORK           )
                                 )ss.:
COUNTY OF ROCKLAND     )

       I, Valerie Drummond, being sworn, says: I am not a party to the action, am over 18 years of age and reside at Garnerville, New York.

       On August 21, 2008, I served the within AFFIDAVIT OF DENNIS E. A. LYNCH, ESQ. WITH ANNEXED EXHIBITS, AND SUPPORTING MEMORANDUM OF LAW by placing same in an official depository under the exclusive care and custody of the Federal Express Overnight Mail Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

       RUTHERFORD & CHRISTIE LLP
       369 Lexington Avenue, 8th Floor
       New York, NY 10017
       Attention: Julie A. Rivera, Esq.

                              Valerie Drummond

Sworn to before me on the
21st day of August, 2008.

_Annmari Donovan_
       Notary Public

           **ANNMARI DONOVAN**
      **NOTARY PUBLIC-STATE OF NEW YORK**
          **No. 01DO4847762**
         **Qualified in Rockland County**
      **My Commission Expires April 14, 20_10_**