UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS A. TERMINELLO, MICHAEL MILLER, PARADISE HOMEOWNERS ASSOCIATION, HOA OF PIERMONT LANDING, REEDS & ABBOTTSFORD GATE CONDOMINIUM, DeVRIES POINT CONDOMINIUM, and PARADISE HARBOR AT PIERMONT LANDING CONDOMINIUM,<br><br>                    Plaintiffs,<br><br>            - v -<br><br>THE VILLAGE OF PIERMONT, NEW YORK by its BOARD OF TRUSTEES, *et al.*,<br><br>                    Defendants. | 08 CV 01056 (WCC)(DCP)[1] |

[Remanding to state court for want of subject matter jurisdiction.]

Dated: October 28, 2009

<u>Feerick Lynch MacCartney PLLC</u> (<u>Dennis E. A. Lynch</u>) for Plaintiffs.

<u>Rutherford & Christie, LLP</u> (<u>Julie A. Rivera</u> and <u>Lewis R. Silverman</u>) for Defendants.

**MEMORANDUM AND ORDER**

**POGUE, Judge:** This Order remands the captioned action to the Supreme Court of the State of New York, County of Rockland, for

---

[1] Judge Donald C. Pogue of the United States Court of International Trade, sitting by designation.

further proceedings.  The action is brought by condominium owners and associations of condominium owners (collectively "Plaintiffs") in Defendant Village of Piermont, County of Rockland, State of New York ("Defendant Village").  Plaintiffs originally filed suit in the state court.  Defendants removed the matter to this court on February 1, 2008.

Plaintiffs' action challenges Defendant Village's passage of a local law adopting Article 19 of the New York Real Property Tax Law.  Passage of this local law led to the reassessment of properties in Piermont, including Plaintiffs' properties, for the purpose of establishing real property taxes.  In addition to alleging claims under the New York State Constitution, Plaintiffs bring their suit pursuant to 42 U.S.C. §§ 1983 and 1985(c)[2]

---

[2] 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."); id. § 1985(3) ("If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.").

(2006)³, seeking declaratory and injunctive relief, as well as compensatory and punitive damages (V. Compl. 12-13), for alleged violations of Plaintiffs' rights under the United States Constitution resulting from Defendants' reassessment. (See id. ¶¶ 60-74). Specifically, Plaintiffs allege that Defendant Village, its Board of Trustees, and ten unnamed Defendants "who participated in the misconduct alleged" (V. Compl. ¶ 10) infringed Plaintiffs' rights to equal protection, due process, and freedom of speech, in violation of the United States and New York State Constitutions and 42 U.S.C. § 1983, as well as that Defendants conspired to do the same, in violation of 42 U.S.C. § 1985(3). (See id. ¶¶ 60-74).

Because, after careful consideration of the relevant authority and for the reasons expressed below, the court concludes that it is precluded by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341,⁴ and principles of comity from exercising subject matter jurisdiction over this case, Plaintiffs' suit is remanded to the Supreme Court of the State of New York, County of Rockland, for further proceedings.

---

   ³ All further citations to the United States Code are to the 2006 edition.

   ⁴ 28 U.S.C. § 1341 ("The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.").

3

## DISCUSSION

In <u>Fair Assessment in Real Estate Ass'n, Inc. v. McNary</u>, 454 U.S. 100 (1981), the United States Supreme Court reiterated the rule that the TIA "bars at least federal injunctive challenges to state tax laws," 454 U.S. at 105, 107, and that "declaratory judgments [in response to challenges to state tax laws] are barred on the basis of comity." <u>Id.</u>  The Court further held that "the principle of comity [also] bars federal courts from granting damages relief in such cases." <u>Id.</u> at 107.

In <u>McNary</u>, as here, the plaintiffs challenged the assessment of their real property taxes, pursuant to state law, alleging that such assessment "had deprived them of equal protection and due process of law by unequal taxation of real property." <u>Id.</u> at 105-06.  As here, the <u>McNary</u> plaintiffs sought compensatory and punitive damages. <u>Id.</u> at 106.  The Court noted that "the award of such damages would first require a federal-court declaration that [Defendants], in administering the state tax, violated [Plaintiffs'] constitutional rights," <u>id.</u> at 106-07, a declaration barred by the Supreme Court's decision in <u>Great Lakes Dredge & Dock Co. v. Huffman</u>, 319 U.S. 293 (1943). <u>McNary</u>, 454 U.S. at 113.  The <u>McNary</u> Court then set forth the general rule "that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts.  Such taxpayers must seek protection

of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in [the United States Supreme] Court." Id. at 116 (footnote and citations omitted).

The Second Circuit addressed this issue in Long Island Lighting Co. v. Town of Brookhaven, 889 F.2d 428 (2d Cir. 1989). In that case, as here, the plaintiff sought "declaratory, injunctive, and monetary relief because, it allege[d], the [real property] taxes imposed on [it] violate[d] the equal protection and due process clauses of the fourteenth amendment [to the United States Constitution]." Long Island Lighting, 889 F.2d at 430. The Second Circuit affirmed the district court's dismissal of the case for lack of subject matter jurisdiction. Id. at 433. The court explained:

> While it is the Tax Injunction Act that prevents federal courts from giving injunctive relief, or declaratory relief, as long as there is a plain, speedy and efficient remedy in state court, it is the principle of comity that prevents a taxpayer from seeking damages in a § 1983 action if a plain, adequate, and complete remedy may be had in state court.

Id. at 431 (citing Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503 (1981) (federal courts prohibited from granting injunctive relief in cases challenging federal validity of state tax laws); California v. Grace Brethren Church, 457 U.S. 393, 408-11 (1982) (federal courts prohibited from granting declaratory relief in

5

cases challenging federal validity of state tax laws); McNary, 454 U.S. at 116 (federal courts prohibited from granting monetary relief in cases challenging federal validity of state tax laws)).

In Long Island Lighting, as here, the plaintiff challenged the assessment of his real property tax pursuant to New York State law. Long Island Lighting, 889 F.2d at 430. The Circuit Court held that "[b]ecause New York provides several remedies which afford [Plaintiffs] an opportunity to raise all constitutional objections to the real property taxes imposed, both comity and the Tax Injunction Act bar access to federal court." Id. at 431-33 (listing New York State remedies available to taxpayers challenging the constitutionality of their real estate tax assessments under New York law); see also Kraebel v. N.Y. City Dep't of Hous. Pres. & Dev., 959 F.2d 395, 400 (2d Cir. 1992) (noting that in Long Island Lighting, the Second Circuit "reviewed the remedies available under New York State procedures to challenge real property tax assessments claimed to be improper, and concluded that they were, indeed, 'adequate'"). Likewise, here, New York State courts have the power and authority to adequately resolve Plaintiffs' claims. See Long Island Lighting, 889 F.2d at 430-33.

As in Long Island Lighting, the court is accordingly precluded from exercising its jurisdiction over Plaintiffs' equal protection and due process claims. See Long Island Lighting,

6

889 F.2d at 431; see also Hoffer v. Ancel, 32 F. App'x 593 (2d Cir. 2002) (same). The court is similarly precluded by the TIA and principles of comity from adjudicating Plaintiffs' claim of retaliation in violation of Plaintiffs' rights under the First Amendment, see McNary, 454 U.S. at 114-15 (declining to adjudicate Plaintiffs' claim of retaliatory assessment); see also Levy v. Pappas, 510 F.3d 755, 762 (7th Cir. 2007) (same), as well as Plaintiffs' claim of conspiracy in violation of 42 U.S.C. § 1985, see, e.g., O'Connell v. Town of Farmington, No. 02-CV-6205 CJS, 2004 WL 1698627, at *7-9 (W.D.N.Y. Jan. 21, 2004) (relying on Long Island Lighting to dismiss Plaintiff's claim of Defendants' conspiracy to violate Plaintiff's rights through improper tax assessment).

Therefore, because the court concludes that it lacks subject matter jurisdiction over Plaintiffs' federal claims,[5] the case is remanded to the Supreme Court of the State of New York, County of Rockland, for further proceedings. See 28 U.S.C. § 1447(c) ("If at any time [after removal and] before final judgment it appears

---

[5] See, e.g., Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("[B]y whatever route a case arrives in federal court, it is the obligation of [the] district court . . . to be alert to jurisdictional requirements. That obligation is equally applicable to cases initially filed in federal court and cases removed from state court to federal court." (citing, *inter alia*, United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004) (district courts have an "independent obligation to address [subject-matter jurisdiction] *sua sponte*" (internal quotation marks omitted)))).

that the district court lacks subject matter jurisdiction, the case shall be remanded.").

It is SO ORDERED.

_____
Donald C. Pogue, Judge[6]

Dated:    October 28, 2009
          New York, N.Y.

---

[6] Sitting by designation.